IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN<br>et al ,<br>*Plaintiff,*<br>-against-<br>ADM Investor Securities<br>Et al<br>*Defendants* | Case No:1:20:CV:03873-GHW-SDA<br><br>Related Case:  1:20:CV 03668<br>Related Case:  1:20:CV 03871<br><br>**RULE 15(a)(c) MOTION TO ADD DEFENDANT KADLEC AND TO ADD PLAINTIFF NEFERTITI RISK CAPITAL MANAGEMENT** |

## LETTER MOTION TO TRANSFER DEFENDANT KADLEC FROM 20-CV-03668 TO RELATED CASE 20-CV-3873 (Kumaran vs. ADMIS )

Dear Hon. Judge Stewart Aaron,

Pursuant FRCP Rule 15(a) and (c) and related to the correspondence and Court's Order dated January 6, 2021 Plaintiffs, jointly, respectfully move the Court that all claims, being brought against Defendant Tom Kadlec, in his individual capacity are transferred to proceeding related case 20-CV-03873. These claims are being brought in mostly his role as CEO of ADMIS (with private interests) but also simultaneously in his role on the NFA Board. Since Kadlec (as CEO of ADMIS) has acted solely with private and commercial interests, and jurisdiction for him is being asserted under both commercial statutes in regards to ADMIS, not just in his regulatory capacity, it makes more sense to file the Kadlec's claims together with ADMIS.

The Court's ruling on October 6, 2020 (ECF33 at 6) stated that for other Federal law claims, NFA and its officers are entitled to absolute immunity from private damages suits in connection <u>with the discharge of their regulatory responsibilities</u>. There was no decision or discussion related to <u>Kadlec in his private and commercial capacity</u>, who also did not appear in the motion for reconsideration and those claims were not briefed there. Therefore the private or commercial claims against Kadlec (in his commercial capacity) and related to ADMIS were not subject to the order. Plaintiffs have made the modifications for NFA and its compliance officers.

This would also avoid any further ambiguity or confusion in the Civil RICO claims, that are being asserted commercially against ADMIS' CEO Kadlec in his private interest capacity and not the NFA. For further clarification <u>Plaintiffs have no RICO claims against NFA or the other two compliance officers</u> and those claims are being brought against NFA under Section 22 in 20-CV-03668.  Plaintiffs therefore, to avoid any further confusion, seek to move the causes of action related to Kadlec's private and personal interests to the related case with ADMIS, which is currently case 20-CV-03873. This is also contributing to the page length issue in the combined civil and regulatory matters of Kadlec and would simplify the claims against the NFA.

## **Procedural Explanation**

Plaintiffs initially filed their claims against NFA and its compliance officers and a board member on May 8, 2020 and then filed their claims against ADMIS on May 18, 2020. However they had already included Defendant Kadlec (perhaps inadvertently because of his dual role) in the first original pleading with the NFA. Plaintiffs did not wish to duplicate his name on both filings and at the time did not realize there may be a problem, since they had intended to amend of right. Before Plaintiff had a chance to serve and amend, on July 2, 2020 the Court had dismissed the claims related to the 20-CV-03668 proceeding and the motion went into reconsideration, which had also included the Kadlec claims. It was noted that Kadlec did not make an appearance or assert any arguments in reconsideration. Because the Court ordered amendment of right against ADMIS under Rule 15 in 20-CV-03783 on September 29, 2020 and by that date the Court had also not yet ruled on the Motion for Reconsideration which was issued on October 6, 2020, Plaintiff file its amended complaint against ADMIS alone without knowledge of how the Court would rule on the NFA case.

Again Plaintiffs did not want to sow confusion by duplicating Defendant Kadlec's name on both proceedings it went ahead and filed its September 29, 2020 complaint against ADMIS only without adding him as a party, as it was still waiting for the ruling on the motion for reconsideration on the 20-CV-03668 case. It was not until after filing on October 6, 2020 and October 24. 2020 that the Court ruled on the reconsideration motion. Because Defendant Kadlec has dual roles as CEO of ADMIS and NFA Board Member it also raised confusion in combining the commercial interests claims of Kadlec (Civil RICO) with the regulatory claims regarding the NFA under Section 22.

As such, because Plaintiffs have separate and distinct private interest and commercial interest claims against Tom Kadlec, which are being brought both in his private capacity as CEO of ADMIS as well as his dual role on the NFA, to avoid further confusion on this issue, Plaintiffs respectfully seek leave to file the Amended Complaint against Defendant Kadlec in related proceeding 20-CV-3873 and transfer this Defendant.

In addition, this would also resolve some of the issues with Complaint length, as many of the commercial ADMIS claims were RICO or Federal claims still being included which are more related to ADMIS. Accordingly, streamlining the ADMIS related claims to 20-CV-3873 and separating them from the NFA Regulatory claims would also make a difference to the page count. It is for this reason, there may have been confusion in letter correspondence with the Court on January 6, 2021 as the claims which are rightfully in being pled against private actor Tom Kadlec, individually, are related to ADMIS only, and not the NFA, which are the civil RICO claims, for which Plaintiffs have a commercial and civil action.

We apologize for the confusion in Wednesday's letter, but wanted to bring clarity to the issue as it was broached in correspondence. Further this would increase inefficiencies if this is cleared up prior to filing next week. It also brings further explanation to the page length and why Kadlec's ADMIS related commercial RICO claims were being commingled or added to the NFA matter. If they are removed that would continue to streamline this issue.

## No Prejudice

Changing case number is a technical issue and in no way prejudices either party or Defendant Kadlec as he has been fully appraised of the claims, and has had full notice as they timely filed on May 8, 2020. This is a technical adjustment. Further, counsel for ADMIS are the same as counsel for Defendant Kadlec, so it may greatly expedite or increase efficiencies for the Court having one counsel related to both ADMIS and Kadlec in the same case 20-CV-03873.

This also would relieve burden on the Court in distinguishing the commercial and private interest claims. It would also provide explanation on the confusion of the RICO claims and why there is an overlap between some of the ADMIS claims still continuing to exist in the NFA amendment.

Therefore with consent of the Court, Plaintiffs hereby respectfully request that the filing of the amended complaint claims against Defendant Tom Kadlec be added to 20-CV-3873 in his commercial capacity and this would remove all the combined pleadings of RICO in the related NFA 20-CV-3668 matter. In the alternative, Plaintiffs could filed two separate complaints (with substantially similar facts) in 20-CV-3668 whereby the commercial claims against Defendant Kadlec remain in the NFA case.

### MOTION FOR LEAVE TO ADD NRCM AS A PARTY IN 20-CV-3873 TO EXISTING ADMIS RELATED CLAIMS AND FIRST AMENDED COMPLAINT (ECF15)

Second, in accordance with FRCP 15(a) Plaintiffs also seek leave to add NRCM to a party in the existing First Amended Complaint (20-CV-3873, *ECF15*) against ADMIS. Plaintiffs have asserted and continue to assert that all the claims genuinely belong directly to Kumaran, as Kumaran is sole owner of the trade secrets and owns the IP rights and remains a CTA. Further supporting argument is that NRCM is dissolved and the ADMIS agreement directly contemplates that Kumaran as successor-in-interest is entitled to enforce as successor to the Agreements. The Court should note that several of the account opening and operating documents, specifically the ones in dispute, were opened in Ms. Kumaran's individual name  (*See* Attachment 2). It is also of note in ECF37.2 that the agreement signed by Kumaran makes no reference to NRCM on the customer agreement signature page. To the extent there is ambiguity in the names on the contract, and clearly Kumaran's name also appears as the "customer name" any ambiguities in the contract are construed against the drafter – in this case ADMIS.

Second Circuit law states it is well settled law that any ambiguity in contract language must be construed against the party that drafted the contract. Computer Assocs. Int'l, Inc. v. U.S. Balloon Mfg. Co., 10 A.D.3d 699, 700, 782 N.Y.S.2d 117, 119 (2004) In cases of ambiguity, a contract must be construed most strongly against the party that prepared it, and favorably to a party that had no voice in the selection of its language (*see Lai Ling Cheng v. Modansky Leasing Co.*, 73 N.Y.2d 454, 541 N.Y.S.2d 742, 539 N.E.2d 570 [1989]; *67 Wall Street Co. v. Franklin Natl. Bank*, 37 N.Y.2d 245, 371 N.Y.S.2d 915, 333 N.E.2d 184 [1975]).  "In choosing among reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds" (Restatement [Second] of Contracts § 206; *see* \*\*488 *also Rentways, Inc. v. O'Neill Milk & Cream Co.*, 308 N.Y. 342, 126 N.E.2d 271 [1955]). A contract is ambiguous when its terms are reasonably susceptible to two or more interpretations (*see Diodato v. Eastchester Dev. Corp.*, 111 A.D.2d 303, 489 N.Y.S.2d 293 [1985]). Thomas v. Jordan, 66 Misc. 3d 54, 56, 116 N.Y.S.3d 486, 487–88 (N.Y. App. Term. 2020)

As clear example of ambiguity or drafting error, even the contracts supplied by Vision in their MTD (20-CV-3871 ECF37.2), NRCM's name does not even appear on the signature forms, demonstrating the only name on the customer agreement signature papers is that of Ms. Kumaran that do not even bear reference the company name or state legally "by and between". Therefore it is arguable, that since the forms were indicating a sole-proprietor Kumaran genuinely thought the contracts were as a sole-prop. (*See* also Attachment 1) Eitherway NRCM's added as a Plaintiff does not in any way impact the facts, timeline or allegations in the Complaint.

To the extent that some of the contracts, including the trading platform contracts were solely in Ms. Kumaran's individual name as a CTA, as the customer, Kumaran and not NRCM is a party to those agreements, signed by Lazzara. (*See* Attachment 2). The Court is therefore required to uphold the contracts as signed and if errors were made by Lazzara and/or ADMIS as to who was party to the agreements, those errors are construed against the drafter. It is basic rule of law that a contract's terms are interpreted against the drafter (*Jacobson v. Sassower,* 66 N.Y.2d 991, 499 N.Y.S.2d 381, 489 N.E.2d 1283 [1985]; Calamari, Perillo Contracts 3d ed., § 3–13, citing Restatement Second, Contracts § 206). It is not the role of the court to remake a bargain entered into because of mistake. 1152 First Ave., LLC v. MNY Holdings Assocs., LLC, 4 Misc. 3d 925, 929, 782 N.Y.S.2d 512, 515 (Civ. Ct. 2003), aff'd, 5 Misc. 3d 131(A), 798 N.Y.S.2d 714 (App. Term 2004)

Therefore there is clear argument that both Kumaran, if not Kumaran individually was the party to at least some of the agreements (*See* Attachment 2) with Kumaran equally able to enforce the agreements. ADMIS have admitted in their pleadings little distinction in that both Kumaran and NRCM are parties, arguing the arbitration clause applies to both. This further supports that adding NRCM's name does not change the substantive allegations and ADMIS has been aware of the claims since May, 8 2020. These arguments also support no prejudice to the addition of the name.

### No substantive changes, one Minor Typographical Change

Other than minor typographical errors, Plaintiffs do not seek to make any other changes as there are no substantive changes. We did note specifically a reference error in the Civil Rico Claim ¶323 (Count XVI) which referenced Exhibit 12 instead of Exhibit 6. Since ADMIS have in their possession Exhibit 6 this change adds no new facts or allegations being added. We would however like to take notice that ¶323 should state Exhibit 6 and not Exhibit 12. Other than changing this reference number, there is no other change to any of the allegations.

### No Prejudice to ADMIS

Finally, since ADMIS have filed a motion to compel arbitration on December 1, 2020 (ECF20), they can also not argue prejudice in this addition as they have not yet answered or moved to dismiss this Complaint. In fact this will only benefit ADMIS, as in their motion to compel arbitration, arguably the only supposed arbitration agreement was between NRCM and ADMIS (and not Kumaran and ADMIS). Therefore this would help, and not hurt ADMIS. As argued *supra*, ADMIS in their motion used Kumaran and NRCM interchangeably – therefore they have already appeared to include both parties in their response. Since ADMIS have been on fair notice of the claims since May 18, 2020 and as clearly in their response they fully contemplated both parties and they have already pled arguments for both.

However to avoid any perceived prejudice (for instance if ADMIS need more time to respond or add additional arguments) Plaintiffs are more than willing to grant ADMIS any additional time to update their MTD - which was in fact a Motion to Compel Arbitration – to reflect this change should it be deemed necessary. We have no objection to ADMIS amending or updating their motion to compel ECF20. We also provide notice that both Kumaran and NRCM both will vigorously oppose their motion as it is judicially estopped and will move to strike the motion to compel arbitration.

### LEGAL SUPPORT

Legal support is given as there is no "new information" or "new fact pattern" here, especially since NRCM has been dissolved. Federal Rule of Civil Procedure 15(a) provides that where, as here,

only if an answer to the complaint has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision as to whether to grant leave to amend a complaint under Rule 15 falls within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). But that discretion must be exercised keeping in mind that the mandate to freely permit amendments "is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "This liberal policy of granting amendments is based in part on the belief that <u>decisions on the merits should be made whenever possible</u>, absent countervailing considerations." *Gregg Communications Systems, Inc. v. American Telephone and Telegraph Co.,* 98 F.R.D. 715, 720 (N.D.Ill.1983); *see also Schiavone v. Fortune,* 477 U.S. 21, 27, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) ("the spirit and inclination" of the rules favors decisions on the merits, and "reject[s] an approach that pleading is a game of skill in which one misstep may be decisive"); *Foman,* 371 U.S. at 181, 83 S.Ct. 227 (decisions on the merits are not to be avoided on the basis of "mere technicalities"); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1471, at 505–06 (2d Ed.1990) ("the Rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities"). Olech v. Vill. of Willowbrook, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000)

     Plaintiffs in this regard are not seeking to amend the complaint, but simply add NRCM as a party to the existing pleading without changing the substance of the Complaint.(*ECF15*). As stated supra since ADMIS have not yet answered the Complaint and merely asserted a Motion to Compel Arbitration (in which they interchangeably used Kumaran and NRCM) – which both Plaintiffs vigorously dispute - there would be no prejudice or impact whatsoever. Further to the extent there is arbitrability, ADMIS have in fact asserted that the contract is with NRCM (and not Kumaran) – though that is a disputed fact as many of the agreements are in fact in Kumaran's individual account names. Nonetheless ADMIS argument of arbitrability is more sensibly brought if both Kumaran <u>and</u> NRCM are parties to the Amended Complaint, and this should in fact benefit their argument not prejudice it. This additionally will also relieve burden and increase efficiencies on the Court in both Kumaran and NRCM together arguing against arbitrability (which we object to).

     According to ADMIS, the only arbitration was between NRCM and ADMIS (and not Kumaran) and the existing arbitration which has been stayed is only by and between NRCM. Therefore judicial efficiencies alone serve resolution on the merits by including NRCM in the current pleadings and motion practice ( See Supra Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1471, at 505–06 (2d Ed.1990) decisions on the merits are not to be avoided on the basis of "mere technicalities");

     In addition legal support exists pursuant to FRCP 15(c) Plaintiffs seek that NRCM's claims, to the extent they exist, relate back to the original filing date of May 18, 2020. As is generally the case with amendments to the pleadings under Rule 15, the "relation back" doctrine set forth in Rule 15(c) is also to be liberally applied. *See, e.g., Staren v. American Nat'l Bank and Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976) (noting that amendments under Rule 15(c) should be freely allowed); *Pucci v. Litwin,* 828 F.Supp. 1285, 1296 (N.D.Ill.1993) (Rule 15(c) is to be liberally construed). Rule 15(c) and its relation back doctrine are "intimately connected" with the policy underlying the statute of limitations. *Paulk v. Department of Air Force, Chanute Air Force Base,* 830 F.2d 79, 82 (7th Cir.1987) (*quoting* Advisory Committee Notes to the 1963 Amendment to Rule 15). The relation back doctrine seeks to balance the policy of facilitating resolution of claims on the merits, which is effectuated by liberally permitting amendment of pleadings, and the policy underlying statutes of limitations—to guarantee "essential fairness" to defendants by ensuring that they receive

notice of claims within a reasonable time, and thus are not impaired in their defense by evidence that is lost or diminished in its clarity because of the undue passage of time. *See U.S. ex rel. Koch v. Koch Industries, Inc.,* 188 F.R.D. 617, 628 (N.D.Okla.1999).

Since NRCM was on the original filing, and Defendant ADMIS has been on full notice of its claims there is no prejudice to them in having adequate notice of what claims are being brought and their ability to respond.

To that end, Plaintiffs respectfully seek leave to add NRCM's name to an identical complaint to (ECF15), and one paragraph in Parties to define NRCM, and changing Plaintiff to Plaintiffs (plural) and correcting the typo reference found in ¶323, with relation back to the original filing date of May 18, 2020. To avoid any perceived prejudice to ADMIS, Plaintiffs are more than willing to grant them whatever time or extension should they need to update their motion to compel Arbitration, should they feel it necessary - which we believe already addressed <u>both</u> Kumaran and NRCM.

## Conclusion

In conclusion the case 20-CV-03873 being streamlined to be Kumaran and NRCM vs ADMIS and Kadlec, both CEO's of each entity and both related to the same commercial dispute, makes much more sense in this case for resolution by the Court. This claims related to Tom Kadlec related to a commercial dispute between the two companies and the claims belong together in one proceeding.

We apologize for any technical confusion that may have been cause by Defendant Kadlec, being included first in 20-CV-03668 due to his dual role in the NFA, but as this proceeding has evolved, and now Counsel is involved, it appears that may have been a technical error in choice of filing. Finally Plaintiffs remind the Court, the initial complaints were filed Pro-Se during the first Coronavirus shutdown by Governor Cuomo in NYC where the NYLAG and Pro-Se intake offices were closed.  Where ordinarily these questions may have been addressed in the intake-office - Plaintiffs filed with little guidance on some of these details - that could have included Kadlec in the outset in the ADMIS complaint.

As stated above no prejudice will ensue and will permit the Court to adjudicate the case on the merits and not on technicalities. *See* Wright, Miller & Kane, Federal Practice and Procedure § 1501 at 154–55 (2d ed.1990). A technical change in case number does not impact the merits.

This will also impact the filing of First Amended Complaint against the NFA, and remove the RICO claims which were commercially intended against CEO/Admis.

Thank you.

Respectfully submitted
//SSK//                                                                                    //BMA//

Samantha S . Kumaran                                               Brian August, Esq
Pro Se Plaintiff                                                            AugustLawNYC
                                                                                    100 Willoughby Street 9E
                                                                                    Brooklyn, NY 11201
                                                                                    (917) 664-4465
                                                                                    bmaugust61@gmail.com
                                                                                    www.augustlawnyc.com
                                                                                    *Attorney for NRCM*