May 7, 2021

Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Kumaran vs. ADM Investor Securities, 1:20-Cv-03873-GHW-SDA

LETTER MOTION FOR REPLY TO CROSS-MOTION / OR SUR-REPLY /
OR MOTION TO STRIKE NEW ARGUMENTS

Dear Judge Aaron,

Plaintiff writes related to the pending Motion to Compel Arbitration and Cross Motion to Prevent Arbitration. As was documented in Related Case 20-CV-3871 ECF6, Plaintiffs have been overloaded and involved with motion practice in related case and had expressed a concern in overlapping deadlines and are behind in schedule (20-CV-3871 - ECF61). Only this last week Plaintiffs had a chance to finally review in detail ADMIS reply motion which was filed on April 19, 2021. (3873 - ECF41). Parallel scheduling is documented in 20-CV-3871 *ECF*60 – Motion to Intervene dated April 20, 2021, *ECF*61 letter dated April 20, 20211, Meet and Confer dated April 24, 2021, *ECF*67 Joint Letter dated April 27, 2021, conference dated April 30, 2021. Also Plaintiff reached out to ADMIS on May 3, 2021 and May 4, 2021(See attached **Exhibit D**). to see if they could reach resolution. Their response is also attached. Plaintiff thus writes to the Court for relief as follows.

Plaintiffs hereby notice the Court that they have reviewed ADMIS Reply motions and have noted they contain several pages of exhibits (*ECF*44.1, *ECF*44.2, and *ECF* 44.3) of "boilerplate" objections under the Federal Rules of Evidence (FRCP 803) which Plaintiffs assert are impermissible and procedurally improper as Plaintiffs have not had an opportunity to counter. Further Plaintiffs have noted that the "Reply" filed (*ECF*44) contains *multiple* new facts as well as impermissible legal arguments which were clearly raised for the first time in reply. Plaintiffs respectfully move to strike or in the alternative seek leave to reply to them. It is well accepted by the Courts that, generally, "a court should not consider arguments that are raised for the first time in a reply brief." *Clubside, Inc. v. Valentin, 468 F.3d 144, 159 n.5 (2d Cir. 2006) (Sotomayor, J.)* It is also settled, that arguments raised for the first time in replying in further support of a motion are generally deemed waived. *See Connecticut Bar Association v. United States of America,* 620 F.3d 81, 91 n. 13 (2d Cir.2010) (citing *Norton v. Sam's Club,* 145F.3d 114 (2d Cir.1998)). Notably on Pages 17-25, directly mostly at Kumaran individually, ADMIS have used the reply with new legal arguments specifically to prejudice Plaintiffs from having an opportunity to respond and this is inequitable. Plaintiffs either have the right to reply/sur-reply or seek to move to strike.

For example without limitation, ADMIS introduce on Pg.21-22, arguments of Estoppel for the first time in Reply clearly omitted from their Motion to Compel, citing to *Life Technologies Corp. v. AB Sciex Pte. Ltd*., 803 F.Supp.2d 270, 271 (S.D.N.Y. 2011). A clear read of ADMIS' motion to compel shows they **waived this argument as it was never raised in their motion to compel**. Now having waived this argument in their Motion, ADMIS are not permitted to now raise for the first time an estoppel argument, without affording Plaintiffs the chance to respond. ADMIS through its counsel have engaged in this procedural inequity before in the G&F Agreements, where new (disputed) facts were raised in the first time for Reply, and this led to lengthy reconsideration motion practice. Therefore it is prejudicial for them to argue in Reply with new legal theories. Courts have expressly held that the movant (ADMIS) has waived this argument. *ABN AMRO VERZEKERINGEN BV v. Geologistics Ams., Inc.,* 485 F.3d 85, 97, n. 12 (2d Cir.2007) ("We decline to consider an argument raised for the first time in a reply brief"); *Clubside, Inc. v. Valentin,* 468 F.3d 144, 160 (2d Cir.2006) ("we generally do not consider arguments that are raised for the first time in a reply brief"); *Patterson v. Balsamico,* 440 F.3d 104, 114 (2d Cir.2006) ("He did not, however, raise this issue in his initial brief. This Court generally will not consider arguments raised for the first time in a reply brief"); *Duryea v. County of Livingston,* No. 06–CV–6436T, 2007

WL 1232228, at *6, 2007 U.S. Dist. LEXIS 30908, at *20 (W.D.N.Y. Apr. 26, 2007) ("the fact that defendants raised a new issue in their reply brief is improper practice"). Fisher v. Kanas, 487 F. Supp. 2d 270, 278 (E.D.N.Y. 2007), aff'd, 288 F. App'x 721 (2d Cir. 2008). Under the strict guidance of the rules, since ADMIS did not raise that argument in their Motion to Compel, they have waived their right to raise it in reply. This is a new impermissible argument that **Plaintiffs rights are being prejudiced here in not having any ability to respond**.

The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs **may not be considered**. See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief."). A court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief **the opposing party may not have an adequate opportunity to respond to it**." *Sacchi v. Verizon Online LLC, 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015) (citations omitted).* There are multiple new arguments in Pages 18-25 that have been raised without Plaintiffs ability to respond – including for instance disputing the arbitrability of claims. (*see* e.g. wrongly inserting for the first time Tortious Interference is related to a customer agreement, when they incorrectly exclude all arguments related to Vision Investment Advisors, and NAM which did not even exist, and was not even brought in the original Arbitration). These are materially disputed facts. Further as a CTA, Associated Person, and owner of trade secrets, and risk management service provider, that is not a party to the ADMIS Arbitration Agreement, Plaintiff has Article III standing to asserts its own claims independently and individually. Other new legal argument includes "Breach of Duty of Care – ADMIS argues for the first time in Reply, they could only owe a duty to the customer. This is clearly incorrect as case law shows direct privity to the CTA and this duty was owed to both NRCM and Kumaran. Even so, this is not a Motion to Dismiss where ADMIS can attempt to "dismiss" Kumaran's individual claims in a Reply brief to deny Arbitration. Kumaran is still entitled to bring its individual claims, which it does have in this jurisdiction. Plaintiff therefore respectfully moves **to strike all new arguments raised in reply.**[1] In the alternative Plaintiffs seeks leave to be able to counter the disputed statements and objections.

*Second*, there are dozens of *new* disputed **facts** in the "Reply" motions. A Motion to Compel Arbitration is held to the same standard as a Summary Judgement motion. The Court must evaluate a motion to compel arbitration pursuant to the Federal Arbitration Act (the "FAA") under a standard similar to that for a summary judgment motion. *See Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)"If there is an issue of fact as to the making of the agreement for arbitration**, then a trial is necessary**." *Id.* (citing 9 U.S.C. § 4). ADMIS have impermissibly used their "Reply" to pack the Court with their version of new facts -and none of them have been agreed to and are disputed.

Since the Court has not requested a statement of material facts, and/or a statement of non-disputed facts or statement of genuine disputes as is customary under a Rule 56 standard, it would be highly prejudicial to Plaintiffs, to permit ADMIS to submit a one-sided set of their own facts in Reply. Further, without consultation, they incorrectly state "Plaintiffs do not dispute the Material Facts". (*See* Reply at 1). But this is incorrect and false. Plaintiffs *do* dispute material facts, and have not submitted their own material facts and statement of genuine disputes. Further ADMIS is not permitted to add its own statement of material facts **in Reply**. Plaintiffs who have the burden of proof to not be able to send in their Statement of Undisputed Facts and Statement of Material Facts, and Statement of Genuine Disputes. ("[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."); *Application of Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 342-43 (S.D.N.Y. 2014) ("Whether it argues that arbitration is improper because the arbitration agreement is invalid under a defense to contract formation, or asserts that the arbitration contract does not encompass the claims at issue, either way, the resisting party shoulders the burden of proving its defense." (internal quotation marks omitted)). "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but **must submit evidentiary facts showing that there is a dispute of fact to be tried**." *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995) Citadel Servicing Corp. v. Castle Placement, LLC, 431 F. Supp. 3d 276, 283–84 (S.D.N.Y. 2019)

---

[1] ADMIS cannot use a Reply to ignore the clear drafting in the Arbitration Agreement, that only bound NRCM as a customer to Arbitration, and not any affiliates, owners, representatives, CTA's, Associated Persons, directors, third parties, or others.

Because ADMIS have again made untruthful statements in Reply (for example for the first time arguing in Reply NRCM owns trade secrets - which it does not) this is particularly harmful to Plaintiffs who have the burden of proof. Not only did ADMIS fail to argue this in their outgoing Motion to Compel, they enter a disputed fact in Reply which contradicted facts in the Verified FAC that states expressly that Kumaran is sole owner and shows that it is impossible. *VFAC*.3873 ¶26-¶56 Plaintiffs must be afforded the opportunity to reply to this, or move to strike. As is clearly seen, for the first time in Reply at 18 (*See* Footnote), ADMIS introduces *new* facts, selecting cherry-picked quotes from the NFA Arbitration to dispute ownership of Plaintiff's trade secrets. Not only is this procedurally impermissible as ADMIS were obligated to raise all disputed facts in their outgoing motion – they cannot now raise disputed facts without an evidentiary hearing and/or permitting Plaintiff to reply (or allow the Court to rule on disputed facts). Further, these facts are incorrect, and exclude other material facts in the NFA Arbitration. By ADMIS own admission, the program was cost $1,000,000 in labor and development, but ADMIS then selectively omit the other facts that built over decades and was originally developed for an Kumaran's other company called Timetrics. The NFA Complaint is replete with facts related to Timetrics (a separate risk management and software company, which directly competes with High Ridge) owned by Kumaran in NYC **since 1993** that has nothing to do with the NFA. (*See* Kum. Opp at 14-15, 38,). The facts show that NRCM was only formed in December 2015 and all the non-disputed facts, are that STORM (through Kumaran and Timetrics) existed well-prior to the formation of NRCM. The facts show NRCM did not pay to develop or build or invent the programs, and *their was no assignment of ownership to NRCM*. (*See V*FAC ¶48,¶49,¶51).

The word "of" does not mean "ownership" but was used in the context of use of or license of. The facts also show that Kumaran is the **sole author, owner and inventor the IP** and subsequently *licensed* to NRCM and all Nefertiti entities rights to use and profit from her *individually owned* IP. ADMIS omission of key facts, is they don't want Timetrics (the NYC S-Corporation since 1993 is the risk advisory and software company) brought into this case, as Timetrics has nothing to do with the NFA, and that would void all their Arbitration attempts. Therefore ADMIS can't cherry pick facts. ADMIS manipulation of the *actual words* in the Arbitration admit the program was built over ten years and in the case of risk management program through Timetrics over 20 years. If NRCM was formed in December 2015, and the risk management and trade secrets cannot be "owned" by an entity that did not even exist, pay for them or develop them. Further this is procedurally improper to raise all these new disputed facts in Reply. The FAC is clear that Kumaran, individually, is the author, inventor and owner of the trade secrets. If the Court was to rule on ownership, the only plausible other rights owner is The A Star Group, Inc d/b/a Timetrics which is mentioned throughout the NFA Arbitration which would again void any motion to compel arbitration as (i) this entity is not a party to any Arbitration agreement (ii) this entity is not only exempt from NFA Rules, but also is well outside the scope of any clearing arrangement with NRCM. Timetrics is a separate software and risk company owned and controlled by Kumaran but not an NFA member that has directly competing risk management services and software that ADMIS also alleged to have infringed for transfer to High Ridge. (*See* V.FAC ¶188, ¶227, ¶30, ¶180-¶188).

Further under the standards of Summary Judgment (which materially could infringe Plaintiffs legal rights) an evidentiary trial is needed to resolve the issues of disputed facts which the Court has not yet reviewed. ADMIS has introduced both "new" facts, and "disputed" facts in Reply only. Plaintiffs respectfully seek leave to respond and counter "new facts" raised in reply, and to not adopt proper factual resolution without trial, and to dispute the multiple new statements now added in Reply by ADMIS. Since this is an evidentiary hearing standard, ADMIS are seeking to create a ruling unfavorable by other procedural unfair advantage and the Court has to resolve these facts. (**Exhibit A is a partial list of more new and disputed facts** in ADMIS's reply that were raised for the first time.) Likewise, ADMIS omits the material facts on arbitrability of claims – omitting for instance the material facts that the NFA Arbitration, had no claims whatsoever related to Vision Investment Advisors and Plaintiffs had never even heard of the SSP program which are events that happened after. The entity including NAM and NHC were not even formed and Plaintiffs did not even learn of their existence till 2018, after the Arbitration was filed. All the matters related to NAM, STORM and VIA and ongoing use and competition, as well as the SSP program (which against was not even mentioned in the original arbitration) were never brought. Kumaran, as the sole owner isn't bound to bring new companies into an old arbitration. In deciding a motion to compel arbitration, courts apply a "standard similar to that applicable for a motion for summary judgment." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 281 n.1 (2d Cir. 2019) (citation omitted). Courts must consider "all relevant,

admissible evidence submitted by the parties" and must "**draw all reasonable inferences in favor of the non-moving party**." *Id.* (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)).

*Third*, the Court is respectfully reminded that ADMIS, a Fortune 100 company, had a completely inequitable amount of time of *109 days* to prepare, draft and write its motions and present arguments to the Court, (60 days to file its outgoing papers and Motion to Compel, and 49 days to file its Reply). Conversely, Plaintiff had only *19 day*s since NRCM was ordered back in.[2] This is precisely the type of procedural inequity and advantage where ADMIS seeks to pack the Reply with new facts and arguments. This inequity alone warrants the right to countenance facts. There is concern on procedural advantage to have a total of **109 days** granted to a Fortune 100 company and only **19 days** to a *Pro-Se* Plaintiff. Instead ADMIS have used the additional time to write 46 pages of objections to declarations (*ECF*44.1, *ECF*44.2, *ECF*44.3) with frivolous and line-by-line objections to an Affidavit which Plaintiffs have to have an opportunity to counter. As outlined in the Related *Case 20-CV-3871, ECF61* Plaintiffs are not being granted sufficient time between motions to adequately protect their rights. Plaintiffs have documented having as little as 3 or 7 days to respond to motions.

*Fourth*, Plaintiffs seek to move to strike the *46 pages* of exhibits objecting to valid declarations. ADMIS attempts in Section II (Pg. 4) concede the point that this is evidentiary motion and disputed facts must be resolved, and they then impermissibly try to deny the valid declarations and affidavits set forth as Exhibits (*ECF*44.1, *ECF* 44.2 and *ECF*44.3). ADMIS are plainly incorrect that Plaintiffs cannot supply their Verified FAC's as affidavits. A plaintiff "verifie[s] his complaint by attesting under penalty of perjury that the statements in the complaint [are] true to the best of his knowledge," the "verified complaint **is to be treated as an affidavit for summary judgment** purposes," *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *see also Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) ("[A] verified pleading ... **has the effect of an affidavit and may be relied upon to oppose summary judgmen**t."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"). <u>Lebron v. Mrzyglod</u>, No. 14-CV-10290 (KMK), 2019 WL 3239850, at *1 (S.D.N.Y. July 18, 2019). Plaintiffs also disagree these were ill-timed. The parties stipulated that in exchange for the 49 days to respond, Plaintiffs would file there affidavits on March 29, 2020. (*ECF44.1*). It is a material and significant part of this motion to compel that the Court be allowed to review <u>the evidence and the facts</u>. This is precisely the type of procedural impropriety being used to materially prejudice Plaintiffs in an unfair ruling by raising all their arguments in reply. Plaintiffs should be permitted to counter these facts. Further ADMIS again distort facts in Reply to the Court. This is the same procedure that happened in the G&F Agreement where ADMIS' counsel add new facts in reply, and this leads to extensive reconsideration practice.

*Sixth*, ADMIS not only had inequitable time to present arguments**,** they have also used inequity to include new legal argument in reply, and new facts in reply, Plaintiffs also object that they have added <u>*46 pages of disputed* new frivolous boiler plate objections</u> purporting to be under Federal Rules of Evidence 803 to object to each line of affidavits properly supplied (*ECF*44.1,44.2, 44.3). These bad faith objections that are procedurally improper, bad faith and frivolous as they do not permit Plaintiffs to respond. ADMIS's use of these objections is to "<u>throw everything at the Court</u>" to get valid and legitimate facts struck. But this one-sided, **use of Reply** is significantly prejudicial to Plaintiffs. Plaintiffs assert they should have a right to respond and Plaintiffs move to strike these as inapplicable. They repeatedly misstate this as testifying truth of matter of asserted. But Plaintiff is not testifying to the truth of the matter asserted but instead offering the statement as to the existence of the facts, or ADMIS' knowledge of the facts and the existence of the fact that the conversation happened, as well as its testimony of what occurred (under sworn deposition of the truth and penalty of perjury). Therefore these boilerplate objections are for improper purpose to harass Plaintiff and remove facts that are pertinent for resolution by the Court.

**Plaintiffs respectfully move to strike all frivolous objections under Rule 803 that Plaintiffs have no opportunity to respond to.** For example, ADMIS repeatedly asserts, "impermissible as hearsay" to each and

---

[2] ADMIS had the unprecedented procedural benefit of **109 days** to prepare its drafts to the Court. First ADMIS had 60 days to draft its Motion to Compel, where clearly it waived several arguments as they were not raised. Since the Court ordered NRCM back on conference on February 10, 2021 Plaintiffs had no more than **19 days** (given the other proceedings in parallel) to file their oppositions by March 1, 2021. This pails in comparison to then **49 days granted** to the Fortune 100 company to write a reply with 46 pages of exhibits. ADMIS total time is 109 days.

every statement – in most cases just to stop facts being admitted into the record and repeatedly misstate this as testifying truth of matter of asserted. But Plaintiff is not testifying to the truth of the matter asserted but instead offering the statement as to the existence of the facts, or ADMIS' knowledge of the facts and the existence of the fact that the conversation happened that Kumaran contacted ADMIS about risk procedures. *For example*, ADMIS appears very concerned by the statement that "*In January 2017 Plaintiff spoke twice with ADMIS related to procedures and was told it couldn't speak directly to ADMIS and instead told to contact the broker*." The statements were not offered as truth of the matter asserted, but instead offered as evidence of existence of the conversation, and ADMIS knowledge of the facts, and/or the fact of that Kumaran was speaking to ADMIS to inquire about risk and procedures. **Exhibit B** is a list of boiler plate objections. Plaintiff has the right to object and defend each and every one of those objections and/or move to strike them. Further many of the statements are exempt under Rule 6 and business records of public records which Plaintiffs have a right to point out and refute.

ADMIS clear attempt to "throw every boilerplate at the Court" to deny Plaintiffs rights to have material facts reviewed by the Court in deciding this motion is bad faith. Further, the Court is required to resolve any disputes of fact, and ADMIS should not be permitted to enter 46 pages of one-sided objections, without Plaintiffs ability to explain why all the statements are admissible as evidence. Other frivolous objections are "lack of proper foundation" but in each base ADMIS fails to specify how it lacks foundation. The statements have foundation because Plaintiff has personal knowledge, Plaintiff filed the motion, or Plaintiff wrote the email, or Plaintiff made the call. These aren't being called up on "expert testimony". They are basic facts – each and everyone is being wasting the Court's resources with boilerplate objections. These are robotic objections to harass Plaintiff to take time to respond and obscure **the materials facts that need to be resolved in evidentiary hearing.** Plaintiff is also entitled to counter each of these frivolous objections, or alternatively move to strike. See <u>Solis v. ZEP LLC</u>, No. 19CV4230 (JGK), 2020 WL 1439744, at *1 (S.D.N.Y. Mar. 24, 2020) Court held an evidentiary hearing to resolve questions of fact necessary to decide the motions to compel arbitration.

*Seventh*, Plaintiffs filed a Cross-Motion to Prevent Arbitration on the same date on March 1, 2021. Under Local Rule 6.1 <u>Plaintiff is procedurally permitted to have reply to its Cross-Motion</u>**.** This is correct and proper right of Plaintiff. Instead, in clear and transparent motive to have "disputed new facts and law" ADMIS' sole purpose is to have an inequitable one-sided opposition, raising umpteen new facts and law, and deny Plaintiffs <u>procedural rights to reply</u>. Plaintiffs are asserting their procedural rights to file their Reply under Local Rule 6.1. Mostly directed against Kumaran (*Pro-Se*) individually, as a CTA, ADMIS blatantly raise *new* arguments in Reply to move to compel Kumaran (individually) to arbitration, despite the **clear deficiency in their own drafting of an Arbitration Agreement that excludes**, **owners, directors, representatives, Associated Persons and CTA's**, as well as other businesses like risk advisory and software, owners of IP, as well as the Vision Investment Advisor claims. Further Kumaran and her individual claims and matters related to NAM and NRCM are not related to the Customer Agreement, and Kumaran is not bound by ADMIS Arbitration contract, only NRCM. It is now impermissible for them to raise an estoppel argument in Reply <u>for the first time</u> and not afford Plaintiffs the opportunity to reply or move to strike. Despite their *huge* procedural advantage of 60 days to write a motion to compel, if an argument was not raised in their first instance it is now waived.

*Eigth*, ADMIS again raise disputed facts in Reply related to the NFA Arbitrators. ADMIS misstates material facts in Reply on Pg8 stating "the *NFA Arbitrators* (Panel) interprets the rules". *See* Reply at 8 ADMIS adds more disputed facts in Reply and incorrectly states. "*The NFA arbitrators are in the best position to make determinations regarding the interpretation of the NFA Member Arbitration Rules.*" But this is contradicted by publicly available regulatory rule NFA Rule 17 that states it is **NFA (**who are parties and Defendants in this action) and *not* the neutral Arbitrations that interpret the rules, rendering the forum unconscionable as it puts <u>Co-Defendants</u> NFA in related case 20-CV-03668<u>, in the position to interpret the rule</u> against a Plaintiff who is already legally opposed to them. That is clearly a conflict of interest, and a reasonable person would apply a standard of bias to not have a Defendant in one case, interpret rules in an arbitration forum (and act as a Judge) in regards to **subject matter of a litigation for which it is also a party**. Further, ADMIS cannot throw in disputed and untrue facts in their Reply. Plaintiffs have supported by fact already pending subpoenas by Arbitrators themselves on the NFA, and other affidavits in the verified FAC, that ADMIS and NFA both knew of these agreements, and are using the Arbitration to cover up the fraud. When fraud goes to heart of the Arbitration, these facts need to be

Case 1:20-cv-03873-GHW-SDA   Document 45   Filed 05/07/21   Page 6 of 7

LETTER MOTION FOR REPLY / MOTION TO STRIKE Page 6

resolved. In <u>Garten v. Kurth</u>, 265 F.3d 136, 141 (2d Cir. 2001) the court stated, "**the question whether the fraud alleged went to the arbitration clause <u>must be decided before arbitration can be compelled</u>** or Plaintiffs can be allowed to proceed with their claim in district court." (Emphasis added). Clearly NFA's ability to "interpret" their rules, is essentially a material fact, again as Defendant NFA are now playing "judge" in another case. Courts are required to conduct an evidentiary hearing to assess NFA"s knowledge and approvals of the alleged conduct as being illegal under the CEA. (*See* Garten ID)

*Finally*, neither of the parties have submitted a statement of genuine disputes, nor a statement of material facts. Under Rule 56, these protocols must be followed otherwise one-sided arguments (including those unfairly being raised by ADMIS in Reply) are not being decided fairly. Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The nonmoving party must then submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried. Local Civ. R. 56.1(b). "If the opposing party ... fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to the local rule." *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (citation and quotation marks omitted); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (same). It is improper procedurally for a Motion to Compel to be decided on a Summary Judgment standard with only a one-sided statement of facts from ADMIS, inserted on Page 1 of Reply without Plaintiffs ability to response. **<u>Plaintiff also disputes some of the allegations and so-called facts as incomplete.</u>** Any failure to review the facts related to NFA's subpoenas and involvement with ADMIS would be a material and inherent flawed procedure.

*In conclusion*, before the Court is a very serious matter for a evidentiary hearing in a material conflict of interest in an NFA-controlled Arbitration and a Motion to Compel and a Cross Motion to Prevent Arbitration at the NFA. Section 22 is a material Federal Statute overriding this. Plaintiffs opposition and cross motion arguments are very simple. **NFA can't administer an arbitration where they control the rules (*See* NFA Rule 17) and simultaneously be a Defendant/party.** That is a material conflict of interest. Further Kumaran never brought her own individual claims and new events related to VIA were never brought.

To review the <u>facts of the fraud going to the heart</u> of the NFA Arbitration, ADMIS is seeking to deny the Court and Plaintiffs the well-pled arguments that the prior Arbitration Panel issued subpoenas on the NFA . Instead, Plaintiffs object to clearly improper procedures where ADMIS is sending objections that are frivolous and has packed their Reply with new law, as well as sent in *46 pages* of "objections" that need to be struck, as well as packing the Court with arguments and facts raised for the first time in Reply. Plaintiffs therefore moves to strike the objections (ECF44.1,ECF44.2, and ECF44.3), and also respectfully seek leave to reply to respond to the arguments so that "new legal theories" cannot be introduced in Reply. Lastly, ADMIS retroactively can't back into a deficient Arbitration Agreement a CTA, or Associated Person or representative, or affiliates or NAM or Kumaran individually into an Arbitration agreement, that specifically did not bind Kumaran individually and did not cover all the events related to Vision Investment Advisors that were never brought before the Arbitration.

Plaintiffs therefore move to either strike the impermissible arguments, facts, exhibits and new arguments and facts in reply, and/or move to file their own replies and seek leave from the Court to determine proper schedule to countenance the 46 pages of FRCP803 exhibits, and all the new arguments raised in reply. Plaintiffs asserts their rights that **disputed facts** be resolved by evidentiary hearing and just not on one-sided facts, <u>filed for the first time in reply by ADMIS</u>. This is not the first time ADMIS' counsel have inserted new facts or arguments in Reply, which led to lengthy re-argument or reconsideration in related case 20-CV-3668. Therefore Plaintiffs respectfully moves to strike the disputed facts, and disputed new legal arguments that were not in the Motion to Compel. Further since Plaintiffs filed a Cross-Motion they also seek leave to Reply. Finally, Plaintiffs respectfully request an evidentiary hearing to resolve the multiple disputed facts, as well as move for the subpoenas granted on the NFA to be produced, as they were already deemed necessary an ORDERD by the Arbitration Panel, prior to the stay, prior to any Motion to Compel. Those facts are critical to adjudication of this Summary Judgement standard of motion. Since the fraud goes to the Arbitration at the NFA itself, those facts of NFA's audits granting authorization to ADMIS to distribute accounts and trade secrets are material facts to be resolved.

Respectfully submitted,

//SSK//
Samantha Siva Kumaran
Individually Plaintiff


cc. Brian August
Nefertiti Risk Capital Management, LLC