<u>VIA ECF/EMAIL</u>
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran vs. ADMIS - 1:20-Cv-03873*-GHW-SDA

Dear Judge Aaron;

   Plaintiff writes in response to ADMIS opposition letter filed on May 14, 2021 at *ECF*49.

   As a *first* matter, the Court should respectfully note that Defendant ADMIS does not dispute or oppose Plaintiff's motion to strike ECF44.1, ECF44.2 and ECF44.3 – the 46 pages of one-sided boilerplate objections to affidavits repeating frivolous and improper objections under FRCP 803. As was clearly delineated in Plaintiff's letter motion ECF45, Plaintiff has had no ability to respond to or provide their explanation of the relevance or exemptions to each of the statements under Federal Rules of Evidence and they must be struck. Since ADMIS have <u>failed to oppose</u> Plaintiff's letter motion to strike these exhibits, Plaintiff's motion should be granted. Plaintiffs affidavits and declarations are material to the adjudication of the fraud going to the heart of this Arbitration. (*See Garten v. Kurth, 265 F.3d 136, 140 (2d Cir. 2001, See Rent-A-Ctr., W., Inc. v. Jackson* 561 U.S. 63, 71, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010) In the alternative, if the Court is to consider these exhibits ECF44.1, ECF44.2 and ECF44.3 in any part, Plaintiff respectfully requests the right to file a detailed response (not the letter motion) which will itemize for each of the statements why they are relevant and admissible.

   *Second,* Plaintiff objects to counting its letter motion filed in ECF45 as a Sur-Reply to multiple first time issues raised in in Reply. Plaintiff's letter motion on May 7, 2021 ECF45 was **not** a Sur-Reply but pointed out clearly several new arguments or disputed facts raised in reply – mainly directed at Kumaran *individually*. Further, Plaintiff's letter motion was not its intended Reply which is permitted under Local Rule 6.1.

   Factual Issues are Before this Court under a Summary Judgement
   Defendant writes on Page 2 "AMDIS (sic) will not respond to each and every factual inaccuracy." However this alone is procedurally improper. ADMIS is clearly in a hurry to rope non-parties into an Arbitration they never agreed to and the Court is required to resolve factual inaccuracies in order to determine the non-arbitrable and arbitrable claims. ADMIS then contradicts itself and concedes that the Court must resolve factual disputes if the "dispute falls within the scope of the arbitration agreement." *Citadel Servicing Corporation v. Castle Placement, LLC*, 431 F.Supp.3d 276, 284 n.2 (S.D.N.Y. 2019). There is a factual dispute (and the Court has not addressed) and ADMIS has not met its burden to show Kumaran's *individual* claims are part of the Arbitration Agreement. Further the Court has not reviewed a list of non-arbitrable or arbitrable claims that are subject to the Court's resolve.

   Essentially, the heart of the issue, is that ADMIS are using this motion to compel, to expand the wording of the Arbitration clause which only stated the word "customer" to drag non-parties to the original Arbitration, into an Arbitration they never agreed to – never participated in – or was never brought in the first place. The Court is already aware that Kumaran *individually* never brought any Arbitration, and the First Amended Complaint filed on September 30, 2020 was for Kumaran's *individual* claims (and not NRCM's claims). Second, neither NRCM nor Kumaran ever brought any claims related to Vision Investment Advisors or the events that took place in 2018 (which did not even exist at that time). Therefore vacant in Defendant's reply is that neither Kumaran, NAM, NHC and NRCM ever brought any claims related to Vision Investment

Advisors, LLC in the *aged* 2017 arbitration. They never even learned of these events and the 2018 companies go beyond and far after the ADMIS customer agreement was closed in June 2017.

### ADMIS outgoing motion had one argument only and waived its Estoppel Arguments.

ADMIS in its outgoing motion to compel (which was filed against Kumaran only) had only one argument – that Kumaran was bringing ***all its claims*** as successor-in-interest to NRCM. (*See* ECF22). This is factually incorrect. ADMIS inappropriately tried to bundle Kumaran's claims with NRCM's claims. The facts clearly show that ADMIS in its outgoing motion (*ECF*15) did not raise any arguments of estoppel or agency. In opposition, Kumaran pointed out she was bringing *individual* claims and not as successor in interest. Thre were only 2 claims as successor in interest. Counts 12 and 13. On Pg. 25-26 Kumaran in her individual motion pointed out that ADMIS **had therefore waived both the estoppel and agency arguments as they failed to raise it in their Motion to Compel.** Therefore ADMIS cannot now in Reply raise completely new arguments and not afford Kumaran the opportunity to respond to them. Plaintiff's letter motion did not respond to this as Sur-Reply and simply requested the Court the right to respond to new arguments. It is also settled by the Second Circuit, that arguments raised for the first time in replying in further support of a motion are generally deemed waived. *See Connecticut Bar Association v. United States of America,* 620 F.3d 81, 91 n. 13 (2d Cir.2010). Since this was ADMIS' outgoing motion, they were obligated to raise these issues in their outgoing Motion and Kumaran has not had an opportunity to reply.

Therefore if the Court is to consider any new arguments in reply, which would be highly prejudicial, and since most of the new arguments were targeted at Kumaran (individually) as part of what appears to be a grander scheme of ADMIS to rope non-parties and other parties into the *aged* Arbitration, or broaden the scope, Plaintiff Kumaran respectfully seeks leave to respond to the new arguments. In the alternative Plaintiff seeks to strike the new arguments in their entirety.

### NRCM Procedural Background

NRCM was an original party to this proceeding in the complaint filed on May 18, 2020. (ECF1) In large part due to ADMIS /Lazzara's own mistake for opening some of the account forms in two names, Plaintiffs thought that the company was sole proprietor. NRCM was thereafter instructed by the Court to retain counsel. It did so. In the meantime Kumaran *individually*, filed her own claims in a First Amended Complaint on September 30, 2020 (that was not signed by counsel) and brought her own *individual* claims as a CTA and owner of the trade secrets. (*ECF*15)

Mr. August appeared in this action on December 22, 2021. Once the NFA Complaint was filed on January 14, 2021 in related case 20-CV-3668, the Court held a conference on January 26, 2021 to determine the procedures for the three related cases. (*ECF*23). The Court indicated in conference on January 26 2021 that if the parties in this action could not reach an agreement, on NRCM's intervention NRCM could make a motion to add itself as a Party and to amend the Complaint. (ECF30). Instead of being permitted to file its own complaint or file its motion to intervene and add party, instead NRCM was added back in "oral" conference on February 10, 2021. Counsel were not present on that call in part because of a last minute doctor's appointment and also the instructions for the conference were somewhat unclear as it stated Plaintiff (singular) to respond and (she) to respond to the motion. (*ECF*33)

Instead, the Court "orally" determined in the conference the Motion to Compel should apply to *both* NRCM and Kumaran, without NRCM ever filing its own Complaint or asserting its own claims. Under Rule 11, NRCM therefore currently has no signed pleading or Complaint before this Court. This makes it difficult for the Court to determine the difference in NRCM's new and non-Arbitrable and Arbitrable claims – for example NRCM has suffered additional damages such as dissolution and shut down costs. The only current operating Complaint in this action 20-CV-3873 is Ms. Kumaran's *individual* complaint for her own *individual* claims. NRCM has yet to bring its own claim in the Amended Complaint. NRCM has not yet filed any counselled complaints against ADMIS. Under Rule 11, any Complaint filed on behalf of an LLC must be signed by counsel. Therefore the Court has not seen NRCM's Amended Complaint bringing its own claims to determine which of NRCM's claims are arbitrable or non-arbitrable. As stated above, there were no

arbitrable claims brought by NRCM in original Arbitration related to Vision Investment Advisors or multiple new parties that were formed in 2018. Third, facts that were not even present at the time of the aged Arbitration, do not bind new companies to the Agreement.

ADMIS' opposition letter to deny Plaintiffs' rights to file a Reply is a transparent attempt to continue to *commingle* the claims by Kumaran individually and NRCM's distinct claims. It is well settled that that Court can permit Non-Arbitrable claims to continue, regardless of any potential arbitration (which is also disputed). At this time, the Court has no complete record of which are arbitrable claims or non-arbitrable claims of NRCM as there is no current Complaint signed or filed by NRCM in this Court. Plaintiffs are concerned that this is prejudicial. NRCM has also asserted that *none* of its claims are arbitrable, as it has disputed the Arbitration in its entirety as part of the fraudulent scheme and all other arguments raised in its opposition (*ECF*38). NRCM also has *new* claims, well after the accounts were closed, they are permitted to be filed in this District, and relate back to the May 18, 2020 filing date.

### ADMIS procedurally are incorrect to deny Plaintiffs the right to Reply to a Cross-Motion

Plaintiffs have a right to reasonably Reply to its Cross-Motion as they raised several disputed facts in their Reply related to bundling Kumaran's individual claims with NRCM's claims. The claims are not the same. ADMIS sole objective - without allowing a proper Reply to the resolution of the distinction in each parties claims and/or arbitrability or non-arbitrability of the claims – is to improperly force Kumaran into a disputed forum and bundle Kumaran's claims with NRCM's claims. Kumaran's individual claims were filed distinctly, as it has moved on with NAM and NHC were timely brought in this district, and many of them related to events that even were present (such as Vision Investment Advisors) and ADMIS's on going use in unfair competition. Therefore Kumaran as was argued in its Cross-Motion to Prevent Arbitration and is both entitled to Reply.

Further the facts before this Court in this motion are that neither Kumaran, NAM or NHC or any other future entities or affiliates agreed to a lifetime obligation to arbitrate in perpetuity with ADMIS. Leaving aside for the moment, NRCM's own valid objection and opposition to be compelled to arbitration that was filed at ECF38, at best, the facts at best show that *only* NRCM was the party to the Customer Agreement. NRCM didn't even bring any claims in the aged Arbitration against Vision Investment Advisors or facts related to the new events. Therefore NRCM also has non-arbitrable claims that have not yet been brought as it has not filed and signed its own complaint. Many of the new facts could not possibly have even been known or did not exist at the time of the customer agreement. Therefore *only* NRCM, potentially, has to arbitrate its own *aged* claims. NRCM has brought its own arguments (*ECF*38), opposing the motion to compel on the only 2 claims it has thus far brought (Counts 12 and 13). Further supporting this is the most recent Judicial Panel Order dated January 15, 2021 (*ECF*29) that clearly prescribes that NRCM (and *only* **NRCM**) if any, is required to return to the *aged* Arbitration if ordered by the Court. Instead ADMIS are improperly using this entire motion practice to drag Kumaran individually, and non-parties into an Arbitration they never agreed to - and retroactively expand their deficient Arbitration clauses which expressly states.

As was outlined in the letter motion filed by Plaintiff on May 7, 2021, ADMIS appear to be fixated with Plaintiff Kumaran not being able to respond to either their boilerplate objections or their new arguments in Reply. Most of the new arguments and facts are directed against Kumaran (individually) as Pg. 1 of the Arbitration Agreement states "*Any controversy between ADM Investor Services, Inc. ("ADMIS") or its employees, agents, representatives, affiliated brokers, or associated persons, on the one hand, **and Customer**, on the other hand*". Kumaran, NAM and NHC are not contractual parties to an Arbitration, and ADMIS restricted their agreement to **exclude** Associated Persons, representatives and affiliates. As stated supra, NAM NHC and Kumaran's claims are non-arbitrable.

What ADMIS now wants is to bring **both** NRCM and Kumaran into Arbitration. That is improper and Kumaran (individually) seeks the right to Reply to the Cross-Motion and/or file a Sur-Reply as ADMIS – as pointed out – on Pages 18-25 have raised multiple new disputed legal arguments.

### Plaintiffs oppose the extraordinary length of time ADMIS had 109 days while NRCM had 19 days.

ADMIS are not correct on the timeline of this particular action. NRCM was added back on February 10, 2021 and its only briefing was filed on March 1, 2021 which is 19 days. On the other hand ADMIS have had an exceptional and unheard of amount of time of 109 days to present their arguments. To that end, and to the extent there are new arguments in Reply, and also in Reply to the Cross-Motion which it is entitled to have, to the extent there are new arguments NRCM seeks also to file a Reply. NRCM also objects to its own claims being bundled with Kumaran's individual claims.

Further, Plaintiffs object to ADMIS' statements in *ECF*49 that the workload in proceedings are a "function of NRCM's or Ms. Kumaran's own doing". To the contrary, all these proceedings have been caused by **ADMIS'** fraudulent and deceptive business conduct, to conceal their arrangements with Vision, (an entity that was disbarred) placing impermissible guarantees on accounts without disclosures, and disseminating their records to competitors. Even aside from the excessive unauthorized fees they withdrew to pay third parties without consent, they have caused significant damage for which Plaintiffs and other Nefertiti companies have to incur ongoing time, cost and expense to rectify the enormous damages caused by ADMIS's fraud to disseminate trading accounts to Nefertiti's competitors. For this Plaintiffs and Nefertiti companies should not be prejudiced and ADMIS a Fortune 100 company procure procedural benefit for its fraud. ADMIS are a necessary party in these proceedings leaving multiple parties harmed by their conduct. Plaintiffs have already filed their arguments that ADMIS is necessary party in this case and related cases under Rule 19.

### Any Resolution of a Motion to Compel Must Resolve the Facts of Fraud

Pursuant to FAA Rule 7, Plaintiffs respectfully seek the Court to enforce the subpoenas and non-public discovery requests that were requested timely on March 1, 2019 and the former Arbitration Panel **ORDERED** on November 1, 2019 and November 4, 2019. These items 20-CV-3668 ECF1 Exhibits 5, 11 and 12 filed on May 8, 2020 have been put before the Court since the outset asserting that the NFA is using the Arbitration to protect its own liability and to cover-up the scheme. (*See* Garten v. Kurth, 265 F.3d 136, 140 (2d Cir. 2001)). Plaintiffs have the right to know exactly what ***conflicts*** there are in this Arbitration, and what information ADMIS and NFA have such serious concerns about that Plaintiffs do not learn about. Plaintiffs also filed documents showing ADMIS communications to NFA withholding documents from the "*It is critical that Mr. Brockway be made aware of our very serious concerns with regard to releasing the information sought by Claimant*. (*See* ECF45, Exhibit C).

On or around September 24, 2019 ADMIS admitted that NFA compliance officers were to serve as defense witnesses (See Ver.OC.3668 ¶224). Those defense witnesses Wahls and Kiela, are also Defendants in related case 20-CV-3668. These conflicts also need to be disclosed and reviewed under the FAA and the Panel conditioned a stay on these conflicts of interest being resolved.

### Plaintiffs seek Enforcement of Subpoenas on the NFA

Plaintiffs therefore respectfully request the Court take judicial notice and enforce of the **subpoenas** ordered by the former Arbitration Panel. These Judicial Orders document the Panel's intent and requirement to investigate conflicts of interest prior to proceeding with any Arbitration and supports the need for an evidentiary review. The Panel ordered subpoenas will also result in material facts contained in documentary evidence to support Plaintiffs contention that the Arbitration is conflicted and being used to cover up the alleged illegalities of the fraudulent scheme. These *already issued* Judicial Subpoenas are necessary to support the arguments that NFA should not continue to administer or direct and Arbitration when they are already Defendants. (*See* **Exhibits 1-4**). Under FAA Rule 7, a federal court's authority to enforce an arbitrator's subpoena is coextensive with the court's authority to enforce one of its own subpoenas. *See* 9 U.S.C. § 7. Service and enforcement of subpoenas in federal court is governed by Federal Rule of Civil Procedure 45. *See Dynegy Midstream Servs., LP v. Trammochem,* 451 F.3d 89, 94 (2d Cir.2006). FAA section 7 confers authority to enforce a subpoena only upon "the United States district court for the district in which [the] arbitrators, or a majority of them, are sitting." 9 U.S.C. § 7. Because the arbitration proceeding is being conducted in New York only a court in this district may enforce a subpoena issued by the arbitrators.

Therefore Plaintiffs are respectfully requesting enforcement of the subpoenas that have **already been issued** by a Judicial Arbitral body so the Court can review the facts that relevant for a Motion to Compel under a Summary Judgement standard. The Court is required under the Federal Arbitration Act, to resolve the arbitrability of whether the fraud alleged went to the Arbitration agreement itself. *See Garten v. Kurth, 265 F.3d 136, 140 (2d Cir. 2001)* Plaintiffs have also argued the Arbitration does not comply with the FAA, due to evident partiality, bias and conflicts of interest (*See* NRCM mem at 49-72) and is being used as the scheme to cover up liability to the NFA.

### Evident Partiality and Bias

Plaintiffs have also already asserted in their Oppositions to Motion to Compel (ECF37, ECF38) that under a reasonable person standard for determining bias, they will not get a "fair" and "neutral" hearing with Defendant NFA controlling the rules. The facts demonstrate incidents of concealing motions and exhibits from the Panel and also undisputed is also the fact that NFA are legally opposed (Defendants) to Plaintiffs in related case 20-CV-3668. Further, the original Arbitration Panel stayed the proceeding, *while* the case proceeds against the NFA. There was no directive from the Arbitration Panel for two cases to go on at once. ADMIS want to rush back to the NFA forum to quickly absolve them from their own liability where NFA can control the outcome of the proceeding – and while NFA are also Defendants. This was not the intention of the stay or of the Panel when they issued the subpoenas. They ordered that the conflicts of interest needed to be resolved *prior* to any proceeding continuing. Therefore Plaintiffs who have suffered inordinate delays, time and costs and have not had its rights enforced, request its rights under FAA 7 for the Court to enforce the existing subpoenas and also the non-public request for information against the NFA that the Panel orders. Plaintiffs also filed a non-public document request promptly on March 1, 2019 just a few days after learning that ADMIS had stated the NFA's involvement was supported by documentary evidence on February 26, 2019. (*See* NRCM mem at 67-69, Kum Decl#3 ¶9-10, Ver.OC.3668 ECF1 ¶150-¶155 ) These material facts and outstanding Panel Ordered subpoenas cannot be ignored by the Court, in this summary judgement standard to resolve the fraud in the NFA Arbitration itself. *See* Exhibits 1-4

### Canons of Code of Ethics for Arbitration in Commercial disputes

NRCM and Kumaran have both asserted that under the Canons prescribed in the Code of Ethics for Arbitrators in Commercial Disputes that NFA and the Arbitrators are required to disclose any conflicts of interest – and that includes those related to defense witnesses (NFA, Wahls and Kiela). Under the code of ethics for Arbitrations, under Canons 1 and II, all facts related to the NFA's role as defense witnesses and their ability to control the payments to the Arbitrators, scheduling, testimony and other material aspects of the Arbitration must be disclosed. Plaintiff NRCM due in large part to the failure of NFA to implement an efficient and neutral arbitration ended up having to be filed to be dissolved. ADMIS is also required to disclose these conflicts and not force parties into an Arbitration where the NFA and ADMIS worked together to fraudulently conceal documents that show NFA approve the conduct that violates the CEA. Therefore Plaintiffs also seek to enforce the existing Panel Order on ADMIS (*See* **Exhibit 4**) as part of the facts and scope of Arbitrability for fraud and illegal conduct in the NFA Arbitration. Plaintiffs assert the risk services agreement does not exist and is illegal. Any role by NFA to approve an impermissible arrangement that violates the Commodities Exchange Act and their actions to approve such a undocumented and illegal agreement under 7 USC 13 needs to be disclosed (in fairness to Plaintiffs) to understand NFA's vested outcome in the proceeding and use of the Arbitration forum to perpetrate the alleged fraud. Plaintiffs have both alleged the NFA Arbitration is part of the fraudulent scheme under these circumstances where NFA is a Defendants are unconscionable. The Supreme Court of the United States has itself ruled that if a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4. Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 71, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010).

### Plaintiffs seek limited discovery on the question of arbitrability and issuance of the subpoenas

Courts have determined that if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions." *Id.* (quoting 9 U.S.C. § 4).Guidotti v. Legal Helpers Debt Resol., L.L.C., 716 F.3d 764, 776 (3d Cir. 2013)

### Conclusions

Plaintiffs respectfully seek leave as follows:-

– to file their Reply to the Cross Motion under Local Rule 6.1 and/or file its Sur-Reply to any of the new arguments raised in defendants Reply dated April 19, 2021. Most of the arguments newly raised appeared to be against Kumaran, individually, but to the extent needed, NRCM joins in the request to either strike the new arguments or to permit reply.

– to strike the impermissible FRCP 803 objections contained in ECF44.1, ECF44.2 and ECF44.3 or in the alternative seek leave to have the opportunity to respond and file its exemptions and relevance of these statements.

– for the Court to respectfully enforce the existing subpoenas ORDERED by the former Arbitration Panel (Exhibits 1-4) and to review the conflicts of interest in this 18-ARB-5 as was intended by Arbitrators before being forced back to a conflicted arbitration at the NFA. These subpoenas are already Judicially Ordered by the Panel and were intended to be resolved *prior* to any resolution of the pending Motion to Compel or continuation of an Arbitration before the NFA The subpoenas are hereto attached.

- to file a Reply to the disputed facts in the scope of the Arbitration and the resolve the facts related to Arbitration being part of the NFA's role to cover-up their fraud.

- to seek limited discovery as above, on the subpoenas that were already issued or filed in 18-ARB-5 or as otherwise permitted to demonstrate the conflict of interest in the NFA Arbitration. (See Exhibits 1-4)


Respectfully submitted
//SSK//
Samantha Siva Kumaran


cc. Brian August, Esq
Counsel for NRCM