IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN<br>et al<br>*Plaintiffs,*<br><br>-against-<br><br>ADM Investor Services, LLC<br>et al<br>*Defendant* | Case No:1:20:CV:03873-GHW-SDA<br>Related Case:  1:20:CV 03668<br>Related Case:  1:20:CV 03871<br><br>**NRCM MOTION FOR RECONSIDERATIONAND CLARIFACTION ON ORDER ECF63 MOTION TO COMPEL ARBITRATION** |

## MOTION FOR RECONSIDERATION AND CLARIFICATION ON ORDER ECF63 - MOTION TO COMPEL

Pursuant to FRCP Rule 72(a) Plaintiff NRCM by and through its undersigned counsel, files motion for clarification on Order ECF63 related to its motion to compel Arbitration.

Respectfully submitted,

//BMA//

Brian August, Esq

AugustLawNYC
100 Willoughby Street 9E
Brooklyn, NY
(917) 664-4465
bmaugust61@gmail.com
www.augustlawnyc.com
*Attorney for NRCM*

TIMING OF MOTION

As a first matter related to procedures, NRCM did make a good faith effort to comply with Rule 1.E and timely filed a request for extension of time, on Friday May 18, 2021 within seventy two (72) hours of the deadline requested. (*ECF*65). This extension was however submitted to Magistrate Judge Aaron, who has been handling this case thus far. NRCM was then subsequently reinstructed to refile the document today Monday May 21, 2021 to the District Judge (ECF66, ECF67). Therefore I apologize if it <u>appeared</u> the request was untimely, but as can be seen from the record, the original request for extension was filed timely in accordance with 1E, but addressed to the Magistrate Judge (ECF65). To the extent the Court deems additional clarification on any of the argument raised herein is needed, NRCM respectfully requests the additional time of extension to refine or supplement this motion given the timeframes to file this.

PROCEDURAL BACKGROUND

Nefertiti Risk Capital Management LLC ("NRCM") was an original Plaintiff in this action. NRCM filed a complaint in this District on May 18, 2020 after an Arbitration that was initiated in March 2018 at the National Futures Association ("NFA") was stayed. (See 20-CV-3668 *ECF*1). The decision to stay the NFA Arbitration was by judicial Panel Order. (20-CV-3668 ECF1, Exhibit 13). Concurrent to filing this action, pursuant to Federal statute, 7 U.S.C. 25 (b), NRCM filed a related case action on May 8, 2020, to enforce a private right of action against the NFA. (*See* 20-CV-3668). That case is ongoing.

As documented in the original Complaint, during the course of the NFA Arbitration, it was identified that there were potential and identifiable conflicts of interest in the role of the NFA overseeing the Arbitration, and also as defendants in the case. In addition, as the arbitration proceeded, and leading to the identification of material conflicts of interest, Defendant ADMIS had stated that NFA employees were to be called to testify as their defense witnesses, authorizing the alleged illegal conduct (20-CV-3668 ECF1 e.g. ¶150-154. Accordingly two subpoenas were issued by the Arbitration Panel against the NFA. (See 20-CV-3668 ECF1, Exhibits 11 and 12). The Arbitration Panel then ruled that the case would be stayed "while" NRCM bring its claims under Section 22 of the CEA.

### Summary of Action and Procedural Background in This Case

On September 30, 2020, Plaintiff Kumaran, in her individual capacity, filed a First Amended Complaint in this action (*ECF*15). Shortly after on October 6, 2020, in related case 20-CV-3668 the Court granted reconsideration to reopen the case as jurisdiction was overlooked related to 7 U.S.C. 25(b). The order approving was granted on October 24, 2020 and required that NRCM appear by counsel by December 24, 2020. Counsel made an appearance in this and related actions on December 22, 2020. By that time, Defendant ADMIS in this action, had responded to the First Amended Complaint on December 1, 2020 with a Motion to Compel Arbitration against Kumaran (individually), requesting she individually comply with an Arbitration. (ECF21). By order in oral conference on February 10, 2021, without undersigned counsel present, NRCM was added back to this action "to the extent it had any claims" though no actual complaint was yet filed or signed by NRCM. (*ECF36*). A one line addition was made to the complaint to ¶4. NRCM however has not yet filed or brought any signed complaint by counsel yet in this action. On March 1, 2021 both Plaintiffs then responded to the Motion to Compel and simultaneously filed a cross-motion to oppose and prevent Arbitration (*ECF*37, *ECF*38). Plaintiffs were then not able to file a Reply to their Cross Motion.

### Whether NRCM's Cross Motion to Prevent Arbitration Was Permitted A Reply?

As a first procedural matter for review and clarification before this Court is the procedural rights for NRCM's Cross Motion to Prevent Arbitration.[1] (ECF37, ECF38). Pursuant to Local Rule 6.3, NRCM was entitled to a reply to its Cross Motion. As a first review and clarification, NRCM respsectfully seeks review by the District Judge, if its rights were properly maintained in not having the ability to file a necessary reply to its cross motion was proper. NRCM relied on that reply to raise and respond to substantive issues and may have been prejudiced in not being able to file a reply to a Cross Motion.

### Motion for Clarification Only

EC63 ruled on a Motion to Compel Arbitration. NRCM understands it may not appeal at this juncture the decision of the "arbitrability" issue, of whether or not it should arbitrate. However,

---

[1] It should be noted that both Plaintiffs filed Cross Motions to Prevent Arbitration. Kumaran does not appeal or seek review of the ruling or arbitrability in ECF63, her cross motion is not discussed herein. However similar procedures would apply to both cross motions.

this motion is for clarification on the existing order which omitted substantive issues of law and argument that were raised, and left open several material arguments that were of utmost importance to ruling. Specifically the order required "NRCM arbitrate with ADMIS" however remained completely silent upon and did not pass ruling on the most substantive issue that was before the Court on whether it should arbitrate "at the NFA". Therefore it has left open substantial room for ambiguity and confusion as the Order passed no ruling on substantive issues raised in the briefs. The Court's Order was essentially "silent" and did not pass any ruling related to the NFA. Therefore NRCM's motion is for clarification that the Order does not in fact NRCM to compel arbitration at the NFA, and NRCM is therefore free to arbitrate at another forum.

### A - Substantive Arguments Not Reviewed

The substance of NRCM's arguments in its Cross Motion to Prevent Arbitration and Opposition to Motion to Compel were related to the *administration* of the Arbitration by the NFA. This was especially relevant because of the circumstance that they are Defendants in the related case 20-CV-3668. Plaintiff has alleged a material and ongoing conflict of interest – from the onset - which is why the Arbitration Panel stayed the case in the first place. (See 20-CV-3668 ECF1). The facts alleged in the associated declarations and affidavits, show that when Plaintiff NRCM filed its original NFA arbitration in March 2018, it was unaware of the material conflict of interest in the NFA's role and involvement with Defendants ADMIS. (*See* Kum_Decl 1, 2 and 3). The facts also show that if NRCM had known that NFA were to be defense witnesses and were to be held potentially liable for violating their own rules it would not have initiated any arbitration at the NFA. NFA violation of its own rules, gives rise for private cause of action under Section 22 of the CEA. This issue is therefore not to the arbitrability itself between NRCM and ADMIS, but to the oversight and forum and Federal Law oversight by NFA, while they are concurrently Defendants in this case. NRCM seeks clarification of the Order ECF63 as it bears no mention whatsoever on the NFA's oversight and continued role.

I. Facts not Correct in Order ECF63

NRCM argues that the facts in the Order are not correct. Contrary to the ruling provided by Magistrate Judge (Order at 9) that states "*Moreover, not only did NRCM initiate the arbitration, it went on to participate in arbitration for at least a year and a half without challenging the jurisdiction of the arbitrator*". However these facts are not correct. This statement however is also not consistent with the facts filed in the Affidavits or Verified Complaints or any of the filings in this Court. The facts show that NRCM, (while it did initiate Arbitration without any knowledge of the conflicts of interest with the NFA) has clearly alleged and put forward facts that it did promptly challenge the jurisdiction and evident partiality of the Arbitration **as soon as** it learned that NFA has a role to play. (Emphasis added)

Therefore NRCM seeks clarification of ECF63 in the incorrect facts, that state that "for at least a year and half" NRCM did not challenge the jurisdiction of the arbitrator. Clearly the facts, and extensive documented record show that NRCM promptly and timely challenged the jurisdiction of the Arbitration , the moment, promptly after learning of the NFA conflict of interest (Kum_Decl 1-3). Therefore to the Court relied on incorrect facts, this matter is also appealed to the District Judge for review. NRCM specifically seeks review of this Order, as the entire dispute in the NFA's oversight of this Arbitration, is contingent on the NRCM's prompt dispute of the jurisdiction and neutrality of the Arbitration (See NRCM Mem Section 2A-2E). Therefore these facts are erroneous.

Consistent with the erroneous fact that NRCM willingly participated in an Arbitration for eighteen months, the facts also made clear that starting February 26, 2019, when NRCM first learned of NFA's conflict, it challenged the neutrality of the Arbitration and repeatedly requested disclosures on the conflicts of interest. Therefore NRCM also seeks review of further disputed facts, that the Court also added that "NRCM was not happy with the way thing were going at the arbitration" – See Order at 9. However there are no facts to support this ruling. This is not a correct ruling. NRCM identified a material and substantial conflict of interest in NFA's ongoing role of oversight as they were being named as Defendants. NRCM only objected clearly to the clear conflict of interest and evident partiality when NFA were to be called as defense witnesses. NRCM then sought the Panel resolve and disclose any potential conflicts. The Court should also note that

those subpoenas to resolve the conflicts of interest were in fact granted. (20-CV-3668 ECF1, Exhibits 11 and 12). Therefore there is no basis or factual premise for the Magistrates' order to state NRCM' willing participated for eighteen months.

There is a clear difference in a party "not liking the way something is going" and NRCM"s rights under the FAA to point out and challenge a material conflict of interest and evident partiality. NRCM therefore seeks clarification on NRCM's clear an unequivocal dispute of evident partiality that was no waived, and the clear facts that NRCM did not consent to the jurisdiction after it learned of the conflict of interest.  (See e.g. NRCM Mem at 70). The Court appears to have made an error in this regard.

II. Whether the Court Failed To Resolve Disputed Facts

NRCM also respectfully seeks review if the Court erred in its order to not resolve any disputed facts. The identifies facts that were disputed, for instance related to Kumaran's ownership of the trade secrets. The FAC states clearly ¶36-¶56 that Kumaran is sole author, inventor and owner of the trad secrets. (See also Kum Mem 12-15). In the NRCM Arbitration, because NRCM had license to use the trade secrets, and Kumaran was the trader, the language repeatedly stated NRCM has "use of" or "license to". The Court instead stated there was a disputed fact and then proceeded to not resolve the facts because NRCM owned a license to the trade secrets. In a motion to compel Arbitration, the standard of Summary Judgement the Court is required to resolve all facts. To the extent that Kumaran rights are not protected or resolved here, as Kumaran is the sole owner and author and inventor of the IP, Kumaran also joins this motion with regards to the facts of the IP. Kumaran has submitted affidavits and verified complaints that it is the sole owner of the trade secrets. Further the facts show that the IP was developed and invented over 20 years and since NRCM was only formed in December 2015, and there was no assignment of ownership, NRCM cannot be an author, owner, or inventor of the IP. (See FAC ¶36-¶56). Plaintiffs both seek review if the Court erred to not resolve material issues of fact in its ruling which are required in a motion to compel.

Further, NRCM also respectfully seeks review, that it raised substantial issues related to disputed facts in the fraud being directed at the heart of the Arbitration. In its memorandum it

raised significant disputes of facts, that the NFA was using the arbitration to propagate the fraud.). Once a Plaintiff raises issues of fact, that the fraud is at the heart of the Arbitration, again issues of fact related to this are germane to be resolved.

The Court's argument that NRCM initiated an arbitration at the NFA, however does not address the facts, that transpired *after* the arbitration was initiated. The Court wholly ignored the facts that superseded the filing of the Arbitration, when NRCM later learned there was material conflict of interest and NFA were potential parties as they had condoned the conduct. As NFA is alleged to have violated several of its own bylaw sand rules, NRCM was then advised that any private right of action, granted under the Commodities Exchange Act lies under Section 22. While NRCM did initiate the Arbitration, it has clearly alleged it was fraudulently induced to do so, as it do so, without full access to information without the mandatory disclosures by ADMIS and NFA. Those disclosures would have shown that NFA had in fact approved the G&F Agreements, and signed documents that approved the illegal oral risk service agreement.

Further NRCM presented specific facts that the NFA and ADMIS were using the NFA arbitration forum as a way to protect liability of the NFA itself, for any illegal conduct and culpability in the wrongs. Therefore since Plaintiffs have alleged the NFA Arbitration goes to the heart of the fraud, the question for review is if the Magistrate Judge erred to not conduct some preliminary discovery or review the facts of whether the fraud is part of the Arbitration scheme (at the NFA). Further, since Plaintiffs has put forward facts, and affidavits, that the NFA arbitration forum is central to the fraudulent scheme, NRCM has stated it is being used so that it cannot possible received a "fair" or "neutral" hearing before the NFA. (NRCM Mem at XX). The Court overlooked and did not rule on any of these substantive issues – notable not passing upon one discussion of the NFA.

Because NFA is also a Defendant, NRCM clearly argued that arbitration at the NFA was both unconscionable and was part of the fraudulent scheme itself. NRCM seeks clarification that the Court did not resolve these facts (including fraud at the heart of the Arbitration) or address any of these substantive arguments (ruling either way). Whether NRCM was naïve, ignorant and fraudulently induced to initiate an Arbitration at the NFA, it has stated because it had "no knowledge of NFA's role " it is part of the reason it then challenged the Arbitration.

The Court also omitted to rule on any of the pertinent facts related to the unconscionability of the NFA Arbitration, in light of the circumstances in this case of NFA being co-Defendants/ (See NRCM Mem Section 2A at 22). The facts show also the NFA did have knowledge of the scheme and were in possession of the G&F Agreement (ECF58.1) and participated in concealing them and/or not disclosing them to Plaintiffs NRCM – Documents were withheld for an unprecedented 523 days (¶XX,¶XX). Once ADMIS admitted it was calling NFA employees (Wahls and Kiela) to testify as their defense witnesses, the Court also did not resolve or address in its Order ECF63 any of the pertinent matters under the Federal Arbitration Act, and disclosures required to NRCM regarding to "witness" also being administrators of the Arbitration. (See e.g. NRCM Mem at 47)

NRCM therefore respectfully seeks a review of whether the Magistrate failed to resolve all these disputed facts, and properly apply a Summary Judgement standards on the core of the issues related to the NFA Arbitration.  Therefore under the standards for a Motion to Compel Arbitration, the Court is required to resolve these facts, including by way of hearing or trial, or by limited discovery to review these documents with NFA's signature on them, that would show their participation in the scheme. (ECF52, ECF53)

### III. Whether the Word "Arbitration" means "NFA Arbitration" or "Another Arbitration"

NRCM also seeks clarification on ECF63 that does not rule on the cross motion related to removing the Arbitration from the NFA. NRCM's cross motion to prevent arbitration, was related to opposition in the "*administration*" of the Arbitration at the NFA given the specific circumstances of this case and related cases.  Order ECF63 was not clear as it did not address any of the substantive issues of law, related to the NFA's role (as both Defendants, and Conspirators) and the lack of neutrality in the forum, This is material to NRCM having a fair and unimpaired hearing. And by not addressing the issue in ECF63, Magistrate Judge Aaron left open the unanswered question whether the Arbitration should continue before the NFA, or some other Arbitration forum. There were substantive issues of law raised specifically related to an "NFA" that were left completely unresolved. For this reasons also NRCM seeks clarification on the Court's ruling on the conflicts of interest and evident partiality arguments that were raised.

### B - Court's Order Does Not Rule on Substantive Issues and is Ambiguous

I. Whether Section 22 -  7. U.S.C. 25(b) takes precedent?

NRCM raised substantive issues in its motion to oppose and cross motion that were not ruled on related to Federal statute taking precedent in the Arbitration. (See NRCM Mem at XX). NRCM therefore seeks clarification on the argument that under 7 U.S.C. 25(b), on whether claims brought under a private right of action against a registered futures association, take precedent against the Arbitration proceeding simultaneously at the NFA. (ECF38, NRCM Mem 36-38, and 18). In short, the Court did not clarify or address any arguments brought for ruling on whether Federal statute prohibits or override or preempts or take priority in this particular type of arbitration before the NFA, especially, while concurrently Plaintiff NRCM and a registered NFA Member, is bringing a private right of action under Section 22 of the CEA.

Because the Court order was ambiguous and did not order NRCM to return to the NFA Arbitration, but simply stated it must 'Arbitrate" NRCM seeks clarification on whether Section 22 take precedent and claims against the NFA must be resolved first (See NRCM Mem at 18). The court may deduce the intent "from [the statute's] text or legislative history ... or from an inherent conflict between arbitration and the statute's underlying purposes." *Shearson/Am. Express, Inc., 482 U.S. at 227, 107 S.Ct. 2332* (internal quotation marks and citations omitted). The inherent conflict of interest of the two cases proceeding simultaneously is material and obvious to any reasonable person or the reasonable persons standard of evident partiality.  See *Applied Indus. Materials Corp. v. Ovalar Making Ticaret Ve Sanayi, A.S.*, 492 F.3d 132 (2nd Cir. 2007). Disqualification is under a standard of when a reasonable person, considering all the circumstances, would have to conclude that an arbitrator was partial to one side.  *(See* NRCM Mem at 56)

II. Whether the issues of Evident Partiality /Conflict of Interest Should be Resolved Prior?

The Court also remained silent upon the issues of evident partiality and conflicts of interest should be ruled upon, *prior* to any return to specifically the NFA Arbitration. The Court's ruling in ECF63 was vacant on this issue, leaving it unclear or ambiguous as to how the material issues of evident partiality are to be resolved in the Court. Therefore NRCM seeks clarification on the

Court's ruling of evident partiality. Since the Court did not appear to mandate NRCM even arbitrate at the NFA, then NRCM seeks clarification that it was in fact the Court's ruling that NRCM is therefore not obligated to arbitrate at the NFA, and the issue of evident partiality is moot.

The facts show (and the Court omitted this in its order in full discussion) that NRCM did not waive its objections to Evident Partiality (See e.g. NRCM Mem at 49-60). NRCM has consistently raised an issue of partiality and conflict since February 26, 2019 when it first realized that NFA may be a liable party in this action.(20-CV-3668 ECF1¶150-151). The Verified Complaints and Affidavits have stated that ADMIS had admitted that the NFA were liable parties, and they had evidence of "signed documents" showing NFA"s involvement. Since NFA employees were to be called as witnesses, NRCM promptly raised objections to the arbitration proceeding before the NFA, and to resolve the conflicts of interest and any evident partiality (id. e.g. ¶153, ¶177). The Court overlooked in ECF63 all the substantive issues of law regarding the conflicts and partiality in NFA's conflicted role in both administering and arbitration and yet its own cause of action in permitting the unlawful conduct to proceed. The Court should also note NFA has admitted in its briefs in the Motion to Dismiss, the illegalities of some of the conduct (See NFA MTD at 5 and 17, "illegal aspects of the oral risk services agreement", "unauthorized fees", "withdrawing more and more fees", "illegal sharing of customer trade secrets"). Therefore these facts should be before the Court as they are material in a summary judgement motion to compel arbitration at the NFA. The Court's review and request for production of these material documents (subpoenaed by the Arbitration Panel) demonstrate NFA's conflicted role in the now unlawful activities, that would show the conduct is prohibited by the rules of the Commodities Exchange Act, and documents that show the NFA participated in the activities.

NRCM therefore respectfully seeks clarification on the Court's ruling of evident partiality and conflict of interest that were clearly articulated in its motion/cross motion in Section 2A – 2E (NRCM Mem at 22-71) that were not addressed or touched upon at all in ECF63. At no time did NRCM waive its arguments or consent to the jurisdiction of the forum once it learned that was a material conflict of interest. Therefore its arguments of evident partiality not waived.

### III. Whether the Court overlooked the material Argument Raised by NRCM related to fraud in the Arbitration?

NRCM also respectfully seeks clarification on the Order as pertains to the NFA's oversight of the Arbitration and NRCM's arguments related to fraud in the Arbitration. Because the Court offered no ruling either way and did not offer any analysis on the law (either denying, granting or even considering the arguments), the Order leaves open that NRCM's only obligation is to "arbitrate" with ADMIS and mentions nothing about returning to the NFA. Therefore the Court's omission to overlook these arguments were an overlook of substantive issues of law that were properly briefed to the Court. It has also left ambiguity in the ruling of the Court's order which requires clarification. (e.g. Kum Mem 38-42, NRCM Mem 19 referring Garten v. Kurth, 265 F.3d 136, 141 (2d Cir. 2001) . This particularly relates to the ambiguity in ruling related to the NFA.

### IV. Whether NRCM should be allowed some preliminary discovery on the NFA prior to returning to the NFA to prevent any conflicts of interest?

In accordance with the standards of Summary Judgment applied for a motion to compel Arbitration, prior to proceeding before a clearly disputed forum at the NFA, Plaintiffs had requested in their letter for Reply (*ECF*54), the ability to have limited discovery to resolve the facts of conflict of interest before this Court to support their Cross-Motion to Compel Arbitration Concurrently NRCM filed a request for documents against on the NFA and ADMIS (*ECF*52 and *ECF*53)) Because the Court's order in ECF63 is now ambiguous in wording and did not rule upon NFA's conflict of interest, NRCM also respectfully seeks review by the District Judge whether the Court should have permitted some preliminary and limited discovery to address the material conflicts of interest at the NFA. "Because the standard is akin to that on summary judgment, materials outside the pleadings may be considered." *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334 (S.D.N.Y. 2018), *appeal dismissed*, 2018 WL 7502896 (2d Cir. Dec. 12, 2018); *see Meyer v. Uber Techs.*, 868 F.3d 66 (2d Cir. 2017) (discussing that in a motion to compel arbitration, "the court consider[s] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits, and draws all reasonable inferences in favor of the non-moving party."

Therefore the Court was required to review and resolve all factual disputes related to the Arbitration. NRCM therefore had requested in letter and reply to motion for limited discovery to address the issues of fact related to conflicts of interest. NRCM seeks review and clarification on whether the Court erred to not allow that limited factual discover on the conflicts of interest, that were material and substantial issues raised in its briefs (*ECF*52, *ECF*53). [2]

### V. Whether the intent of the Initial Arbitrator was to stay "while" the NFA action proceeds

NRCM also seeks clarification of the Court's Order ECF63 on the decision to proceed with Arbitration at the NFA, <u>concurrently</u> while the matters proceeds in District Court against the NFA in related case 20-CV-3668. The Courts' order ignored substantive issue of law raised, related to the Arbitrators intent to stay the proceeding "*while*" (emphasis added). Specifically the Court passed no ruling upon the material issue raised, that the intent of the stay was to permit the NFA Case 20-CV-3668 to proceed first. (*See* Panel Order November 1, 2019).

### VI. Other Issues Briefed and Not Ruled Upon

NRCM also seeks clarification on any other issues (substantive issues of law) raised in its cross motion to prevent arbitration at the NFA, that were included in its brief, and not outlined herein. For example, without limitation Section 1F, and the need for ADMIS as a necessary party.

### VII– Summary of Clarification

In summary the Court's Order stated only that NRCM must "arbitrate" its claims with ADMIS (*See* Order ECF63 Pages 3-9). However, nowhere in that Order ECF63 did the Court make a ruling related to the NFA' s role in that Arbitration, or if NRCM must arbitrate with ADMIS "at the NFA". As the Court correctly pointed out, the Panel Order from the new

---

[2] In Order ECF63 the Court also incorrectly summarizes that Plaintiffs filed a motion for Sur-Reply. The motion was also for a motion to Reply to their Cross Motion. The Court's clarification of this motion for sur-reply is not completely correct. It was also to assert Plaintiffs rights to file a Reply under Rule 6.3 for their Cross Motion which was not granted. Plaintiffs also made a request to the Court for some discovery to address the conflicts of interest. (See ECF54).

Arbitration Panel dated January 15, 2021 stated "this Arbitration is permanently stayed until such time a Court orders NRCM to arbitrate **at the NFA**" (See Order at 4, Notice of Arb ECF 29) [3].

However, the Court has not ordered NRCM to arbitrate "**at the NFA**". (emphasis added). The Court has simply ruled that NRCM must arbitrate its claims with ADMIS. This in itself is ambiguous and confusing. In conclusion, for this reason NRCM seeks clarification of the Court's order with respect to whether its ruling, and supporting law, if its ruling is permitting NRCM to arbitrate its claims with ADMIS in any forum. Since the Order specifically did not state "**at the NFA**", NRCM has interpreted this order, that it can Arbitrate with ADMIS in any forum, including at the CFTC reparation or any other forum permitted in the ADMIS Arbitration Agreement or permitted by law. Alternatively the existing Panel could be move to another neutral administration such as CPR which allows an existing Panel to continue under a new Administration.

This is a material clarification that is needed for *ECF*63. Since the Court clearly did not review or rule upon any of substantive issues of law related to the NFA Arbitration. For the foregoing substantive issues of law, that were overlooked and not briefed at all in the Order, Plaintiff NRCM respectfully seeks clarification on ECF63 and the Courts resolution on the conflicts of interest and its requirements to discontinue at the NFA as the Order bore no requirement to continue at the forum.

NRCM seeks clarification that the Court intended to exclude the NFA from its ruling.. so that NRCM can file the necessary application to remove the Arbitration to a neutral forum.

---

[3] NRCM also notes another factual or clerical error in ECF63. The Panel Order was dated January 15, 2021 but Order ECF63 refers to the date of the Panel order as January 25, 2021 (ECF63 at 4.)

C – Additional Facts Not Correct in Order ECF63

### I.  Additional Facts on NRCM's Addition Back Not Correct

Finally, Plaintiff also seeks review of other factual errors made in the Order. On Page. 4 Order ECF63 states "during a telephone conference with the parties, including Mr. August, on February 10, 2021, the Court granted what it deemed to be an oral application by Kumaran to add NRCM as a Plaintiff and to amend her pleading."  (*See* 2/10/2021 Order, ECF No. 36, ¶ 1.)

However NRCM must correct for the record that Mr. August was not in attendance at the aforementioned oral conference, where material issues were determined. The docket entry, did not provide a directive on who was to attend the Conference as the order only instructed a motion or letter response to be filed by Plaintiff (Singular). (See ECF33). The request stated Plaintiff (singular) and "she".  (ECF33).

Since the Court ordered the conference at very short notice and the instructions required that only Ms. Kumaran ("she") was required to respond to a letter motion within 24 hours, it was not clear as to what was required from the attendance. This oral conference was also coincident with the fact that undersigned counsel had a prior doctor's appointment scheduled for that same morning. Therefore NRCM also seeks to correct ECF63 for a material error that should state clearly, that Mr. August/counsel was not on the telephonic conference on February 10, 2021, and no such motion was made by NRCM. Therefore this factual correction should be made.

At that time,  it was not even clear that NRCM was a party, (or just an intervenor who was required to file a motion to intervene). NRCM also seeks review, of whether the procedures were correct, or if instead the Court arbitrarily ruled to add language to a complaint, that was filed by Kumaran on her individual claims without briefing on a motion to protect NRCM's rights.

As is documented in the Court history, just the day before on February 9, 2021 NRCM, had filed in letter to the Court to request to file a motion to intervene, to relate back and also amend the complaint to add the claims on behalf of NRCM. (See ECF33).  This was consistent with the Court's prior order. On January 26, 2021, the Court had previously ordered that if NRCM and ADMIS could not reach a stipulation, NRCM would have the right to file a motion to intervene and add party. (ECF30, see footnote). The only order to respond to Arbitration motion was again

for Plaintiff (Singular). Since ADMIS and NRCM could not reach a stipulation, NRCM abided by the Court's order on January 26, 2021, and filed a letter seeking a request to file its motion to intervene and add back as a party and to relate back (ECF34).

Instead, the Court ordered a conference, to which only Plaintiff Kumaran attended, in which it was deemed there was an oral motion to add NRCM back by adding one sentence to the Complaint. Undersigned counsel was not present. NRCM was therefore never permitted the right, to file its motion to intervene. (see ECF30). Neither was NRCM ever part of any telephone call to add it back, and neither was it a part of any Complaint. NRCM has also not been permitted to file an Amended Complaint. Therefore NRCM currently has no signed pleading before this Court. This was a material ruling by the Court that NRCM had relied upon. the Court's order was still standing and NRCM was acting in compliance with the original order ECFXX. to file its motion to intervene.

## II. Whether NRCM's addition back in oral conference without a complaint was an abuse of discretion

As this matter is reviewed, NRCM also respectfully seeks clarification and review by the District Judge for any abuse of discretion on whether NRCM's motion to intervene and add back under FRCP 15(c.) and motion to amend was not permitted to be filed. (ECF30). NRCM also respectfully requests if it should have been added back via proper motion as was originally order on January 26, 2021, and if its rights were adequately protected. NRCM therefore has no Complaint, in this district, and has not formally been added as a Plaintiff.

Further NRCM seeks a review of the Court's decision to add it back in one sentence, without any filed or signed Amended Complaint filed by NRCM in this District. It is evident from the history, that clearly and unequivocally NRCM requested in letter motion the right to file a motion to intervene, relate back and amended the Complaint. Further NRCM has also sought leave to file a motion to relate back under FRCP 15(c) that may have prejudiced NRCM. [4]

---

[4] Since this motion was filed in expeditiously, we again do notify the Court, NRCM did in fact give 72 hours notice to try to request an extension (ECF65). If the Court deems necessary or would allow, NRCM would respectfully request the ability to supplement this motion with any additional arguments by July 6, 2021, so as to preserve or flush out or clean up any further arguments.

Page 16

For all the foregoing reasons NRCM seeks review and clarification of the above issues in ECF63. Ms. Kumaran joins this motion to the extent it relates to her IP and the ownership thereof as outlined herein.

Thank you for your consideration.

Respectfully submitted

//BMA//

Brian August, Esq
AugustLawNYC
100 Willoughby Street 9E
Brooklyn, NY
(917) 664-4465
bmaugust61@gmail.com
www.augustlawnyc.com
*Attorney for NRCM*

//SSK//
Samantha Siva Kumaran
Individual Pro-Se Plaintiff