# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SAMANTHA SIVA KUMARAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20-cv-03873-GHW-SDA |
| ADM INVESTOR SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO NEFERTITI RISK CAPITAL MANAGEMENT'S MOTION FOR RECONSIDERATION AND CLARIFICATION ON ORDER ECF 63

Daryl M. Schumacher (IL Bar No. 6244815)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 380-6556
dschumacher@ksrlaw.com

*Admitted Pro Hac Vice*

*Counsel for Defendant ADM Investor Services, Inc.*

INTRODUCTION

NRCM's "Motion for Reconsideration and Clarification" fails to assert any proper basis for reconsideration of Magistrate Judge Aaron's June 7, 2021 Opinion and Order (the "Order"). Instead, NRCM offers its disagreement with the Court's conclusions. The law is clear, "[m]ere disagreement with the Court's decision is not a basis for reconsideration." *Wash. Nat'l Ins. Co. v. Obex Grp. LLC*, No. 18 CV 9693 (VB), 2019 U.S. Dist. LEXIS 9300, at *5 (S.D.N.Y. Jan. 18, 2019) (citing *Pro Bono Invs., Inc. v. Gerry*, 2008 U.S. Dist. LEXIS 44791, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008)). As set forth below, the Court should deny NRCM's Motion in its entirety.

THE STANDARD FOR MOTIONS FOR RECONSIDERATION

As this Court has previously held, the standard on a motion for reconsideration is well settled. "[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, No. 19-CV-03376, 2021 WL 922756, at *11 (2d Cir. Mar. 11, 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Van Buskirk v. United Grp. Of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)).

1

Here, NRCM does not present any legitimate basis for reconsideration. NRCM fails to identify changes in controlling law, new evidence, or data that the Court overlooked. Instead, NRCM argues that the Court relied on "incorrect facts" and that the Court ignored NRCM's substantive arguments. Essentially, NRCM is rearguing the points it previously made. Those arguments, however, are not a proper basis for a motion to reconsider.

## I.    The Court Compelled NRCM to NFA Arbitration and No Clarification is Necessary.

NRCM's argument that the Court did not compel *NFA* arbitration is without merit. Defendant ADM Investor Services, Inc.'s ("ADMIS") prayer for relief requested that the Court "compel the parties to arbitration before the National Futures Association . . ." (See, ECF 22, p. 11.) The Court's June 7, 2021 Order (ECF 63) granted ADMIS's Motion to Compel Arbitration as to NRCM. Accordingly, the Court compelled NRCM to NFA arbitration. Other aspects of the Court's ruling are consistent with that conclusion.

For example, based on NRCM's initiation of the NFA arbitration, the Court held that "NRCM, through its conduct, has agreed to arbitrate its claims or, at the very least, has waived its right to challenge the arbitration agreement or the authority of the arbitrator." (ECF 63, p. 8.) The Court concluded that because NRCM participated in the NFA arbitration for at least a year and a half it waived its right to object to "the arbitration"—referring to the pending NFA arbitration. (ECF 63, p. 9.) The record is clear: the Court granted ADMIS's request to compel NRCM to NFA arbitration.

2

II.    **The Court's Opinion Did Not Incorporate Inaccurate Facts.**

NRCM argues that the Court's Order contained inaccurate facts, specifically challenging the conclusion that, "not only did NRCM initiate the arbitration, it went on to participate in arbitration for at least a year and a half without challenging the jurisdiction of the arbitrator." (ECF 63, p. 9.)  NRCM argues "these facts are not correct" (ECF 69, p. 5.), but NRCM's argument is without merit.

As the Court specifically noted, "the proper procedure for a party to challenge whether it is subject to an arbitration agreement is to move the district court for a stay of arbitration."  (Order, ECF 63, p. 9, fn. 8.) It is undisputed that during the 18 months in which NRCM participated in the NFA arbitration, it did not challenge the jurisdiction of the arbitrators by moving the district court for a stay of arbitration. Accordingly, the Court's Order is accurate on that point.

NRCM's argument that it "clearly alleged and put forward facts that it did promptly challenge the jurisdiction and evident partiality of the Arbitration **as soon as** it learned that the NFA has [sic] a role to play" misunderstands the law. (ECF 69, p. 5)(emphasis in original). Complaining about a conflict to the arbitrators during the arbitration is not a challenge to the jurisdiction of the arbitrators; rather, to properly challenge jurisdiction, NRCM would have had to move the district court for a stay of arbitration. That did not happen during the 18 months in which the parties participated in the arbitration, and the Court's Order is accurate.

Moreover, NRCM's own brief belies its argument that it "promptly" challenged the NFA's jurisdiction "as soon as" it learned of the basis to do so. NRCM argues that it was aware of the purported conflict in February of 2019.  (See, ECF

3

69, p. 5, ("starting February 26, 2019, when NRCM first learned of NFA's conflict . . ."))  Yet, NRCM participated in the NFA arbitration for more than 8 months after becoming aware of the purported conflict. NRCM failed to properly challenge the jurisdiction of the NFA by filing a motion to stay in the district court. NRCM's argument that it promptly objected to the NFA's jurisdiction following its knowledge of the NFA's purported conflict is factually inaccurate.

## III. There Are No Fact Disputes Regarding NRCM's Obligation to Arbitrate This Dispute.

NRCM incorrectly argues–without citing any authority–that *all* fact disputes must be resolved prior to the resolution of a motion to compel arbitration. Specifically, NRCM argues, "In a motion to compel Arbitration, the standard of Summary Judgement the Court is required to resolve all facts." (ECF 69, P. 6.)

Contrary to NRCM's argument, in the context of motions to compel arbitration brought under the Federal Arbitration Act, the court applies a standard similar to that applicable for a motion for summary judgment if there is an issue of fact *as to the making of the agreement for arbitration*. *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 113 (2d Cir. 2012) (citing *Bensadoun v. Jobe-Riat,* 316 F.3d 171, 271 (2nd Cir. 2003)).  Allegations related to the question of whether the parties formed a valid arbitration agreement are evaluated to determine whether they raise a genuine issue of material fact.  *Id.*

Here, the Court properly compelled NRCM to NFA arbitration because there are no facts in dispute as to: (i) whether NRCM agreed to arbitrate, and (ii) whether the dispute falls within the parties' agreement to arbitrate.  *In re Am. Express Fin.*

*Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). The Court's inquiry is limited to those "gateway" issues, and the summary judgement standard applies only to that inquiry.

NRCM disingenuously argues that its own conflicting allegations as to the ownership of certain trades secrets creates a fact dispute that must be resolved prior to the resolution of ADMIS's Motion to Compel Arbitration. That argument is illogical, and would allow any party to circumvent its obligation to arbitrate by asserting conflicting allegations. Any dispute over the ownership of the trade secrets at issue in this case has nothing to do with the formation of the agreement to arbitrate. Worse, the purported "dispute" is a function of NRCM's own conflicting allegations, and NRCM cannot benefit from its own impropriety. In any event, the only fact disputes relevant to the Motion to Compel Arbitration are fact disputes that bear on the formation of the agreement to arbitrate. Here, the ownership of the trade secrets at issue does not bear on the formation of the arbitration agreement. Accordingly, any such fact disputes are not a basis to overturn the Order compelling NRCM to NFA arbitration.

Similarly, NRCM asserts fraud and collusion that transpired "*after* the arbitration was initiated" as a fact dispute precluding arbitration. (ECF 69, p. 7.) However, any such alleged conduct post-dated the formation of the agreement to arbitrate, and therefore is not a basis to alter the Order compelling NRCM to NFA arbitration. NRCM's claims of fraud and/or collusion are not ripe until an arbitration award has been issued against it. Until an award is issued, the Court

5

does not have jurisdiction to intervene in the arbitration. *See Michaels v. Marifourm Shipping, S.A.*, 642 F.2d 411, 413 (2nd Cir. 1980) ("The language of the Act is unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award or to modify or correct it.") The Court's authority to enjoin arbitration proceedings is limited by the Federal Arbitration Act to situations where the underlying arbitration agreement is invalid or nonbinding. *McIntire v. China Media Express Holdings, Inc.* 113 F.Supp. 3d 769, 775 (SDNY 2015).

Indeed, the FAA provides a mechanism that allows parties to challenge arbitration awards in the district court, but only after the conclusion of the arbitration. See *Michaels v. Marifourm Shipping, S.A.*, 642 F.2d 411, 413 (2nd Cir. 1980). At this point, the Court's only inquiry is (i) whether NRCM agreed to arbitrate, and (ii) whether the dispute falls within the parties' agreement to arbitrate. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). NRCM's perceived fact disputes are unrelated to those two inquires and are insufficient to support its Motion for Reconsideration.

## IV.   The Court's Order Need Not Address Every Argument NRCM Raised

Under the guise of seeking "clarification," NRCM complains that it raised substantive issues in its opposition and cross motion that the Court failed to rule upon in its Order. NRCM appears to take issue with the fact that the Court did not specifically address each of NRCM's arguments in the Order. NRCM's argument is meritless.

The Court is not required to explain its basis for rejecting the myriad arguments NRCM asserted in opposition to ADMIS's Motion, and NRCM asserted no authority requiring such an explanation. To the contrary, the Federal Rules of Civil Procedure specifically provide, "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." FRCP 52(a)(3). Accordingly, nothing required the Court to address each and every argument NRCM raised in its Order, and there is no basis for reconsideration of the Order.

## V.    The Court Need Not Rule On NRCM's Cross Motion

On December 1, 2020, ADMIS filed a Motion to Compel Arbitration. (ECF 21 and 22.) Three months later, on March 2, 2021, NRCM filed a Cross Motion to Strike Defense of Arbitration and Prevent Arbitration. (ECF 38.) The Court granted ADMIS's Motion to Compel Arbitration on June 7, 2021. (ECF 63.) Given the Court's Order compelling NFA arbitration, NRCM's cross motion has become moot. NRCM is not entitled to a ruling on a motion that it filed three months after ADMIS's Motion to Compel Arbitration.

WHEREFORE, Defendant ADM Investor Services, Inc. requests that the Court Deny Nefertiti Risk Capital Management's Motion for Reconsideration and Clarification On Order ECF 63.

Dated: July 7, 2021

Respectfully submitted,

ADM INVESTOR SERVICES, INC.

By:    /s/ Daryl M. Schumacher

Daryl M. Schumacher (IL Bar No. 6244815)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 380-6556
dschumacher@ksrlaw.com

*Admitted Pro Hac Vice*