IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SAMANTHA SIVA KUMARAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | 1:20-cv-03873-GHW-SDA |
| v. | ) ) | |
| ADM INVESTOR SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO NAM AND NHC'S MOTION FOR RECONSIDERATION AND
<u>CLARIFICATION ON ORDER ECF 63</u>**

Daryl M. Schumacher (IL Bar No. 6244815)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 380-6556
dschumacher@ksrlaw.com

*Admitted Pro Hac Vice*

*Counsel for Defendant ADM Investor Services, Inc.*

INTRODUCTION

Nefertiti Asset Management ("NAM") and Nefertiti Holding Corporation's ("NHC") reliance on concepts of judicial efficiency is disingenuous. NRCM initiated this action in defiance of the Order from a panel of National Futures Association ("NFA") arbitrators instructing NRCM that its dispute with ADM Investor Services, Inc. ("ADMIS") must stay in NFA arbitration. After more than a year of litigation in this district that should never have occurred, this Court has now ordered NRCM back to NFA arbitration, and there is no basis for reconsideration of the Court's June 7, 2021 Opinion and Order denying NAM and NHC's motion to intervene (the "Order"). ADMIS requests that the Court deny NAM and NHC's Motion for Reconsideration.

THE STANDARD FOR MOTIONS FOR RECONSIDERATION

The standard on a motion for reconsideration is well settled. "[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, No. 19-CV-03376, 2021 WL 922756, at *11 (2d Cir. Mar. 11, 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Van Buskirk v. United Grp. Of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)).

1

Here, NAM and NHC lack any of the recognized bases for reconsideration and instead argue that the Magistrate Judge Aaron's June 7, 2021 Order is inconsistent with an order the Court issued in one of the related cases, and that allowing intervention here will promote judicial efficiency. Neither of those arguments is accurate, and neither is a basis to alter the Order.

I. **The Court Already Considered and Rejected NAM and NHC's Arguments Based on Inconsistency and Judicial Efficiency**

Under the guise of reconsideration, NAM and NHC improperly reassert the same arguments Magistrate Judge Aaron already considered and rejected. Namely, that the ruling in related case 20-cv-03871 (the "Vision Case") is inconsistent with the denial of the Motion to Intervene in this case, and that the result would be inefficient. NAM and NHC are not permitted to reassert those same arguments simply because they do not like the Court's ruling.

Specifically, Magistrate Judge Aaron already addressed, and rejected, the arguments NAM and NHC present here. The Order provides,

> In contrast, in the related action *Kumaran et al. v. Vision Financial Markets, LLC et al.*, the defendants consented to having NAM and NHC intervene. (*See* 4/30/21 Order, 20-CV-3871 ECF No. 69; 5/28/2021 Order, 20-CV-03871 ECF No. 72.) Thus, while NAM and NHC argue that they should be allowed to intervene for the sake of efficiency (*see* Pl.'s Response, ECF No. 62, at 1), the issues before the Court are not the same and any efficiency benefits do not outweigh the considerations set forth herein.

Thus, the Order already rejected NAM and NHC's "efficiency" and "inconsistency" arguments. The Order specifically noted that the defendants in the Vision Case consented to intervention, and that the efficiency benefits of

2

intervention here do not outweigh the considerations upon which the Court relied in denying intervention.

For purposes of the pending motion, NAM and NHC's attempt to reargue the same issues is not a proper basis of a motion for reconsideration. While NAM and NHC disagree with the Court's ruling, they do not get a second bite at the apple in the form of reconsideration. *Wash. Nat'l Ins. Co. v. Obex Grp. LLC*, No. 18 CV 9693 (VB), 2019 U.S. Dist. LEXIS 9300, at *5 (S.D.N.Y. Jan. 18, 2019) (citing *Pro Bono Invs., Inc. v. Gerry*, 2008 U.S. Dist. LEXIS 44791, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008)).  The Court should deny the motion on that basis.

## II.   The Court Denied NAM and NHC's Motion to Intervene In Its Entirety

NAM and NHC argue that the Court did not rule on their rights under Fed. R. Civ. P. 20(a) relating to permissive joinder. That argument ignores the Court's holding denying NAM and NHC's motion to intervene in its entirety. The Court is not required to explain its basis for rejecting each and every argument that NAM and NHC asserted. See, Fed. R. Civ. P. 52(a)(3).  The Order is clear:  the Court denied NAM and NHC's motion to intervene in its entirety. That includes all arguments NAM and NHC asserted pursuant to Fed. R. Civ. P. 20(a). NAM and NHC's argument is not a proper basis for reconsideration of the Order denying the motion to intervene.

WHEREFORE, Defendant ADM Investor Services, Inc., requests that the Court deny Nefertiti Asset Management, LLC and Nefertiti Holding Corporation's Motion for Reconsideration and Clarification On Order ECF 63.

3

Dated: July 7, 2021

                          Respectfully submitted,

                          ADM INVESTOR SERVICES, INC.

                          By:    /s/ Daryl M. Schumacher

Daryl M. Schumacher (IL Bar No. 6244815)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 380-6556
dschumacher@ksrlaw.com

*Admitted Pro Hac Vice*