IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN <br> NEFERTITIT RISK CAPITAL <br> MANAGEMENT, LLC <br><br>       *Plaintiffs,* <br><br> -against- <br><br> ADM Investor Services, Inc <br>       *Defendant,* | Case No:1:20:CV:03873-GHW-SDA <br> Related Case: 1: 20:CV:03668 <br> Related Case: 1: 20:CV:03871 <br><br> **NAM and NHC's REPLY MEMORANDUM TO MOTION FOR RECONSIDERATION OF INTERVENTION (ECF72)** |

### NAM AND NHC'S REPLY MEMORANDUN FOR MOTION TO RECONSIDER AND APPEAL TO DISTRICT JUDGE OF ITS MOTION TO INTERVENE

  Pursuant to FRCP 72(a), and Local Rule 6.3 Nefertiti Asset Management, LLC ("NAM) and Nefertiti Holding Corporation. ("NHC") seek reconsideration, clarification and appeal of Order 72 to deny their motion to intervene.

Respectfully submitted,

//BMA//

Brian August Esq
AugustLaw NYC
100 Willoughby Street #9E
Brooklyn NY, 11201
1-917-664-4465

*Counsel* for NAM and NHC

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT……………………………………………………Pg. 1

II. LEGAL STANDARD……………………………………………………………….Pg.3

III. FACTS RELATED TO ADMIS' LIABILITY WAS INCORRECTLY APPLIED..Pg.3

IV. RULING ON TIMING OF INTERVENTION…………………………………….Pg. 4

V. NRCM WAS NOT ABLE TO FILE A MOTION TO INTERVENE………………Pg.6

VI. INTERVENTION HAS CONTRADICTORY RULINGS IN CASES…………….Pg.7

VII. ISSUES BEFORE THE COURT ARE NOT THE SAME…………………………Pg.8

VIII. PREJUDICE FROM ABUSE IN DISCRETION IN SCHEDULING……………..Pg.10

IX. ADMIS DO NOT DISPUTE THE ERRORS IN NAM's MEMBERSHIP………..Pg. 10

X. PERMISSIVE JOINDER UNDER RULE 20(B)…………………………………..Pg.11

XI. COURT MISAPPLIED RULE 24(B)………………………………………………Pg.12

## **TABLE OF AUTHORITIES**

Cline v. 1-888-Plumb. Grp., Inc., No. 99CIV1401RJW, 2000 WL 342689 (S.D.N.Y. Mar. 30, 2000)

Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007)

In re Gordon, 780 F.3d 156, 158 (2d Cir. 2015);

Ingenito v. Riri U.S.A., No. 11-CV-2569 (E.D.N.Y. Dec 22, 2015)

Kalie v. Bank of Am. Corp., 297 F.R.D. 552, 557 (S.D.N.Y. 2013)

NAACP v. New York, 37 L.Ed.2d 648 (1973)

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995))

U.S. v. N.Y. ,820 F.2d at 557

U.S. v. Pitney Bowes, Inc., 25 F.3d (2d Cir. 1994)

United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)).

Virgin Atl. Airways, Ltd. v. Nat'l Med. Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)

NAM, Reply Page 1

## I - PRELIMINARY STATEMENT

ADMIS comes to this Court with unclean hands. The facts on the record (together with affidavits and declarations and pleadings) show that Defendant ADMIS are perpetrating a fraud on market participants in the commodities futures markets which harmed Plaintiffs and Intervenors. Their scheme is to fraudulently conceal from customers, material guarantees and other unfair competition arrangements with disbarred owners of Vision. Conspirators Rothman and Boshnack boast 172 CFTC reparations cases as serial-predators and documents summarized by the CFTC show over 135 cases in "fraud", "misrepresentation" and "non-disclosure" and were disbarred (20-CV-3668 ECF57.1) [1]. Intervenors have invested substantial capital to launch various hedge funds, under the brand name Nefertiti. Those affiliates are proposed intervenors NAM and NHC which applied at a similar time for both cases. And as clearly delineated NAM and NHC have Article III standing.

The FAC makes clear that NAM is the General Partner and interest in the hedge fund (20-CV-3873 ECF15 *FAC*¶53-¶58) and ADMIS's own documents supplied show they were always aware that the parties of interest were the hedge funds NAM with Article III standing . (See also 20-CV-3871 ECF48, Exhibit 24, Exhibit 19). These documents date back to January 2017 when the accounts and business with ADMIS were opened. The incidences of improper acquisition and disclosure would not have happened but for ADMIS's conduct. Other relevant pleadings on the record include Kum_Decl#1 (ECF43)  - this declaration was also cited to in Order 63) – which includes facts that ADMIS knew at the beginning that NAM was the party of interest to the track records and hedge fund, and explicitly states ADMIS knew NAM is the G.P. of the hedge fund which has direct interests to the STORM Fund. See. **ECF43 ¶26-¶28.** including Exhibit 43.7). *ECF*43¶7-¶9 showing that the purpose of the ADMIS account was for the benefit of a hedge fund to be managed by a General Partner NAM, and the launch of Nefertiti hedge funds, and the parties of interest of the STORM Fund, (also listed at the NFA) are Nefertiti Asset Management, LLC which had other business partners. (¶8 id). These facts are also consistent with the FAC the Motion to intervene *ECF*48 Pg.3

The scheme didn't just stop with hiding guarantees. ADMIS knew from the beginning that victims of the fraud would be newcomers, and start-up hedge funds such as NAM. As pertains to this motion to intervene, facts overlooked by the Court were that from the dates of opening the account,

---

[1] Plaintiffs/Intervenors on the other hand have *zero* violations, *zero* disciplinary actions, *zero* cases against them or record of any disciplinary conduct or allegations of wrongdoing against them.

ADMIS knew that the real entity of interest was the G.P. of a hedge fund called Nefertiti Asset Management ("NAM" and its general manager Nefertiti Holding Corporation. ("NHC"). Marketing literature from trade shows and also emails sent directly to Lazzara for ADMIS at account opening disclosed the hedge fund structure that the interest in the ownership of the STORM fund and the ensuing commodities pool operator "CPO" belonged to NAM. NRCM was simply a prop-trading LLC for purposes of building some initial trading record. ADMIS also knew that Plaintiffs were forming a hedge fund and substantial capital had been raised for NAM and NHC to launch the hedge funds. Funds also in the NRCM came from capital contributions into NAM.

ADMIS are the central hub of the fraud being perpetrated. Working with conspirators Boshnack, Rothman, Felag and various Vision affiliates, **ADMIS** perpetrated the scheme to divert the assets, property and monies from Nefertiti companies (commodities options funds) to pay off their own company debts by way of G&F Agreements and unusual financing arrangements to secure credit on over 100 brokers. Rather than pay financing interest, **ADMIS** unlawfully (and without consent) used the money, property, assets and funds in its customer and Plaintiffs commodities futures accounts to gain an "interest free" loan on its business, and significantly damage other parties and hedge funds in doing so. ADMIS was not the fiduciary it was supposed to be -  or a neutral party. In short the house was also playing the hand. For greed and unlawful purpose, ADMIS diverted the property and assets of Nefertiti to its direct competitors in options trading, Vision Investment Advisors registered in March 2018 as a CTA and then later registered in **January 2021** High Ridge Futures as a CPO.  In **September 2020** NAM was registered as a CPO and CTA.

A sophisticated market participant ADMIS knew that the hedge fund they were injuring were in reality NAM and NHC (the vehicle that owned the relevant bank accounts) and as is typical in a hedge fund structure the entities have multiple affiliates. As admitted in related case 20-CV-3668 the National Futures Association has laid blame on both ADMIS and High Ridge. (Stating "ADMIS and High Ridge" perpetrated the fraud, "ADMIS and High Ridge" misappropriated trade secrets or converted funds, "ADMIS and High Ridge" tortiously interfered in Plaintiffs business relations. (See 20-CV-3668).  The Court's decision in this action that *only* Vision Defendants have liability for the fraud and misappropriation is a  plain error. In reviewing a motion to intervene the Court must look at all facts on the record, in pleadings, affidavits, related cases, and motions. The case is abundantly clear that ADMIS

was the center of the torts, (as admitted by NFA), and caused the fraud, formed the RICO enterprise, and orchestrated dissemination and tortious conduct against the Nefertiti companies.

## II – Legal Standard for Motion to Intervene

NAM and NHC filed this motion pursuant to Rule 72(a). The standard of review under FRCP 72(a) states ("[T]he district court to whom the case is assigned shall consider . . . objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.". An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *In re Gordon,* 780 F.3d 156, 158 *(2d Cir. 2015)*; *Ingenito v. Riri U.S.A., No. 11-CV-2569 (E.D.N.Y. Dec 22, 2015)* "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ingenito ID Fielding v. Tollaksen*, 510 F.3d 175, 178 *(2d Cir. 2007)* Although parties made clear this was filed under FRCP 72(a), ADMIS instead applies a standard of reconsideration under Rule 59(b). If the Court is to apply this standard, "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice ." *Virgin Atl. Airways*, *Ltd. v. Nat'l Med. Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)." In the context of a motion for reconsideration, 'manifest injustice ' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))

## III – Courts facts related to ADMIS' liability was incorrectly applied.

ECF63 oversimplifies the liability in this action to just that of Boshnack, Rothman and Felag and their various affiliates. ECF63 Pg.1 -n1 Judge Aaron incorrectly states that Boshnack, Rothman and Felag [alone] instigated the scheme. The FAC instead alleges that ADMIS, Kadlec <u>together with</u> Boshnack, Rothman, Felag, and their alter-ego affiliates initiated the scheme, for the benefit of all conspirators, including ADMIS and Kadlec, who acquired the benefit of "interest free" financing through unlawful G&F Agreements (guarantees placed on customer accounts). (ECF15 FAC¶58-¶100)The Court omits material factual reference to the true instigators and beneficiaries of the fraud including ADMIS and Kadlec. (Defendant in 20-CV-3668). The motion to intervene also is clear that NAM and NHC have Article III standing to assert the claims for interference in the hedge fund. (*See* ECF48 at 7). Therefore as G.P.'s of a hedge fund, whether they are individually "owners" of trade secrets is an incorrect analysis and/or application of the law, to their Article III standing to bring claims of unfair competition, fraud,

misappropriation and tortious interference. NAM is clearly, as registered under the NFA, the G.P. and CPO and CTA operating the hedge fund STORM. The only reason that its competitors Vision improperly acquired, and were able to interfere in NAM and NHC's business, was because of the unlawful arrangements and breaches of contract caused by **ADMIS**. ADMIS knew NAM and NHC were beneficiaries and were the true parties of interest.

The Court also is in error to state it has no basis from which to deduce the claims against ADMIS, as ADMIS are clearly the "central hub" of the claims. The FAC and all related cases and proceedings show that ADMIS and Kadlec initiated the torts with fraudulent inducement and engaging in ongoing unfair competition with Vision Investment Advisors. ADMIS continue to provide clearing arrangements for VIA as a CTA and benefits in direct competition with NAM and NHC. Further they are a necessary party to the NAM's and NHC's claims under Rule 19 as Vision Defendants have stated that it was under the purview of these so-called illegal risk services agreements instigated by ADMIS, that the conduct was authorized. In a motion to intervene, the Court must look at all filings and pleadings on the record to determine the parties interest in the case. The motion clearly stated on ECF48 at 17

"*Further, NAM and NHC claims an interest in proceeds and rights to the STORM fund, and all claims of unfair competition and the property at issue, as well as harm caused by delays, interference and hindrance in the funds are at the heart of this case' and NAM and NHC have Article III standing.* [2]

Finally, the express facts overlooked by the Court were that, from the outset (*ECF*43¶7-¶9) ADMIS knew that NAM and NHC were relevant parties, and parties of interest. (*See also 2*0-CV-3871 *ECF*48, Exhibit 24 and 19, also *ECF*43.7). For instance under Rule 20, courts must "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (ECF38 at 7)

**IV – Courts Ruling on Timing of Intervention was  is an Abuse of Discretion**

The Court on Pg. 17 denied NAM and NHC's motion to intervene based on an assessment (in its discretion) that its motion to intervene was untimely. NAM and NHC have asserted, the Court's ruling

---

[2] Judge Aaron points out that the motion to intervene on Pg. 22 stated the claims for misappropriation were only stated in the motion on this page against VIA, Boshnack. Rothman and Felag et al. This was a typo or oversight. Because the motion was filed in a hurry (*See infra* abuse in direction / unworkable scheduling between related cases) the motion to intervene had duplicated large portions of the same in the related case from 20-CV-3871 and therefore accidentally NAM and NHC had not updated each and every reference to repeat that ADMIS had engaged in the disclosure and improper acquisition which is the foundation of the fraud and claims against Vision Defendants. Notably *ECF*48 at 7, states clearly "*NAM and NHC"s claims are identical to those which form the basis of Plaintiff's existing claims against ADMIS, Vision Defendants and Lazzara Defendants namely without limitation fraud, unfair competition, misappropriation and tortious economic interference*".

on timeliness (ECF63 at 17) was not consistent with case law and/or an abuse of discretion. Not just because it applied incorrect timing on when NAM and NHC could have reasonably asserted its position, but also because it is clear the NAM's and NHC's claims are directly similar to those related to those in the Vision case and relate case and clearly the cases have common interests and facts. NAM and NHC have argued their motion was timely when **all circumstances** are considered. Also the Court should note that the timing of intervention was unopposed by ADMIS in its opposition ECF76. Therefore, NAM and NHC's arguments on timeliness are uncontested by ADMIS and our motion should be granted. ADMIS provide no opposition in law as to why the motion was untimely.

      The Court in erred in law in applying the correct analysis and procedure for timeliness. Whether a motion to intervene is timely is determined within the sound discretion of the trial court from **all the circumstances**. *See NAACP v. New York,* 37 L.Ed.2d 648 (1973). Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timelines. *See U.S. v. N.Y. ,* 820 F.2d at 557 *U.S. v. Pitney Bowes, Inc.*, 25 F.3d (2d Cir. 1994)

      While the Court only analyzed prong (1), which NAM and NHC argue was done incorrectly (see infra) the Court failed to consider any of the other prongs. For instance under (2) since the case is to be stayed pending Arbitration, there would be no prejudice to ADMIS by NAM and NHC being granted intervention and the case being stayed. Also ADMIS have not argued any prejudice either in their motion so none should be presumed. For prong (3) the Court erred in law not balance or weigh at all the prejudice to NAM and NHC by the ruling. Clearly NAM and NHC would be prejudiced in any delay from asserting claims. Further NAM and NHC have to incur separate costs and fees to initiating a new action, and the Court did not address in its analysis any of the burdens of duplicative proceedings and collateral estoppel or having simultaneous litigations in even more related cases. NAM and NHC also are prejudiced in having their claims delayed or subject to delayed commencement dates. Finally the Court ignored prong (4). There are clearly mitigating circumstances in this case that should be weighed in timeliness. For instance the instant action was related to a case 20-CV-3668 that was first wrongly dismissed and subject to reconsideration. That was not decided or granted until October 24, 2020. The facts also show that the Court granted until December 24, 2020 to appoint counsel which it did. Second,

there are three related cases, which consume an extraordinary additional cost in time to file motions and pleadings in each case. The Court has set overlapping schedules in each case. And after counsel appeared in this action, comparatively there was no grant of a 30 or 60 day stay to review or become familiar with the filings so as not to delay the case. Also majority of the filings in this case have also been submitted together with a Pro-se litigant (Kumaran) who is not able to assert claims on behalf of NAM or NHC. Even if Kumaran knew of the action, NAM and NHC were not at that time members of the NFA until September 2020. If anything, more consideration to timeliness and extensions should be accommodated when working with a Pro-Se Plaintiff. None was considered in this motion.

### V – Court is Incorrect that NAM and NHCs Intervention should fall on NRCM's motion

The Court was incorrect in its analysis that "as pointed out by ADMIS" NAM and NHC should have intervened at the same time as NRCM. As a first matter, the facts that are disputed as an procedural error or abuse of discretion NRCM was never permitted the opportunity to file a motion to intervene. The Court should note that ADMIS also do not dispute in their opposition that NRCM was never allowed to file its motion to intervene (ECF76, ECF30, ECF25). Therefore a material error and abuse of discretion in this motion is related to the procedures being followed for intervention. The OrderECF63 states "NAM and NHC should have intervened at the same time as NRCM". However not only do the facts show that Mr. August counsel for NRCM was not on the phone call on February 10, 2021 (ECF60)[3], the Court denied NRCM's ability to even file a motion to intervention. The Court therefore did not grant the rights consistent with its own orders on January 26, 2021 (ECF30) and January 11, 2021 (ECF25) on NRCM's ability to move to intervene. NAM and NHC argue that this was improper procedurally and abuse of discretion that first, neither did the Court permit NRCM to file a motion to intervene, second, it ruled on an oral argument that did not reflect the legal position of the company, and then it claimed that NAM and NHC should have intervened when NRCM did. ADMIS also do not contradict the clearly verifiable facts that NRCM was not granted the ability to move to intervene or file a complaint or counsels absence on an oral motion to add back. Therefore NAM and NHC had no ability to join such a motion. Neither did the Court apply such an arbitrarily standard in case 20-CV-3871. Whether the parties consented or not is irrelevant. In this action, NRCM was denied the ability (ECF26 to filed is motion to intervene). NAM and NHC therefore disagree with the Court's analysis that they could have intervened sooner. Not

---

[3] Another documented error of fact in ECF63 that ADMIS does not oppose. Counsel were not on the February 10, 2021 call when material rulings were made to prejudice the companies.

only that the Court gave new counsel 19 days to oppose a motion to compel after ADMIS had had 109 days in briefing time.

**VI –   Court's arguments on NAM and NHC intervening sooner are contradictory**

The Court wrongly asserts that NAM and NHC were "on notice of this litigation" since May 2020 when the case was first filed. Ms. Kumaran was Pro-Se at that time, and the facts show that NAM and NHC at that time were not CTA's or CPO's. Therefore (as the Court admits) did not have claims accruing to them until after they became members. The Court therefore contradicts itself later in the brief that states that NAM only became an NFA Member in September 2020. Further counsel only appeared on behalf of the corporate entities on December 22, 2020.  Ordinarily when new counsel appears in a case, Courts grant a 30 day stay or 60 days so new counsel can get up to speed. Instead, counsel had a filing in related case on January 14, 2021 and no time to review the matters in related cases. The Court swiftly arranged a conference on January 26, 2021 and without review of all the proceedings and dockets counsel only appeared for NRCM. As was clearly stated during the preparation of the Vision First Amended Complaint between January 15 2021 and March 15, 2021 which is a reasonable 60 days for counsel to get up to speed only then was it determined that claims existed that NAM and NHC needed to preserve. The Court cannot reasonably expect new counsel to get up to speed on three concurrent litigations the day it is retained, which related in part to what we have deemed an abuse of discretion in reasonable scheduling between the three concurrent cases. As was also indicated in the NRCM case, NRCM was never granted the ability to file its motion to intervene, counsel was not even present on the February 10, 2021 conference call, and then was given 19 days to file a Cross Motion to oppose an NRCM Arbitration without even a complete review of the docket and extensive arbitration filings. Given this and the fact that NRCM never formally moved to intervene, there was no motion practice under which this right could have been asserted. Clearly in related case, NRCM,  NAM and NHC moved to intervene and relate back together. This procedural abnormality in not permitting NRCM  to move to intervene, and determining a motion to compel schedule on February 10, 2021 without counsel present is also prejudicial. Clearly by March 15, 2021 NAM and NHC and counsel had enough time to review the pleadings to assert their rights. For this reason, also the Courts' order on timeliness was also erred.

The Court overlooks other facts. It claims Kumaran (Pro-Se) knew of this action back in May 2020. However, at that time, Kumaran was Pro-Se (and still is) and could not bring claims on behalf of

NAM and NHC. Further the Court then admits that NAM's membership only started in September 2020. Further it overlooked other facts that counsel appeared December 22, 2020. Therefore there is no dispute by ADMIS in its opposition, that under any reasonable circumstance, once counsel appeared it had other filing deadlines in related cases. Further the facts show that High Ridge only applied for membership as a CPO on **January 21, 2021** (waiting till after the motion to compel was briefed) so those claims could not have been known. The NAM intervention shows other development of parties becoming Affiliated Persons in NAM in **February 2021**. The Court also ignores substantive arguments in ECF48 that since the cases are nowhere close to discovery and NRCM has not even filed an signed Complaint (pleading), the case is at its earliest stage and intervention not considered untimely. (See ECF48 at 16)

The Court abused its discretion to not allow any Company (either NRCM, NAM or NHC) to file and sign or propose an amended pleading in this action. The Court's argument that it does not know the claims to be asserted by NAM and NHC is also due to undisputed fact (and ADMIS do not oppose this) that NRCM was never permitted either to (a) File a motion to intervene (b) sign and file its own Complaint. If such a motion had been filed just as in the Vision complaint that in the construct of the NRCM Complaint, NAM and NHC would have added their own claims. Since NRCM has also argued the Court abused its discretion to (a) not permit it to file a motion to intervene (b) it arbitrarily and without counsel ruled on an oral motion on February 10, 2020 and overruled its order on January 26, 2021 and (c) not permit NRCM to file its own signed and amended pleading by counsel, NRCM has asserted the Court violated the procedures under Rule 15(a) for NRCM to both intervene, add party, and file an amended complaint from which NAM and NHC could also have filed also their separate complaint.

Therefore NRCM, NAM and NHC also assert the Court did not follow properly Rule 15(a) and 15(c) a in adding back and relation back for NRCM, and by contradicting its own order on January 26, 2021 and January 11, 2021 and impermissibly not allowing NRCM to amend the complaint and file a pleading (which is dissimilar) this was prejudicial to NRCM and all the Nefertiti entities, NAM and NHC. Clearly any amended complaint by NRCM would also have included the complaint from NAM and NHC. ADMIS does not oppose this point, because, this ruling simply "lets them off the hook" and only prejudices Intervenors. That is not in the interests of justice and is manifestly unjust. ADMIS does not dispute the errors in the Court's arguments on NAM and NHC's timing of intervention.

NAM, Reply Page 9

### VII –Error in ECF63 that Issues before the Court are the Same

Contrary to ADMIS motion, NAM and NHC did not rehash old issues. On Pg. 2 ADMIS cited from Order ECF63 that states "*Thus while NAM and NHC argue they should be allowed intervene for the sake of efficiency **the issues before the Court are not the same** and any efficiency benefits do not outweigh the considerations set forth herein*". (emphasis added). However this statement is also not correct and is a factual error. The issues before the Court **are the same**. If ECF63 inferred that because Defendants in 3871 "consented" to intervention, the Court overlooked the fact that on April 20, 2021 also Defendants in 3871 also had "unconsented" to intervention. (See 20-CV-3871 *ECF*61 - letter documenting Defendants refusal to consent to intervention). Instead in 20-CV-3871 the Court ordered the parties to Meet and Confer and submit a joint letter on April 27, 2021 to try to resolve the issues. (20-CV-3871 ECF62, EF66). Therefore there are **procedural** differences, though the initial circumstances of the intervention are identical, and the issues of the underlying claims before the Court are the same. For the same issues, the Court did not order a Meet and Confer in this case, but did in 3871. Further after the filing of the motion to intervene and meet and confer the parties consented.

In addition, the same underlying facts and issues and claims asserted, including the RICO claims for which ADMIS, Kadlec, Boshnack, Rothman and Felag all participated in are the same. Moreover, Kadlec's consent to this jurisdiction, as well as the briefed motion to dismiss on the claims related to his role as CEO of ADMIS, including RICO causes cannot possible support a justification that the "issues before the Court are not the same". The Court also overlooked the consent of Kadlec to the jurisdiction (See 20-CV-3668 identical issues of law and fact ECF98. [4] NAM and NHC's counsel were not present on any "oral argument" on February 10, 2021 to allow any company intervention and the Court arbitrarily ruled on "what it deemed Kumaran a Pro-Se litigant" made as an oral motion.[5] This is clearly an abuse of discretion for which NAM and NHC should not be prejudiced.

*ECF*63 also asserts that NAM and NHC did not attach a pleading. However, there was no requirement for NAM and NHC to attach a pleading in 20-CV-3871 and any oversight in this regard would not have been to apply consistence between the two proceedings. The Court has adopted irregular

---

[4] See Argument in abuse of discretion in procedures on NRCM's intervention.
[5] A clear review of the transcript (ECF61) shows that Kumaran also did not file or volunteer any such motion, and the Court acted on its own accord. Also the facts show that Mr. August was not on the teleconference to represent either NRCM or NAM or NHC's interests. Kumaran also had no authority to file any motions on behalf of NRCM. Therefore the Courts arguments NAM and NHC should have filed a motion at the time of NRCM's intervention is improper as no such motion was filed and the Court ruled without counsel. This was an abuse of discretion, and violated the prior orders ECF30, ECF25

standards between the two motions to intervene. Since the filings between the two cases are substantially similar, and the Court acknowledges in Pg.1 this case is a RICO case, the Vision Complaint clearly articulate on behalf of NAM and NHC, (ECF49) that ADMIS were a party of the RICO Enterprise and their role in the RICO Claims. See 20-CV-3871 ECF49 - ¶579-¶586 defining an Association Enterprise 18 USC 1962 clearly alleging the roles of **ADMIS** and Vision Defendants together in the RICO). Therefore the Court did have notice on the possible claims.

## VIII – Prejudice from Abuse of Discretion in Scheduling

Finally consistent with the motions filed by Kumaran, NAM and NHC have been wrongly prejudiced by an unattainable scheduling between the Orders in this case and related cases. NAM and NHC were prejudiced by an abuse of discretion in review of the Orders, specifically ECF25, ECF 30 that the Court denied NRCM to file an intervention, and the sequence of filings of motions by Plaintiffs, with less than 5 days between motions. NAM and NHC filed their motion to intervene on May 10, 2021 but counsel had another filing due on May 7, 2021 related to NRCM's and Kumaran's motion for Reply. Prior to that, the scheduling orders show briefings and filings and oral argument in related case on April 25, 2021, April 27, 2021 and April 30, 2021. NAM and NHC had just filed their motion to intervene on April 20, 2021 and the Judge ordered a meet and confer. All these circumstances, of the extraordinary tight time frames, support an abuse of discretion that NAM and NHC had no opportunity to file any motion prior. In general FRCP allow 14 days to file a motion or oppose a motion. There has been no grant of 14 days in this or related case for any of the Plaintiffs or Intervenors. Therefore in the alternative to outright denial of a motion to intervene, the Court could simply have requested that within thirty (30) days they file a proposed amended pleading for review. The Court failed to consider "all circumstances" related to the timeliness given its own filings imposed on counsel for this cases of less than **5 days between filings.** The Court has also granted ADMIS 109 days by a large law firm to file and brief the Court, and in NRCM's case, was only granted 19 days. These inequitable procedures should be noted.

## IX – ADMIS fail to dispute the errors in the arguments on NAM and NHC's Membership at NFA Arbitration

Pursuant to FRCP 72(a) NAM and NHC also pointed to errors in the regulatory statutes on the Court's interpretation and analysis on the NFA Arbitration rules for NAM and NHC to arbitrate against ADMIS. (See ECF63 at 16 n14) ADMIS do not dispute the misinterpretation of the NFA Statute.

Specifically the Court erred because it failed to consider Rule 4 of the NFA Arbitration Member Rules, only binds a NAM to an Arbitration for a period of two years since it knew of the actions. As correctly pointed out NAM only became a member in September 2020. But NAM knew about the fraud in October 2018 and as elsewhere rule, the events were prior to its membership. The motion to intervene also states that the NAM and NHC company was delayed by close to three years by the tortious interference of ADMIS in delaying the NAM registration. (ECF48 pg. 3). Therefore it is under no obligation to arbitrate its disputes with ADMIS and this was an incorrect application of NFA Rules. Further because NFA is a party to these proceedings NAM has no obligation and would cite an conflict of interest in any involvement with the NFA in this matter. NAM is free to bring its claims in litigation as it is not bound by under Rule 4 NFA Arbitration rules. As stated in the motion for reconsideration, the Court also was not briefed on this issue and no motion to compel has been filed. The Court also has not allowed any Company (either NRCM, NAM or NHC) to file and sign an amended pleading in this action.

### X – Permissive Joinder Under Rule 20(b)

ADMIS agree that on Pg. 3 that the Court failed to rule on NAM and NHC's permissive joinder under Rule 20(b). NAM and NHC argue this was an incorrect application of the statute. Pursuant to Rule 72(a). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ingenito ID*. However NAM and NHC assert this ruling failed to properly apply FRCP 20. In applying Rule 20, courts must "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " see *Kalie v. Bank of Am. Corp.,* 297 F.R.D. 552, 557 (S.D.N.Y. 2013) )[6] ( (*ECF*46 at 7-8) As argued in *ECF*46, NAM and NHC met the two requirements (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence and (2) there must exist some question of law or fact common to all the parties that will arise in the litigation. See also Cline v. 1-888-Plumb. Grp., Inc., No. 99CIV1401RJW, 2000 WL 342689, at *1 (S.D.N.Y. Mar. 30, 2000). (*ECF*46 at 7). Clearly NAM and NHC met both the two criteria above and the Order was an manifestly unjust and/or an abuse of discretion to not grant permissive joinder. NAM and NHC also argue that it was contrary to law to apply

---

[6] quoting *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir. 1979)).

proper rules of procedure under Rule 20. The motion clearly asserts a occurrences relating to or arising from the same transaction and common issues of law and fact.

### XII – Court misapplied Rule 24(b) should have granted intervention

The Court offers no ruling on NAM and NHC's 24(b) motion. The principal guide in deciding whether to grant permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(2). Clearly since the case has been stayed there will be no delay or prejudice in the adjudication of rights to the original parties. The Court did not assert any analysis of the prejudice to either party in not granting the motion. ADMIS would not be prejudiced as the case would be stayed. Further, NAM and NHC would be prejudiced if it is not granted the rights to intervene as it now has to file a new action, start separate legal proceedings which will incur cost and burden to all parties including the Court. Further the delays could prejudice NAM and NHC assertion of time. Further the Court runs the risk of now a res judicata and collateral estoppel as the new action for NAM and NHC will continue in parallel to the arbitration with NRCM and in parallel to the stay in this action. This would surely contravene justice in parallel litigations on the same subject matter in multiple fora.

For the foregoing reasons NAM and NHC"s motion to intervene should be granted. In the alternative, to prevent manifest injustice the Court could have granted NAM and NHC, thirty days or coincident with the filing of the complaint in the Vision case 3871, to file and attached proposed pleading so that it may assess the claims, prior to outright denying intervention.

Thank you for your consideration.

Respectfully submitted,

//BMA//

Brian M. August Esq
AugustLaw NYC
100 Willoughy Street #9E
Brooklyn, NY 11201
917-664-4465
Counsel for NAM and NHC