<u>**VIA ECF/EMAIL**</u>
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 12C
New York, NY 10007

Re: *Kumaran et al vs. ADM Investor Services  1:20-Cv-03873*-GHW-SDA

### RE:  REPLY TO MR. SCHUMACHER'S LETTER

Dear Hon. Judge Woods,

I write in reply to Mr. Scuhmacher's letter and state that as an attorney he is aware of Rule 1.E and was obligated to respond in the first place with a response in compliance with Rule 1.E(4). The Court has been very particular that a Pro-Se Plaintiff complies with every rule which I am trying to do.

I also object that it sets a double standard. First, Mr Schumacher, offers no legitimate opposition to the dates of May17th and May 18th and sets a double standard which states "*attempting to reschedule the conference to a date next week would necessitate me canceling other appointments and obligations that I have*".

Likewise, I have promptly notified the Court, that it would be prejudicial to me, on the current date of May 13th to also "t*o reschedule appointments and commitments I have*". These are very short notice set for the week of May 9th – May 13th. I am a small business, and I would also incur significant financial costs in cancelling commercial commitments this week. As the Court can see from the email chain, I am also away for Mother's Day 9th - until the 10th, and have another meeting scheduled for the 10th. Because I have a commercial commitment on the 12th and 13th, I cannot take the time of work on the 11th . Mr. Schumacher is also unavailable on the 11th.

I am also a small business, and I have to be able to make my commercial commitments. This conference is therefore at too short notice for the week of 9th -13th.  I have several commitments with the kids this upcoming week, including not just debates, picture days and other events, sports matches, some of which require me to be there during the day that respectfully I cannot change at such short notice. As a parent, during the most important final week of recitals and exams, I need to be there and I cannot cancel these commitments in less than a week.

The Court is aware, Mr. Schumacher has alternate counsel Mr. Doyle that could readily appear on either of the other dates **May 17th or May 18th.**

Page 2

Second, Mr. Schumacher offers no objection to the week of **May 31st – June 3rd** in which all parties are fully available without conflict.

Third, he is requesting "he has personal family matters during the week of May22nd, 2022" that he wishes the Court to accommodate his "personal family matters". Mr. Schumacher, as an attorney, should not be scheduling his personal matters to delay his own client's interest. Therefore accordingly a double standard should not apply I have also notified the Court I also have personal family matters Sunday 8th – Tuesday 10th and also throughout next week.

It appears that all parties are conflicted the week of May 22nd – May 26th as I have a briefing schedule that week and Mr. Kostus is travelling internationally.

Fourth Mr. Schumacher's opposition to delaying an Arbitration are also not consistent with the Court's order and the Panel's Order staying the foregoing arbitration. Since this matter and the Arbitration are stayed, his excuse is not plausible as the cases are all stayed

I am respectfully not available due to several prior commercial and personal commitments, next week May 9th – May 13th (including on the 10th and 11th) and am away for Mother's Day up until Tuesday.

Given that all parties are available May 31st – June 3rd with sufficient notice, I respectfully seek the Court re-schedule this with enough notice.

In the alternative, I also propose the dates if the Court desires on May 17th and May 18th.

Unfortunately I cannot reschedule prior commitments from May 9th – May 10th as Mr. Schumacher proposes, at such short notice, as these also include confirmed commercial arrangements. It is also too short notice to cancel.

I would appreciate the Court's accord, for the same reasons that Mr. Schumacher states, I am unable to move those meetings at such short notice for next week which will cause me financial hardship.  Further, I respectfully argue that there should no prejudice to ether party.  Accordingly the week of May 31 – June 3 is without conflict for all. Also May 17 and May 18, it is noted that ADMIS does not mention that Mr. Doyle cannot attend instead.

Thank you.

Respectfully submitted,
//SSK//
Samantha S. Kumaran
Individual Plaintiff