**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 12C
New York, NY 10007

LETTER MOTION FOR SANCTIONS AND COSTS

Dear Hon. Judge Woods,

Plaintiffs write for an award of costs and sanctions to be imposed upon Attorney David Kostus, for the costs of rescheduling the hearing for Plaintiffs and also for the indemnification provisions for Mr. Joel MacMull's attorneys fees to re-perform his services on his behalf. In addition, Plaintiffs respectfully seek an Order from the Court, that Mr. David Kostus is required to respond to the Court's May 13, 2022 Order, and provide his schedule of availability and also attend in person oral argument on the motions he filed and signed.

In addition, in accordance with the above, I respectfully seek relief from the Court as follows:

    *First*, I respectfully request that Mr. Kostus be required by the Court to complete his obligations under the retainer as he has represented and warranted he would do so and be required to complete the retainer as executed. This includes without limitation, attending Court conferences and filing the Reply briefs on the outstanding motions. It would be prejudicial for me to have to replace counsel again. He is contractually obligated to respond to phone calls and emails, and comply with Court Orders, and also notify the Clients of his unavailability, and comply with the New York Code of Professional Conduct. Under the express terms of his retainer, he has agreed at his cost, to find substitute counsel and back-up law firm. He is also required under professional codes of conduct, and under specific language of the retainer to indemnify Plaintiffs of his breaches. None of these common professional courtesies have been followed. He is also required to "handle the matter" zealously and to properly understand the underlying rules and issues. He cannot simply "abandon" his duties and leave others doing his job. NAM, NHC and NRCM (dissolved) do not authorize additional billing by Mr. MacMull on behalf of Kostus' default. Therefore I first seek relief from the Court, that Mr. Kostus is not simply allowed to "disappear" off the grid, and must respond and comply with the Court Orders and cannot breach his retainer. Therefore I am requesting an order from the Court, that Kostus is required to attend this hearing, on the briefs he signed, and also notify the Court of his own availability.

    *Second*, Kostus signed a representation and warranty that if there is some circumstance that he is unavailable for any reason whatsoever, he is required to send a backup or affiliate himself with another law firm to substitute his work on a contingency basis. Kostus was referred to me by Jason Spiro at Spiro Harrison. In speaking to Kostus last week, he told me again he was in frequent contact with Jason Spiro, who was in fact advising him on this upcoming May 13 conference. In fact Mr. Spiro said he spoke to Kostus the day before on May 12, 2022 and Kostus told him also he was preparing and planning to attend. It is unclear to everyone what happened. That said, Kostus has signed representation and warranties that he is obligated to provide substitute counsel in the event of his unavailability. Therefore I respectfully seek relief, that Kostus is required to fulfil those contractual representations and warranties, and if necessary appoint Spiro Harrison or Segal MacMaster to appear jointly with him on the record, so that if he continues to be absent or unavailable, the client is not prejudiced. New York Code of Professional Responsibilities required Mr. Kostus to associate with another law firm, if for instance the work is "too complicated" for him or beyond his expertise, without "associating with a lawyer who is

competent to handle it". See Rule 1.1(b) [1] Crucially he is not permitted to intentionally prejudice of damage the client in the course of representation, for instance by simply blowing through deadlines. See Rule 1.1(c) [2]

*Third*, Kostus has signed an indemnification clause to the Clients and Plaintiffs that he must comply with the New York Rules of Professional Conduct and has agreed to indemnify Clients and Plaintiffs in the event of his failure to do so. (See Paragraph 13 of the Retainer). Under those rules Kostus simply cannot abandon his duties and miss deadlines. "Because of the lawyer's vital role in the legal process, the lawyer should act with competence and proper care in representing clients." EC 6–4 states: "Having undertaken representation, a lawyer should use proper care to safeguard the interests of the client." EC 6–3 states, in part, "Proper preparation and representation may require the association by the lawyer of professionals in other disciplines." Disciplinary Rule ("DR") 6–101, entitled "Failing to Act Competently," provides:

    A. A lawyer shall not:
        1. Handle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it.
        2. Handle a legal matter without preparation adequate in the circumstances.
        3. Neglect a legal matter entrusted to the lawyer.

The Lawyer's Code of Professional Responsibility, as adopted by the New York State Bar Association ("NY Code"), makes clear: "Full availability of legal counsel requires both that persons be able to obtain counsel and that *lawyers who undertake representation complete the work involved.*" NY Code, EC 2–31 (emphasis added). Moreover, "[a] lawyer shall not ... [n]eglect a legal matter entrusted to the lawyer," *id.,* DR 6–101(A)(3), and "shall not intentionally ... [f]ail to carry out a contract of employment entered into with a client for professional services [or] ... [p]rejudice or damage the client during the course of the professional relationship," *id.,* DR 7–101(A)(2), (3).

EC 7–1 provides: The duty of a lawyer, both to the client and to the legal system, is to represent the client zealously within the bounds of the law, which includes Disciplinary Rules and enforceable professional regulations. The professional responsibility of a lawyer derives from membership in a profession which has the duty of assisting members of the public to secure and protect available legal rights and benefits. In our government of laws and not of individuals, each member of our society is entitled to have his or her conduct judged and regulated in accordance with the law; to seek any lawful objective through legally permissible means; and to present for adjudication any lawful claim, issue, or defense.

A lawyer who has undertaken a professional representation of a client is not at liberty to simply abandon that responsibility. The subject is dealt with in DR 2–110 of the Code, entitled "Withdrawal from Employment." Subsection (A) of DR 2–110 provides:
**A.** In general.
    1. If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before the tribunal without its permission.
    2. Even when withdrawal is otherwise permitted or required under section DR–2–110(A)(1), (B) or (C), a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.
    3. A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

---

[1] **Rule 1.1(b)** A lawyer shall not handle a legal matter that the lawyer knows or should know that the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it.
[2] **Rule 1.1(c)** *(2)* **A** lawyer shall not intentionally: prejudice or damage the client during the course of the representation except as permitted or required by these Rules.

I write in advance of the upcoming deadline to advise the Court, Kostus has disappeared, or is missing-in-action, and is in material breach of his retainer, and has not requested any leave form the Court to excuse his performance. Therefore I request no prejudice to his clients or company entities. "Until an attorney of record is discharged by order of the court or by the filing of the consent of the retiring attorney and party in the prescribed form, the attorney represents the party." (citations omitted); *Moustakas v. Bouloukos,* 112 A.D.2d 981, 983, 492 N.Y.S.2d 793 (2d Dep't 1985) *Langrick v. Rowe,* 32 N.Y.S.2d 328 (N.Y.Sup.Ct.1941) ("When an attorney has appeared for a party in a cause or proceeding, both are estopped from denying the existence of the relationship of attorney and client," and "such authority and representation continue at least until some formal designation of discharge or substitution has been filed").

I do not discharge Mr. Kostus from his duties and neither do I consent to a "default" withdrawal where I am forced to agree to have Mr. MacMull substitute him under the terms of the current retainer. The companies do not consent to that and have not executed such a retainer. Kostus is in breach of the New York Code of Professional Responsibilities, and he has signed an indemnification provision to me and the clients for his default. Therefore if Kostus cannot perform his services, I am respectfully requesting the Court enforce the indemnification provisions, and Kostus be required to compensate or find backup or substitute other counsel, be it Jason Spiro, who made the referral and vouched for this person's credibility, other associates at Spiro Harrison, Segal McCambridge or even Joel MacMull, to replace his work product and meet the Court deadlines.

"[A] lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules." N.Y.Code, DR 2–110(A)(2)

When Mr. August moved to withdraw, there was not much time before the April 1, 2022 deadline to search for counsel, and I moved quickly and <u>relied upon referrals</u> to meet the deadline. Spiro Harrison are a credible firm and Jason Spiro's personal reference was relied upon. Spiro is a from a Boies Schiller offshoot and appears to have very credible staff and attorneys. However, without explanation, the new attorney, who still lists himself as "of-counsel" has gone missing. I do not want any part of these shenanigans. I am sure this is a violation of the New York Code of Professional Conduct. Also if Mr. Spiro referred this attorney as responsible and accountable, and there is a substitution provision in the retainer, for affiliated counsel, I respectfully request the Court should uphold that provision and have Jason Spiro or a member of his firm substitute in so that the client is not prejudiced – under the same contingency terms.

Given the time sensitivity of the upcoming May 25, 2022 – which is specifically being arranged for the week that Mr. Kostus is travelling internationally, I am respectfully requesting a timely telephonic conference with the Court to address Mr. Kostus disappearance, and if necessary, an adjournment of his filings until this serious issue is resolved, so as not to prejudice the company entities. If I have to go through another replacement of counsel, I do not believe that is fair – as attorney Kostus has not moved to withdraw, and it is the attorney who is breaching his professional responsibilities. The clients and myself should not be prejudiced accordingly. I also cannot personally guarantee MacMull's retainer due to a default and breach by Mr. Kostus. Kostus is required to indemnify me and the Nefertiti entities for any hourly charges MacMull is having to incur to perform his work

I therefore respectfully move this Court for full relief under the indemnification provisions Kostus' signed and breach of his representations and warranties and other professional and contractual obligations, for his ongoing disappearance and all outstanding work under his retainer.

Accordingly I am seeking the following relief from the Court of costs and sanctions
1)   Costs of Plaintiff Kumaran's return Airfare to Fly Back May 24-May 25, 2022

2) Costs and Legal Fees of Joel MacMull to undertake Mr. Kostus' work, that he is required to indemnify under the retainer.
3) An Order from the Court that Attorney David Kostus contact the Court, provide notification of his availability and that Mr. Kostus be required to attend this conference on the briefs he filed and signed.

Thank you.

Respectfully submitted
//SSK// Samantha S. Kumaran
Individual Plaintiff
Authorized Representative of NRCM, NAM and NHC