## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SAMANTHA SIVA KUMARAN, et al.,

*Plaintiffs,*

*v.*

ADM INVESTORS SERVICES, INC,

*Defendant.*

Civil Action No.

20-cv-3873

## Memorandum of Law in Support of Counsel's Motion to Withdraw

Joel G. MacMull
**MANDELBAUM BARRETT PC**
570 Lexington Avenue, 21st Floor
New York, New York 07068
Tel. (973) 295-3652
jmacmull@mblawfirm.com

*Attorneys for the Corporate Plaintiffs*

1

Movant Joel G. MacMull, Esq. and the law firm of Mandelbaum Barrett PC (collectively, the "Firm"), counsel of record for the corporate plaintiffs Nefertiti Risk Capital Management, LLC, Nefertiti Asset Management, LLC, Nefertiti Holding Corporation   (collectively "Corporate Plaintiffs"), in the above-captioned action, respectfully submit this memorandum of law, together with the accompanying declaration of Joel G. MacMull, Esq., in support of its motion for an order pursuant to Local Rule 1.4 of this Court and Rules 1.16(c)(4), (5) & (6) of the New York Rules of Professional Conduct: (1) granting the Firm leave to withdraw as counsel for the Corporate Plaintiffs; and (2) granting the Firm such other relief which to the Court seems proper.

## PRELIMINARY STATEMENT

As set forth more fully in the Declaration of Joel G. MacMull, Esq. ("MacMull Decl."), the Firm seeks leave to withdraw as counsel of record for the Corporate Plaintiffs for the following reasons: (1) Corporate Plaintiffs and the Firm have divergent and irreconcilable views regarding the litigation strategy to employ in this matter; (2) Corporate Plaintiffs have repeatedly failed to cooperate with the Firm's recommendations in the prosecution of this action; and (3) the Corporate Plaintiffs have indicated their unwillingness or inability to pay the Firm's legal fees and expenses.

Prior to making this motion, the Firm advised Samantha Kumaran, the principal of the Corporate Plaintiffs, that it would file a motion to withdraw on the grounds set forth herein. The Corporate Plaintiffs do not consent to the Firm's withdrawal as their counsel on grounds that their engagement with co-counsel on

this matter, David Kostus, Esq., in some way obligates this Firm's continued representation. The relevant background facts and procedural history of this matter are set forth in the MacMull Declaration.

## ARGUMENT

It is clear that district courts have wide discretion in deciding to grant a motion for an attorney's withdrawal. *See Angel Medina, A/K/A Antonio Pineda, Pl., v. Todd Angrignon, Et Al., Defendants. Additional Party Names: John Schlaggel, Leonard Janora*, No. 15-cv-0427, 2022 WL 1555083, at \*4 (W.D.N.Y. May 17, 2022) (quoting *United States v. Estate of Wiesner*, 2017 WL 1450594, \*6 (E.D.N.Y.), *report and recommendation adopted*, 2017 WL 1458724 (E.D.N.Y. 2017)). Withdrawal of counsel from representation is governed by Rule 1.4 of the Local Civil Rules for the Southern District of New York which provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

This Court also may consider the New York Rules of Professional Conduct ("RPC"), including RPC sections 1.16 (c)(4), (5), and (7), which permits an attorney to withdraw from representing a client where the client fails to pay for legal services rendered, insists upon taking action with which the lawyer has a fundamental disagreement, or fails to cooperate in its representation. 22 N.Y.C.R.R. § 1200.0.16(c)(4), (5), & (6). Specifically, RPC 1.16 permits withdrawal if "the client

insists upon taking action with which the lawyer . . . has a fundamental disagreement," "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or "the representation has been rendered unreasonably difficult by the client." RPC 1.16 (c)(4), (5), and (6). Each of these conditions are present here.

## I. Irreconcilable Differences and Failure to Cooperate in the Prosecution of this Action Warrants Withdrawal of Counsel.

Under Rule1.16(c)(4) of the RPC, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement" or an irreconcilable conflict exists between the attorney and client. Furthermore, under Rule 1.16(c)(6), the lawyer may withdraw where "the representation . . . has been rendered unreasonably difficult by the client." *See U.S. v. Cole*, No. 19-cv-869, 2022 WL 615046, at *2 (S.D.N.Y. Mar. 2, 2022) (withdrawal motion granted where there was an irretrievable breakdown in the attorney-client relationship); *see also Karimian v. Time Equities, Inc.,* Case No. 10-cv-3733, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011).

Withdrawal also has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Tufano v. City of New York*, No. No. 94-cv-8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); *Sansiviero v. Sanders*, 499 N.Y.S.2d 431, 431 (2d Dep't 1986) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see*

*also Casper v. Lew Lieberbaum & Co.,* No. 1999 WL 335334, at \*5 (S.D.N.Y. May 24, 1999) (permitting withdrawal "where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.,* No. 05-cv-488, 2008 WL 4367540, at \*4 (W.D.N.Y. Sept. 18, 2008).

## II.     Failure to Pay Legal Fees Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel.

The Second Circuit has acknowledged that a client's refusal to pay attorney's fees may constitute "good cause" to withdraw. *U.S. v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (citing *McGuire v. Wilson,* 735 F. Supp. 83, 84 (S.D.N.Y. 1990)). This is particularly true where, as here, the client's deliberate disregard of its financial obligations is coupled with a failure to cooperate with counsel. *Id.*

Moreover, this Court has found that the failure to pay legal fees is a legitimate ground for granting a motion to withdraw as counsel, and counsel is not required to work *pro bono. See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08-cv-6469, 2011 WL 672245 at \*1 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.,* No. 03-cv-3038, 2006 WL 1676485, at \*1 (S.D.N.Y. June 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw."); *HCC, Inc. v. RH&M Mach. Co.,* No. 96-cv-4920, 1998 WL 411313, at \*1 (S.D.N.Y. July 20,

1998) (granting withdrawal and stating that it would not "impose on counsel an obligation to continue representing [corporate] defendants pro bono").

### III.   The Firm Satisfies the Standards for Withdrawal as Counsel.

As set forth above, courts regularly grant counsel's motion for leave to withdraw, where, as here, (1) there are diverging and irreconcilable views with respect to the appropriate strategy to employ in a litigation; (2) a client fails to cooperate with the advice of counsel; and (3) a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of irreconcilable differences as to litigation strategy, the Corporate Plaintiffs failure to follow the advice of counsel in the prosecution of their case, and failure to pay the Firm's invoices for its legal fees and expenses, the motion to be relieved as counsel for the Corporate Plaintiffs should be granted.

The Firm is seeking to withdraw as counsel in this action pursuant to Local Rule 1.4 of this Court and Rules 1.16(c)(4), (5), and (6) of the New York Rules of Professional Conduct. The New York Rules of Professional Conduct require counsel to maintain the confidences of the Corporate Plaintiffs. Because of that requirement, undersigned counsel respectfully submits that the explanation provided is sufficient. *See, e.g.,* N.Y. State Bar Ass'n Comm. On Prof. Ethics, Advisory Op. 1057 (2015), 2015 WL 4592234, at *3 ("the Rules anticipate that the court will usually not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require withdrawal"). At the Court's request, the Firm will provide additional information for *in camera* review.

**IV.   Withdrawal of Counsel Will Not Prejudice Plaintiffs or Defendants.**

None of the other parties will be materially prejudiced by the Firm's withdrawal. At most, and assuming the Court is inclined to issue an Order providing the Corporate Plaintiffs with 30 days to obtain new counsel just as it did on March 2, 2022, in granting the motion of prior counsel, Brian M. August, to be relieved (ECF No. 96), any additional delay would be minimal; particularly, given that several motions remain *sub judice* with the Court.

Accordingly, the Firm respectfully requests the Court to grant its motion for leave to withdraw as counsel for the Corporate Plaintiffs.

**CONCLUSION**

For all of the foregoing reasons, the Firm respectfully requests that this Court grant its motion to withdraw as counsel for the Corporate Plaintiffs.

Respectfully submitted,

Joel G. MacMull
**MANDELBAUM BARRETT PC**
570 Lexington Avenue, 21st Floor
New York, New York 07068
Tel. (212) 776-1834
jmacmull@lawfirm.ms

*Attorneys for the Corporate Plaintiffs*

May 19, 2022