```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------------ X
:
SAMANTHA SIVA KUMARAN, et al.,          :
                                        :
                    Plaintiffs,         :       1:20-cv-3873-GHW
                                        :
        -v -                            :       ORDER
                                        :
ADM INVESTOR SERVICES, INC.,            :
                                        :
                    Defendant.          :
                                        :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/2022

GREGORY H. WOODS, United States District Judge:

On June 7, 2021, The Honorable Stewart D. Aaron issued an order granting Defendant's motion to compel arbitration in part and denying it in part. Dkt. No. 63. NRCM filed a motion challenging that order. Dkt. No. 71. On February 18, 2022, the Court held a conference regarding NRCM's objections to Judge Aaron's order. The Court overruled the objections and issued an order to that effect. *See* Dkt. Nos. 90, 97. On May 4, 2022, Plaintiffs filed a motion for certification of an interlocutory appeal. Dkt. Nos. 119–20.

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Thus, interlocutory appeals are "strongly disfavored." *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010). Even so, a district court may certify for appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (quoting *Segedie v. The Hain Celestial Grp., Inc.*, 14-cv-5029, 2015 WL 5916002, at *1 (S.D.N.Y. Oct. 7, 2015)).

In the motion, Plaintiffs argue that the Court's February 18 order involved a number of

controlling questions of law to which there is a substantial difference of opinion. Although Plaintiffs identify multiple legal questions, Plaintiffs do not explain how the Court's order resolved those questions. At the June 2, 2022 conference, the Court explained that it was unclear whether the Court's order resolved any of the legal issues identified by Plaintiffs. The Court posed this question to Mr. Kostus but Mr. Kostus was unable to answer the question.

Plaintiffs have failed to present coherent arguments regarding the legal issues they identify in their motion. For example, with respect to Plaintiffs' arguments regarding 7 U.S.C. § 25(b), the Court observed at the February 18, 2022 conference that "NRCM's briefing on this issue is poorly drafted and particularly unclear" and that "[c]ounsel was unable to provide any argument to clarify the nature of their position during [the] conference." Transcript of February 18, 2022 conference at 48. At that conference, former counsel for NRCM admitted that he had not drafted or reviewed the briefs, instead, the briefs were prepared by Ms. Kumaran.

Plaintiffs' current motion continues this pattern. Plaintiffs' arguments are sprawling and largely incoherent. The Court's attempts to gain clarity on the arguments have failed—neither previous counsel nor Mr. Kostus were able to clarify the arguments when asked by the Court. As currently presented, the basis of Plaintiffs' arguments is unclear. More fundamentally, it is unclear whether the Court's prior order involved any of the legal questions identified by Plaintiffs. As a result, the Court does not have sufficient information to resolve Plaintiffs' motion.

For these reasons, Plaintiffs' motion for certification of an interlocutory appeal is denied without prejudice. Because the Court understands that NRCM's arguments were originally made by Ms. Kumaran, who is *pro se*, rather than counsel, the Court would benefit from the clarity of argument that the Court knows from experience that Mr. Kostus can provide.

To the extent that a renewed motion argues that the Court's February 18 order involved controlling questions of law for which certification is appropriate, the Court requests that Mr.

Kostus explain how the Court's prior order involved those questions. Further, the Court requests that Mr. Kostus present full briefing on behalf of NRCM regarding the substance of any such questions of law, to the extent that NRCM can advance nonfrivolous arguments. For example, to the extent that NRCM argues that there are controlling questions of law regarding the interpretation of 7 U.S.C. § 25(b) and (c), the Court requests that Mr. Kostus explain the application of those sections to Defendant's motion to compel arbitration.

Any renewed motion for certification of an interlocutory appeal must be filed no later than June 16, 2022. Mr. Kostus is directed to submit an affidavit in connection with the motion affirming that he drafted the motion. Defendant's opposition is due no later than fourteen days following service of Plaintiffs' motion; Plaintiffs' reply, if any, is due no later than seven days following service of Defendant's opposition.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 119.

SO ORDERED.

Dated: June 9, 2022
New York, New York

GREGORY H. WOODS
United States District Judge