**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 12C
New York, NY 10007

Re: *Kumaran et al vs. ADM Investor Services* 1:20-Cv-03873-GHW-SDA
Re: *Kumaran et al vs. ADM Investor Services* 1:20-Cv-03668-GHW-SDA

### MOTION TO STAY UNTIL KOSTUS' REPRESENTATION AND ACCESS TO ECF NOTICES IS RESOLVED

Dear Hon Judge Woods,

      I write promptly to notify the Court that I have just heard from Mr. Kostus who called me after I sent an email that questioned why he failed to show up in Court conference on Jun 10, 2022 at 4pm and had missed several other filings on behalf of the Corporate Plaintiffs, which he was aware were due on Jun 9, 2022. I also alerted him that I was concerned about serious prejudice to the clients. Since NAM and NHC are corporate entities they also have stake holders that are also concerned.

      Mr. Kostus then said the reasons for his absence was "that he did not know there was a Court conference on June 10, 2022 at 4pm". I told him, that I found this not plausible, because I am sure he is receiving the ECF Filing notifications (and as an attorney of record he is required to also receive them) and I had also forwarded to him an email reminder of the conference. I am also respectfully requesting leave to file copies of my communications with Mr. Kostus in camera, related to his awareness of both the filings deadlines and the Court conference.

      Also, I need to point out a serious concern in Mr. Kostus's compliance with his New York Rules of Professional Conduct, and because the information I need to share is confidential and privileged, regarding his explanations for not being available I seek permission to file the attached letter *In Camera*. I do not believe Mr. Kostus's explanation of missing filing deadlines or not showing up at the conference is due to not receiving email communications from the Court. As part of his commitments to being an ECF user and appearing in the case he is required as an attorney to check the ECF filings daily. His explanation "he did not know of the Court conference" is a complete dereliction of his duties – and appears to be an attempt to get out of the case or avoid his award of attorneys fees. I also object to an attorney trying to abandon a client by simply pretending he does not know of his deadlines.

      When I asked him about his communications with Mr. Schumacher on June 8, 2022 (which I was not a party to) Mr. Kostus hung up the phone on me. I am also reporting a serious concern to what is transpiring, and a serious lack of compliance with attorney codes of conduct, to comply with professional codes of conduct. I was previously told by Mr. Kostus, that Mr. Schumacher has advised him to withdraw from the case. This is also inappropriate. Clearly Defendants seek to benefit if the Corporate Plaintiffs default.

      By virtue of attorney client privilege, I respectfully seek permission to file and attach all this weeks emails between myself and Mr. Kostus in camera. Since Mr. Kostus could cause significant prejudice to the clients, in not fulfilling his duties, I am seeking an immediate in camera filing and to extend both mine and any corporate filings, as Mr. Kostus is not in compliance with his duties to his client, and is also

violating Court rules to either (as he states) is not receiving or reading any of his ECF Court filings notices, and also not communicating with the client.

To avoid any further prejudice to the Corporate Plaintiffs, I respectfully seek that this matter with Mr. Kostus is resolved, urgently, as he is not permitted under the rules to neglect his duties and he is not permitted to withdraw without consent or leave of the Court. Neither can he "withdraw by default" by simply not checking his emails and ECF Filings, and potentially cutting a deal to default the corporate plaintiffs, in exchange for not having to pay his court sanctions.

After I also questioned his explanations for why he did not complete for instance the Corporate Plaintiffs filings that he himself knew were due on June 9th, as he attended the Court conference on June 2nd 2022 he simply did not respond and then when I asked him what about his conversation that Mr. Schumacher filed on the dockets that occurred on June 8, 2022 he then hung up the phone. I have not been able to reach him back. He was not able to provide any explanation which is required to do as a lawyer who is a fiduciary to his clients interests. Nor did he explain why he missed the June 9 filings. I have several emails and text messages to him and he is coped on the communications the Court already has that were filed on June 9 by Mr. Schumacher.

Your Honor, a client must be able to get a plausible explanation from the attorney on his compliance with court deadlines, filings and a Court ordered hearing. I have (as the emails will show) all week been extremely polite and patient, but the attorney cannot simply derelict his duties and abandon the client, without seeking leave of the Court to withdraw. His explanations he is not getting emails and ECF Filings, is not consistent with the ECF filing rules and is a complete violation of his rules and codes of conduct.

I recall in the recent Conference on Jun 10, 2022 the Court referred me to a case regarding the lawyers ethical duties and solemn duties. I researched that case – it states that "[A]n attorney's ethical duty to advance the interests of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct." *Nix v. Whiteside,* 475 U.S. 157, 168, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). Lawyers face sanctions, among other things, for suits presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. Rules Civ. Proc. 11(b), (c). Model rules of professional conduct adopted by many States impose outer bounds on an attorney's pursuit of a client's interests. See, *e.g.,* ABA Model Rules of Professional Conduct 3.1 (2009) (requiring nonfrivolous basis in law and fact for claims asserted); 4.1 (truthfulness to third parties). In some circumstances, lawyers may face personal liability for conduct undertaken during representation of a client. See, *e.g., Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N. A.,* 511 U.S. 164, 191, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 600, 130 S. Ct. 1605, 1622, 176 L. Ed. 2d 519 (2010)


I respectfully remind the Court of an attorney's duties under the contract. (See attached Exhibit 1). I also remind the Court of Mr. Kostus own letters and representations to the Court in letter on May 23, 2022 that he was "putting in place procedures" and this would not happen again. (See attached Exhibit 2)

The client is in a difficult position because if I tell him he is not complying with his retainer he can then say that I am not being polite.  That should not be how it works. As the rules of ethics under the bar provide an attorney must "advocate the interests of the client zealously". If he misses a deadline, and I call him or email him, stating the facts of how he missed a deadline, this does not give him grounds to "get out of the case'. The client should not be prejudiced by his default withdrawal, because he has been dinged for sanctions against Mr. Schumacher.

It is generally said of the attorney-client relationship that '[w]hen an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause.' " Malarkey v. Texaco, Inc., 81 Civ. 5224 (CSH), 1989 WL 88709, at *1 (S.D.N.Y. July 31, 1989) (quoting Rindner v. Cannon Mills, Inc., 127 Misc. 2d 604, 605 (Sup. Ct. Rockland Cty. 1985) ); see also United States v. Vilar, 731 F.3d 255, 257 (2d Cir. 2013) (" 'Full availability of legal counsel requires ... that lawyers who undertake representation complete the work involved.' " (quoting Lawyer's Code of Professional Responsibility, adopted by New York State Bar Association ("NY Code"), EC 2-31) ); Foster v. City of New York, 96 Civ. 9271 (PKL), 2000 WL 145927, at *4 (S.D.N.Y. Feb. 7, 2000) ("[I]n the absence of a compelling justification, the Court will not relieve an attorney from his obligations.").

This is a breach of codes and canons of an attorney's duties to his clients. If Mr. Kostus is simply trying to get out of the case because he does not want to pay the sanctions to Mr. Schumacher, then that is not permitted under the rules. Neither can he cut a deal with opposing counsel to settle my claims without my consent, or default his clients, to also avoid his award of sanctions. Mr. Kostus also cannot simply try to avoid his duties, because he is on a contingency, and neglect his professional duties (such as not checking his ECF notices, emails) and become oblivious to court rules. That is conduct that should subject an attorney to serious disciplinary conduct and not be permitted, as the Court also has to consider the prejudice to the Corporate Plaintiffs.

Mr. Kostus is counsel of record for the Corporate Plaintiffs. He also cannot fabricate a problem, that "he does not get his ECF notices or emails" in order to try to now try to get out of a case and to "not pay his sanctions" . I am respectfully now noticing he is trying to use this sanctions as an excuse to get out of the case, and therefore to thus "withdraw by default" without leave of the Court. I am filing under seal a very serious concern I have with ethics now, also in including in the ex-parte communications with Mr. Schumacher. It is clear that Schumacher's clients will benefit if NRCM defaults. This is completely unethical.

As such, as per my prior motion, I am filing for an emergency stay, until Kostus' representation is resolved, and his failure to comply with Court rules, and also renewing my motion for extension for both the Local Rule 6.3 filings in case 20-CV-3668, and also any NRCM and NAM and NHC filings in 20-CV-3873, until this problem with Mr. Kostus is resolved **so there is no prejudice to the Corporate Plaintiffs.** Based on today's call, I have reason to believe, Mr. Kostus may be attempting to "withdraw by default", without leave of the Court, and thus to avoid the sanctions if the Corporate Plaintiffs are forced to default. This is in complete violation of the New York Codes of Professional Conduct, and is completely prohibited by both attorneys, and I must report and complain about the conduct immediately. I also seek no prejudice to the corporate plaintiffs.

I also need to report and complaint, serious violations of the New York Codes of Professional Conduct for Mr. Kostus to claim he is not be receiving his emails and ECF notices, which I believe to be not true, because he did receive my email today. As I will state in the affidavit, Mr. Kostus last week told me of serious violations also of Mr. Schumacher in the communications that occurred, that suggested Mr. Kostus settlement my claims in exchange for his sanctions, and threats to his career if he continues. If Mr. Kostus is missing deadlines, and defaulting the Corporate Plaintiffs to avoid his legal fees, I have a serious complaint to the Court. That is also potentially sanctionable in itself.

As per attached motion, I am requesting to file the information in camera, because I do not wish to disclose any attorney client privilege. Mr. Kostus cannot intentionally, or by pretending he does not get his ECF notices, default his clients and intentionally miss filing deadlines to alleviate himself from his own responsibilities and award against him for attorney's fees in not showing up for a conference, and intentionally try to default in order to get himself out of a case. This could cause serious prejudice to the

case and his clients and it is expressly not permitted under the rules. I am filing this letter as urgent, because of the pending deadlines, and to avoid serious prejudice to the corporate plaintiffs and a complete violation of New York Code of Rules of Professional Conduct. I was not aware of the ECF problem before, and I did alert the court this week, in ECF190, ECF191 and ECF192 that there was a concern in ex-parte communications with opposing counsel.

I do not discharge Mr. Kostus from his duties and neither do I consent to a "default" withdrawal where I am forced to agree to someone at full price to substitute him. Kostus agreed to take this case on a contingency and the Court cannot allow an attorney to simply derelict his duties to get out of a case. Kostus is in breach of the New York Code of Professional Responsibilities.

If Mr. Kostus is also not receiving any of his ECF filings like he just told me that could also cause significant prejudice to Corporate Plaintiffs and must be rectified immediately. I have also attached as Appendix A – some of the New York Codes of Professional Conduct being violated.

I urgently seek a resolution from the Court on this, as it could cause substantial prejudice to his clients, if Mr. Kostus continues to just blow off his deadlines, not answer his phone, and claim he doesn't get ECF notices. It is also not a permissible way to withdraw or abandon his duties without leave of the Court.

Accordingly, I am filing for an emergency stay on the filings due in 20-CV-3873 and 20-CV-3668 so that Mr. Kostus' representation can be resolved and the corporate plaintiffs do not suffer a material injustice or substantial prejudice in not having their attorney of record fulfil the duties he is obligated as a member of the bar to fulfil and simply state "I didn't get the ECF notice". When I asked about the June 9 filings ordered on June 2 that he was in attendance for and therefore cannot pretend he did not know these filings had to made, he refused to answer the question and he simply hung up the phone to me.

I also oppose any default withdrawal, to allow Mr. Kostus to shirk his duties to the client, and miss deadlines, to try to avoid his commitments to the case, and to intentionally pretend he does not know of the deadlines to try to get out of the case and then avoid his attorneys fees awards. As an Officer of the Court he is not permitted <u>at any time, to prejudice his clients</u>. I am also alerting the Court of a serious potential ethical violation here.

I also notify the Court Mr. Kostus confirmed there was no medical issue whatsoever causing his absence.

Respectfully submitted,
//SSK//
Samantha Siva Kumaran

# APPENDIX A

APPENDIX A

New York Rules of Professional Conduct aUnder those rules Kostus simply cannot abandon his duties and miss deadlines. "Because of the lawyer's vital role in the legal process, the lawyer should act with competence and proper care in representing clients." EC 6–4 states: "Having undertaken representation, a lawyer should use proper care to safeguard the interests of the client." EC 6–3 states, in part, "Proper preparation and representation may require the association by the lawyer of professionals in other disciplines." Disciplinary Rule ("DR") 6–101, entitled "Failing to Act Competently," provides:
    A. A lawyer shall not:
        1. Handle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it.
        2. Handle a legal matter without preparation adequate in the circumstances.
        3. Neglect a legal matter entrusted to the lawyer.

The Lawyer's Code of Professional Responsibility, as adopted by the New York State Bar Association ("NY Code"), makes clear: "Full availability of legal counsel requires both that persons be able to obtain counsel and that *lawyers who undertake representation complete the work involved.*" NY Code, EC 2–31 (emphasis added). Moreover, "[a] lawyer shall not ... [n]eglect a legal matter entrusted to the lawyer," *id.,* DR 6–101(A)(3), and "shall not intentionally ... [f]ail to carry out a contract of employment entered into with a client for professional services [or] ... [p]rejudice or damage the client during the course of the professional relationship," *id.,* DR 7–101(A)(2), (3).

EC 7–1 provides: The duty of a lawyer, both to the client and to the legal system, is to represent the client zealously within the bounds of the law, which includes Disciplinary Rules and enforceable professional regulations. The professional responsibility of a lawyer derives from membership in a profession which has the duty of assisting members of the public to secure and protect available legal rights and benefits. In our government of laws and not of individuals, each member of our society is entitled to have his or her conduct judged and regulated in accordance with the law; to seek any lawful objective through legally permissible means; and to present for adjudication any lawful claim, issue, or defense.

A lawyer who has undertaken a professional representation of a client is not at liberty to simply abandon that responsibility. The subject is dealt with in DR 2–110 of the Code, entitled "Withdrawal from Employment." Subsection (A) of DR 2–110 provides:
**A.** In general.
    1. If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before the tribunal without its permission.
    2. Even when withdrawal is otherwise permitted or required under section DR–2–110(A)(1), (B) or (C), a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.
    3. A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

I write two days in advance of the upcoming deadlines to advise the Court Kostus has not requested any leave form the Court to excuse his performance. Therefore I request no prejudice to his clients or company entities. "Until an attorney of record is discharged by order of the court or by the filing of the consent of the retiring attorney and party in the prescribed form, the attorney represents the party." (citations omitted); *Moustakas v. Bouloukos,* 112 A.D.2d 981, 983, 492 N.Y.S.2d 793 (2d Dep't 1985) *Langrick v. Rowe,* 32 N.Y.S.2d 328 (N.Y.Sup.Ct.1941) ("When an attorney has appeared for a party in a cause or

proceeding, both are estopped from denying the existence of the relationship of attorney and client," and "such authority and representation continue at least until some formal designation of discharge or substitution has been filed").

"[A] lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules." N.Y.Code, DR 2–110(A)(2)

The Corporate Plaintiffs require Mr. Kostus to fulfil his duties and comply with Professional Codes of Conduct.