```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
------------------------------------------------- X ELECTRONICALLY FILED
                                                  : DOC #: _____
SAMANTHA SIVA KUMARAN, et al.,                    : DATE FILED: 6/18/2022
                                                  :
                            Plaintiffs,           :   1:20-cv-3873-GHW
                                                  :
            -v -                                  :   ORDER
                                                  :
ADM INVESTOR SERVICES, INC.,                      :
                                                  :
                            Defendant.            :
                                                  :
------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

For the reasons stated on the record at the conference held on June 17, 2022, attorney David Kostus's motion to withdraw as counsel for Plaintiffs Nefertiti Risk Capital Management, LLC, Nefertiti Holding Company, and Nefertiti Asset Management, LLC (collectively, the "Corporate Plaintiffs"), Dkt. No. 173, is GRANTED.

As the Court explained during the conference, corporate entities—such as the Corporate Plaintiffs—must appear before the Court through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). In other words, the Corporate Plaintiffs must retain an attorney should they wish to prosecute this case. Replacement counsel for the Corporate Plaintiffs must enter a notice of appearance in this case no later than July 18, 2012. If no attorney enters an appearance on behalf of the Corporate Plaintiffs by that date, the Court may dismiss their claims for failure to prosecute. *See Glob Auto, Inc. v. Hitrinov*, No. 13-cv-2479, 2015 WL 5793383, at *5 (E.D.N.Y. Sept. 30, 2015) (explaining that "[d]istrict courts in this Circuit have exercised their discretion to dismiss an action for failure to prosecute where a corporate plaintiff fails to obtain counsel after being directed to do so and being warned of the consequences of inaction"); *see also United States ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-7351, 2015 WL 740034 (E.D.N.Y. Feb. 20, 2015); *Negrin v. Kalina*, No. 09 Civ. 6234, 2013 WL 5925916 (S.D.N.Y. Nov. 5, 2013).

The case is STAYED through July 18, 2022 to allow the Corporate Plaintiffs to retain replacement counsel. New counsel must file a notice of appearance no later than July 18, 2022. In the event that the Corporate Plaintiffs retain new counsel prior to July 18, 2022, the stay will be lifted upon the filing of a notice of appearance by that counsel. The Court observes that prior counsel in this case filed submissions to the Court on behalf of the Corporate Plaintiffs that were wholly drafted by Ms. Kumaran rather than by counsel. The Court expects that this issue will not recur with new counsel.

Given that the Court is granting Mr. Kostus's motion to withdraw and because this case is stayed until July 18, 2022, Ms. Kumaran's motion for an emergency stay to resolve concerns regarding Mr. Kostus's representation, Dkt. No. 165, is denied as moot.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 165 and 173 and to remove David Kostus from the list of counsel on the docket.

SO ORDERED.

Dated: June 18, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge