USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samantha Siva Kumaran, et al., | |
| Plaintiffs, | |
| -against- | 1:20-cv-03668 (GHW) (SDA) |
| National Futures Association, et al. | |
| Defendants. | |
| Samantha Siva Kumaran and Nefertiti Risk Capital Management, LLC, | |
| Plaintiffs, | 1:20-cv-03873 (GHW) (SDA) |
| -against- | |
| ADM Investor Services, Inc., | **OPINION AND ORDER** |
| Defendant. | |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court are motions by Plaintiff Kumaran, pursuant to 28 U.S.C. § 1404,[1] which Plaintiff Nefertiti Risk Capital Management, LLC ("NRCM") joins,[2] to transfer these actions to the

---

[1] "Venue motions filed in the context of 28 U.S.C. § 1404 (a) have been treated as non-dispositive motions that can be decided by a magistrate judge." *Atari Interactive, Inc. v. Target Corp.*, No. 19-CV-03111 (LAK) (OTW), 2019 WL 6728860, at *2 (S.D.N.Y. Dec. 10, 2019) (citing cases).

[2] The Court remains troubled by the fact that it is the counseled party that is joining the briefs of the *pro se* Plaintiff, particularly in view of the multiple warnings given to prior counsel for the same conduct. (*See, e.g.*, 2/18/2022 Tr., 20-CV-03873 ECF No. 97. At 52 ("I want to make it clear that it is my view that counsel that engages in no inquiry, counsel that merely launders a pro se litigant's briefing is not presenting an argument in good faith; that it is a bad-faith presentation."); 6/8/2022 Order, 20-CV-03668 ECF No. 190 ("[T]he Court expects that [prior counsel for NRCM] will not sign his name to motions that are ghostwritten by Ms. Kumaran. . . [a]s a signatory to the motion, the contents of the motion are fully attributable to [counsel]."); 20-CV-03668 6/18/2022 Order, ECF No. 210 (granting prior counsel's motion to withdraw and noting expectation that issue of counsel filing submissions wholly drafted by Plaintiff Kumaran "will not recur with new counsel"). Most troubling is the suggestion in 20-CV-03668 that NRCM joined the two reply memoranda through a letter dated August 2, 2023, when the oppositions to which the replies

District of Connecticut. (Pls.' Mot. to Transfer, 20-CV-03668 ECF No. 272; NRCM Letter, 20-CV-03668 ECF No. 274; Pls.' Mot. to Transfer, 20-CV-03873 ECF No. 203; NRCM Letter, 20-CV-03873 ECF No. 204.)

For the reasons set forth below, the motions to transfer are DENIED.

## BACKGROUND

These are two of three related actions filed in this Court in 2020. The relevant background of each of the three actions is set forth below.

**I.     20-CV-03668**

On September 16, 2021, the Court issued a Report and Recommendation ("R&R") recommending Defendants' motions to dismiss be granted, without leave to amend. *See Kumaran v. Nat'l Futures Ass'n*, No. 20-CV-03668 (GHW) (SDA), 2021 WL 9080121, at *17 (S.D.N.Y. Sept. 16, 2021). On June 2, 2022, District Judge Woods adopted the R&R in part and rejected it in part. *See Kumaran*, 2022 WL 1805936 (S.D.N.Y. June 2, 2022). Specifically, Judge Woods granted the motions, dismissing the claims against the National Futures Association, Nicole Wahls and Vilia Sutkus-Kiela (collectively, the "NFA Defendants") with prejudice and dismissing the claims against Defendant Kadlec with leave to amend the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Defend Trade Secrets Act ("DTSA") and state law claims. *See id.* at *9. On August 15, 2022, Plaintiffs filed a motion for reconsideration, a motion for entry

---

responded were not filed until August 23, 2023 and the replies were not filed until September 15, 2023. Counsel for NRCM is reminded of his ethical obligations as a member of the Bar and as an officer of this Court and his obligation under Federal Rule of Civil Procedure 11, "to conduct a reasonable inquiry into the facts and the law before filing." *See Business Guides, Inc. v. Chromatic Communications Entertainers, Inc.*, 498 U.S. 533, 551 (1991).

2

of judgment and a motion for a certificate of appealability, all of which Judge Woods denied on April 28, 2023. *See Kumaran*, 2023 WL 3160116 (S.D.N.Y. Apr. 28, 2023).

II. <u>20-CV-03871</u>

On December 6, 2022, the Court granted the defendants' partial motion to compel arbitration and stayed the action pending arbitration. *See Kumaran v. Vision Fin. Markets, LLC*, No. 20-CV-03871 (GHW), 2022 WL 17540669, at *7 (S.D.N.Y. Dec. 6, 2022). Thereafter, on Plaintiff's consent, the Court transferred this case to the District of Connecticut. (20-CV-03871 12/6/2022 Order, ECF No. 246.)

III. <u>20-CV-03873</u>

On June 7, 2021, the Court compelled arbitration with respect to claims brought by Plaintiff NRCM against Defendant ADM Investor Services, Inc. ("ADMIS") and stayed the action with respect to Plaintiff Kumaran's claims pending resolution of NRCM's arbitration with ADMIS. (*See* 20-CV-03873 6/7/2021 Op. & Order, ECF No. 63; *see also Kumaran*, 2023 WL 3160116, at *15-18 (denying motion for reconsideration).)

## LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District Courts in this Circuit "appl[y] a two-part test to motions to transfer venue under § 1404(a)." *Smart Skins LLC v. Microsoft Corp.*, No. 14-CV-10149, 2015 WL 1499843 (CM), at *4 (S.D.N.Y. Mar. 27, 2015). First, the court must determine "whether the case could have been brought in the proposed transferee district." *1724982 Alberta ULC v. Park Ave. Wholesale, Inc.*, No. 21-CV-04343 (GHW),

3

2021 WL 3115125, at *2 (S.D.N.Y. July 20, 2021) (internal quotation marks omitted). "An action might have been brought in the forum to which the movant seeks to transfer it if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at the time of filing." *Id*. (internal quotation marks omitted).

"If that threshold inquiry is satisfied, the Court proceeds to the second step[,]" *1724982 Alberta ULC*, 2021 WL 3115125, at *2, which is to "determine whether transfer is appropriate." *Megna v. Biocomp Lab'ys Inc.*, 220 F. Supp. 3d 496, 497 (S.D.N.Y. 2016). Courts typically consider the following nine factors to determine whether to grant the requested transfer: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *See 1724982 Alberta ULC*, 2021 WL 3115125, at *2. "No one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." *Smart Skins LLC*, 2015 WL 1499843, at *4. Instead, the factors "serve as guideposts to the Court's informed exercise of discretion." *1724982 Alberta ULC*, 2021 WL 3115125, at *2 (quoting *Pausch Med. GmBH v. Pausch LLC*, No. 14-CV-01945 (PAC), 2015 WL 783365, at *1 (S.D.N.Y. Feb. 24, 2015)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Id*. (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).

The party requesting the transfer bears the burden of establishing that transfer is warranted by clear and convincing evidence. *See New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). "Furthermore, a motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place." *Megna*, 220 F. Supp. 3d at 498 (internal quotation marks omitted). Thus, when a plaintiff is moving to transfer, some courts in this Circuit have held that the plaintiff must show a change in circumstances since the filing of the suit, while others have held that the plaintiff must show that transfer would be "in the interests of justice." *HMF Affiliates, LLC v. Weismann*, No. 21-CV-10078 (PGG), 2023 WL 373298, at *5 (S.D.N.Y. Jan. 24, 2023) (discussing two approaches); *see also Nat'l Experiential, LLC v. Nike, Inc.*, No. 20-CV-03197 (ENV) (SIL), 2021 WL 9678642, at *4 (E.D.N.Y. July 31, 2021) ("With the Second Circuit yet to explicitly address the need for a change of circumstances requirement, the weight of authority favors the view that even though a bona fide change in circumstances may be a sure sign that transfer of venue would be in the interests of justice, it does not augment or displace that essential inquiry.").

## DISCUSSION

Having filed three separate lawsuits in this Court, Plaintiffs now seek to transfer the remaining two actions to the District of Connecticut for reasons of judicial efficiency and to avoid piecemeal litigation. (*See* Pl.'s Mot. to Transfer at 2, 7-9.) Defendants first argue that the motions should be denied because this case could not originally have been brought in Connecticut. (*See* Kadlec Opp. Mem., 20-CV-03668 ECF No. 282, at 2-4; NFA Defs.' Opp. Mem., 20-CV-03668 ECF No. 283, at 3-5; ADMIS Opp. Mem., 20-CV-03873 ECF No. 207, at 3-4.) In any event, Kadlec and ADMIS argue that the discretionary factors do not warrant transfer and the NFA Defendants

argue that Plaintiff's request to transfer amounts to impermissible forum shopping. (Kadlec Opp. Mem. at 5-7; ADMIS Opp. Mem. at 4-6; NFA Defs.' Opp. Mem. at 5-7.)

The Court agrees with Defendants that Plaintiff has not met her burden to show that these actions could have been brought in the District of Connecticut. At a minimum, Plaintiff has not met her burden to show that venue would have been proper in Connecticut.[3] Unlike 20-CV-03871, where nine of the defendants reside in Connecticut, none of the defendants in these actions resides in Connecticut.[4] Rather, Defendants Kadlec, Wahls and Vilia Sutkus-Kiela reside in Illinois, which also is where the NFA has its principal place of business. (*See* Compl., 20-CV-3668 ECF No. 1, ¶¶ 6-8; *see also* FAC, 20-CV-03668 ECF No. 57, ¶¶ 37, 39.) Similarly, Plaintiffs allege that ADMIS is located in Illinois. (Compl. 20-CV-03873 ECF No. 1, ¶ 17.) Moreover, with respect to the claims against ADMIS, Kadlec and the NFA Defendants, Plaintiffs have not shown that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Connecticut. 28 U.S.C. § 1391(b).

In any event, even assuming this action could have been brought in the District of Connecticut, the Court, having considered the relevant factors, finds, in its discretion, that Plaintiffs have not met their burden to establish that transfer is warranted. In 20-CV-03668, the only claims remaining are RICO, DTSA and state law claims against Defendant Kadlec. (*See* 4/28/2023 Mem. Op. & Order at 18 n.6, 24.) With respect to those claims, the convenience of

---

[3] Accordingly, the Court need not and does not address the parties' arguments regarding personal jurisdiction.

[4] Although Plaintiffs state in their motion that "the NFA Defendant(s) transact business in Connecticut and all 52 states" (20-CV-03668 Pls.' Mot. to Transfer at 5), there are no allegations in the Complaint to support this assertion or the conclusion that the NFA resides in Connecticut for purposes of venue. (*See* NFA Defs.' Opp. Mem. at 4.)

the parties and the locus of operative facts weigh against transfer. Moreover, trial efficiency and the interest of justice factors counsel against transfer. The related case that has been transferred to the District of Connecticut is stayed and, as Defendant Kadlec points out, the core issues underlying Plaintiffs' claims in that case are going to be resolved in arbitration. (*See* Kadlec Opp. Mem. at 6.). Thus, there is no efficiency that comes from transferring this case since the cases would not proceed on the same schedule. Meanwhile, Plaintiffs' claims against the NFA Defendants in this action have been dismissed with prejudice and Plaintiffs' claims against Kadlec have yet to survive a motion to dismiss.[5]

In 20-CV-03873, the case remains stayed pending arbitration. Like 20-CV-03871, the core issues in the case also will be resolved in the NFA arbitration. Nonetheless, the Court finds that transfer at this juncture is not warranted since it remains to be seen what, if any, claims will remain against which defendants. *Cf. Ventoso v. Shihara*, No. 19-CV-03589 (PAE), 2019 WL 9045083, at *4 (S.D.N.Y. June 26, 2019) (holding motion to transfer in abeyance pending arbitration).

Finally, as has been set forth in numerous prior opinions by the Court, Plaintiffs' litigation choices have caused the procedural morass in which they now find themselves.[6] Plaintiffs have not shown changed circumstances or otherwise shown that transfer is in the interest of justice in either of these actions.

---

[5] The Court notes that Defendant Kadlec has filed a motion to strike the Second Amended Complaint, which is pending before the Court. (*See* Mot. to Strike, 20-CV-03668 ECF No. 266.)

[6] Plaintiffs' additional argument that Rule 19 "supports transfer" because Kadlec and ADMIS are indispensable parties (20-CV-03668 Pls.' Mot. to Transfer at 21; 20-CV-03873 Pls.' Mot. to Transfer at 20) is unavailing. Notably, transfer would not cure this purported defect since the cases would remain separate. This argument also is perplexing, given that failure to join an indispensable party is grounds for dismissal of Plaintiffs' case. *See* Fed. R. Civ. P. 19.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' motions to transfer are DENIED.

**SO ORDERED.**

Dated: New York, New York
October 19, 2023

_____
STEWART D. AARON
United States Magistrate Judge