UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samantha Siva Kumaran, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> National Futures Association, et al. <br><br> Defendants. | 1:20-cv-03668 (GHW) (SDA) |
| Samantha Siva Kumaran and Nefertiti Risk Capital Management, LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> ADM Investor Services, Inc., <br><br> Defendant. | 1:20-cv-03873 (GHW) (SDA) <br><br> **ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court are motions by Plaintiff Kumaran ("Kumaran") filed yesterday, which Plaintiff Nefertiti Risk Capital Management, LLC ("NRCM") joins,[1] for a preliminary injunction staying the arbitration before the National Futures Association ("NFA"), styled *NRCM vs. ADMIS et al*. (NFA Case No. 18-ARB-5) (the "NFA Arbitration") that is scheduled to commence on Monday, October 23, 2023 (Pls.' PI Mot., 20-CV-03668 ECF No. 293, 20-CV-03873 ECF No. 210), and for a Temporary Restraining Order ("TRO") seeking the same relief. (Pls.' TRO Mot., 20-CV-03668 ECF No. 297, 20-CV-03873 ECF No. 214.)[2]

---

[1] *See* 10/19/23 Ltr. from R. Kleinman, 20-CV-03668 ECF No. 296, 20-CV-03873, ECF No. 213.

[2] Plaintiff's TRO motion was filed by Kumaran in these two related cases after 11:30 p.m. yesterday.

For the reasons set forth below, counsel for NRCM shall show cause in a writing filed to the ECF docket no later than 5:00 p.m. today, why Plaintiffs' motions should not be denied (1) for failure to establish irreparable harm, and (2) under the law of the case doctrine.

## BACKGROUND

On June 7, 2021, the Court compelled arbitration with respect to claims brought by Plaintiff NRCM against Defendant ADM Investor Services, Inc. ("ADMIS") and stayed the action with respect to Plaintiff Kumaran's claims pending resolution of NRCM's arbitration with ADMIS (the "NFA Arbitration"). (*See* 20-CV-03873 6/7/2021 Op. & Order, ECF No. 63; *see also Kumaran*, 2023 WL 3160116, at *15-18 (denying motion for reconsideration).)

By Order dated September 1, 2023, the arbitrators in the NFA Arbitration scheduled the hearing to commence on Monday, October 23, 2023. (NFA 9/1/23 Order, 20-CV-03668 ECF No. 295-3, at JA0567.) Prior to and after the September 1, 2023, there were extensive filings in the NFA Arbitration regarding discovery and other related issues. (*See generally* Pl.'s Appendices 1-6, 20-CV-3068, ECF Nos. 295-2 to 295-7.)[3] The most recent Order from the arbitrators in the NFA Arbitration that Kumaran includes in connection with her PI motion is dated October 18, 2023, and such Order denies in their entirety NRCM's "requests for witness subpoenas, orders and depositions." (NFA 10/18/23 Order, 20-CV-03668 ECF No. 294-1.)

## LEGAL STANDARDS

"To successfully seek a preliminary injunction, a moving party must show four elements: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable

---

[3] The Appendices filed by Kumaran to the ECF docket total 1725 pages.

2

harm if a preliminary injunction is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by relief." *JBR, Inc. v. Keurig Green Mt., Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015). "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trs. for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). "Thus, if a party fails to show irreparable harm, a court need not . . . address the remaining elements." *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019).

The law-of-the-case doctrine "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Vaughn v. Phx. House N.Y., Inc.*, 957 F.3d 141, 146-47 (2d Cir. 2020) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)).

## **DISCUSSION**

On the face of the motions filed by the *pro se* Plaintiff, Kumaran, it does not appear that a satisfactory showing of irreparable harm has been made, inasmuch as the NFA Arbitration hearings, which were scheduled on September 1, 2023, to commence on October 23, 2023, have not yet concluded. Once such hearings have concluded, if an award is issued that is adverse to NRCM, then (if it has a valid legal basis to do so) NRCM may seek in this Court to vacate the award pursuant to the relevant provisions of the Federal Arbitration Act. *See* 9 U.S.C. § 10. In addition, it appears that the pending motions seeking to stay the very arbitration that already was compelled by this Court is violative of the law of the case doctrine.

## ORDER TO SHOW CAUSE

NRCM's counsel has an independent obligation to ensure that legal arguments presented to the Court are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law. *See* Fed. R. Civ. P. 11(b)(2). He cannot simply rely on the *pro se* Plaintiff to make arguments on NRCM's behalf. *See Kumaran v. Nat'l Futures Ass'n*, 604 F. Supp. 3d 82, 89 (S.D.N.Y. 2022), *objections overruled*, 2022 WL 3996962 (S.D.N.Y. Aug. 31, 2022) ("the Court repeatedly has ruled in the three related actions that Kumaran, as successor and assign, may not prosecute claims on behalf of NRCM, but must proceed through counsel"). The motions that are now before the Court have not been signed by counsel for NRCM and thus are not in compliance with Rule 11. Based upon the careful wording of his letter in which NRCM "joins" the pending motions (*see* 10/19/23 Ltr. from R. Kleinman), it is not clear to the Court that counsel for NRCM actually has investigated for himself that NRCM legally is entitled to the emergent relief that it now seeks.

## ORDER TO SHOW CAUSE

By reason of the foregoing, counsel for NRCM, which is the Claimant in the NFA Arbitration, shall show cause in a writing filed to the ECF docket no later than 5:00 p.m. today (Friday, October 20, 2023), why Plaintiffs' motions should not be denied for failure to establish irreparable harm. In the same filing, NRCM's counsel shall address why Plaintiffs' motions also should not be denied based upon the law of the case doctrine. NRCM's counsel shall conduct independent legal research himself on these issues and shall sign his submission pursuant to and subject to the requirements of Rule 11.

**SO ORDERED.**

Dated: New York, New York
October 20, 2023

_____
STEWART D. AARON
United States Magistrate Judge