```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
SAMANTHA SIVA KUMARAN, et al.,                                    :
                                                                  :
                                     Plaintiffs,                  :         1:20-cv-3873-GHW
                                                                  :
                  -v-                                             :              ORDER
                                                                  :
ADM INVESTOR SERVICES, INC.,                                      :
                                                                  :
                                     Defendant.                   :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2025

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

On June 20, 2024, Defendant ADM Investor Services, Inc. ("ADMIS") filed a motion to confirm an arbitration award against Plaintiff Nefertiti Risk Capital Management, LLC ("NRCM"). Dkt. No. 304. On July 5, 2024, Plaintiffs filed a cross-motion to stay this action pending a decision by the Second Circuit on an appeal in this action and by the District of Connecticut in two related actions. Dkt. No. 311. Judge Aaron issued a report and recommendation (the "R&R") on October 24, 2024. Dkt. No. 322. The R&R recommended that the Court confirm the arbitration award as to ADMIS and deny Plaintiffs' motion to stay the action. Because the Court has jurisdiction to confirm the award and because the award has not been vacated, modified, or corrected, the Court adopts the R&R in its entirety.

## II. BACKGROUND

### A. Procedural History

Plaintiffs object to Judge Aaron's exposition of the relevant procedural history, so the Court provides its own brief summary *de novo*. Plaintiffs Samantha Siva Kumaran and NRCM commenced this action on May 18, 2020. Dkt. No. 1. Plaintiffs asserted claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, the Defend Trade Secrets Act, 18 U.S.C.

§ 1836, *et seq.*, and various common law causes of action. *See* Amended Complaint, Dkt. No. 15. The same week that Plaintiffs commenced this action, Plaintiffs filed two related actions in this district. *See Kumaran v. National Futures Association*, No. 20-CV-03668 (S.D.N.Y.); *Kumaran v. Vision Financial Markets, LLC*, No. 20-CV-03871 (S.D.N.Y.) (hereinafter referred to as the "Vision Action"). The Vision Action was transferred to the District of Connecticut before the Honorable Michael P. Shea with Plaintiffs' consent on December 6, 2022. *See* December 6, 2022 Order, 20-CV-03871, Dkt. No. 246.

On June 7, 2021, Judge Aaron granted ADMIS's motion to compel arbitration with respect to NRCM's claims against ADMIS. Dkt. No. 63. Ms. Kumaran's claims against ADMIS were stayed pending arbitration. *Id.* In that opinion, Judge Aaron denied the motion by two of Ms. Kumaran's other entities, Nefertiti Asset Management, LLC ("NAM") and Nefertiti Holding Corporation ("NHC"), to intervene. *Id.* This Court affirmed that decision on February 18, 2022. Dkt. No. 90. NAM and NHC filed a notice of appeal regarding their motion to intervene on April 20, 2022. Dkt. No. 113. This appeal remains pending.

NRCM commenced an arbitration proceeding before the National Futures Association ("NFA"), naming ADMIS as a respondent, and on November 15, 2023, a three-arbitrator panel issued an award denying all of NRCM's claims. *See* Dkt. No. 304-1 (the "Award). The Award required NRCM to pay ADMIS's attorneys' fees and costs incurred in connection with the arbitration. *Id.* at 2. A copy of the Award was served on Plaintiffs on November 17, 2023. Dkt. No. 249-1.

On January 16, 2024, other parties to the arbitration filed an application in Connecticut state court to confirm the Award; this application was removed by NRCM to the District of Connecticut on April 5, 2024. *See High Ridge Futures, LLC v. Nefertiti Risk Capital Management, LLC*, No. 3:24-CV-641 (MPS) (D. Conn.), Dkt. No. 1. That case was then transferred to Judge Shea on April 11, 2024.

2

*High Ridge Futures*, No. 3:24-CV-641 (MPS) (D. Conn.), Dkt. No. 12.  On February 16, 2024, Plaintiffs filed motions to vacate the Award in the Vision Action before Judge Shea.  *Kumaran v. Vision Financial Markets, LLC*, No. 3:22-CV-1653 (MPS) (D. Conn.), Dkt. Nos. 291, 292, 295.

That same day, NRCM filed a motion to vacate the Award in this action.  Dkt. No. 275.  Also that same day, Ms. Kumaran filed a letter, which stated that it was "effectuat[ing] service via ECF upon [defense counsel] and notice that the attached Memorandum of Law was filed in the District Court of Connecticut to vacate the Arbitration Award."  Dkt. No. 276.  Then on February 23, 2024, NRCM filed a letter stating that its motion was "incorrectly filed" and that the "sole intention was to file the document for the purpose of service and notice only" for the motion "properly filed in the District of Connecticut."  Dkt. No. 279.  Judge Aaron thereafter endorsed this letter and deemed NRCM's motion withdrawn.  Dkt. No. 280.

Citing the "multiplicity of litigation on the enforceability of the arbitration award, Judge Shea entered an order on February 26, 2024 denying Plaintiffs' motions to vacate without prejudice and staying the Vision Action until this Court "has decided the motions to vacate the arbitration award or the Connecticut Superior Court has decided the application to confirm the arbitration award."  *Kumaran*, No. 3:22-CV-1653 (MPS) (D. Conn.), Dkt. No. 301.  NRCM filed a motion to reopen the Vision Action on February 28, 2024, arguing that Judge Shea was under a "misimpression that there is a motion to vacate . . . pending in the Southern District of New York.  There is not."  *Kumaran*, No. 3:22-CV-1653 (MPS) (D. Conn.), Dkt. No. 302 at 1.  NRCM asserted that "motions to vacate were properly and timely filed *only* in the District Court of Connecticut."  *Id.*  That same day, Ms. Kumaran filed a motion for reconsideration in the Vision Action also stating that "[t]here is no vacatur motion pending in the SDNY."  *Kumaran*, No. 3:22-CV-1653 (MPS) (D. Conn.), Dkt. No. 303 at 1.

On June 20, 2024, ADMIS filed a motion to confirm the arbitration award in this case.  Dkt.

3

No. 304. And on July 5, 2024, Plaintiffs filed a motion to stay this case. Dkt. No. 311. The parties briefed the issue before Judge Aaron, and Judge Aaron issued the R&R on October 24, 2024. Dkt. No. 322. Plaintiffs filed objections to the R&R on December 5, 2024. Dkt. No. 326 (the "Objections"). ADMIS filed a response to Plaintiffs' objections on December 19, 2024. Dkt. No. 327 (the "Response"). Plaintiffs filed replies on December 26, 2024 without permission of the Court. Dkt. Nos. 328, 329; *see* Individual Rule 3(H) ("Objections to Rulings by Magistrate Judges. . . . Reply briefs may not be filed without prior leave of Court.").

### B. The R&R and Plaintiffs' Objections

The R&R recommends that the Court find the following: (1) this Court has jurisdiction over ADMIS's motion to confirm the Award because the motion "is not an aspect of the case involved in" NAM's and NHC's pending appeal, R&R at 6–7; (2) contrary to Plaintiffs' request, ADMIS's motion should not be stayed, transferred to the District of Connecticut, or dismissed on account of the motions to vacate filed (and stayed) in the District of Connecticut, R&R at 7–14; and (3) because the Award has not been vacated, modified, or corrected, the Award should be confirmed, and judgment should be entered in favor of ADMIS against NRCM in the amount of $228,806.29, R&R at 14–16.

Plaintiffs' briefing offers several objections. First, Plaintiffs contend that the R&R failed to consider that they were "subject to a biased and corrupt Arbitration." Objections at 1; *see* Objections at 1–5. Second, Plaintiffs argue that the pending appeal "would [] impact ruling on these motions to conform [sic] and vacate," and therefore this Court lacks jurisdiction to act on ADMIS's motion to confirm the Award. Objections at 7. Third, Plaintiffs argue that ADMIS was properly served with the motions to vacate in the Vision Action and that ADMIS's motion to confirm was a compulsory counterclaim in the Vision Action. Objections at 8–18. Therefore, according to Plaintiff, this Court should stay this motion to confirm until the motions to vacate in the Vision

4

Action are refiled and decided.  Objections at 13.

Fourth, Plaintiffs assert that Judge Shea applied the first-filed rule and therefore that "the motions to vacate must be heard in S.D.N.Y."  Objections at 19–20.  Plaintiffs request, however, that the Court either (1) "[t]ransfer the ADMIS plaintiff, directly into the Vision Action . . . pursuant to Rule 19"; (2) "[c]onsolidate across all districts so that all the parties [] get to one decision"; (3) compel "ADMIS [to] make a special appearance in Connecticut, to file their compulsory counterclaim against the motion to vacate"; or (4) "reconsider its denial of its transfer decision and [] transfer the ADMIS action to Connecticut in its entirety."  Objections at 21–22.  Relatedly, Plaintiffs argue that the Vision Action and this case have overlapping facts and issues, and therefore vacatur should be considered as to all the defendants in both cases together.  Objections at 22–24.  Finally, Plaintiffs object to the fact that the R&R "improperly determines that Kumaran was not individually named in the Award."  Objections at 24.[1]

### III.   LEGAL STANDARD

#### A. Standard of Review for Reports and Recommendations

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  When a party timely objects to a magistrate's report and recommendation, a district court

---

[1] The R&R does not make this precise determination.  Rather, the R&R states that Ms. Kumaran "was not a party to the Award."  R&R at 3.

reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97-CV-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal citation and quotation marks omitted); *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (quoting *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals Corp., et al.*, No. 17-CV-6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020))); *Watson*

*v. Geithner*, No. 11-CV-9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sep. 27, 2013) ("[A] party waives any arguments *not* presented to the magistrate judge." (emphasis in original)).

### B. Motion to Confirm an Arbitration Award

Congress enacted the Federal Arbitration Act ("FAA") "to overcome judicial resistance to arbitration and to declare a national policy favoring arbitration of claims that parties contract to settle in that manner." *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009) (cleaned up). Section 9 of the FAA provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration,[2] and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

Confirmation of an arbitration award under Section 9 of the FAA is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations omitted). "'There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases,'" except when the award is "vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA." *Berkowitz v. Gould Paper Corp.*, No. 21-CV-06582 (VEC), 2022 WL 118232, at *3 (S.D.N.Y. Jan. 12, 2022) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)).

"The role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the [FAA].'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (quoting

---

[2] NRCM and ADMIS consented to judicial confirmation in their arbitration agreement. *See* Dkt. No. 22-1 at 11 ("Judgment upon the arbitration award shall be final and may be entered in any court having jurisdiction thereof.").

7

*Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir.1997)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462. F.3d at 110 (internal quotation marks omitted). "Consequently, the burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" *Kolel Beth*, 729 F.3d at 103-04 (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)).

IV.     DISCUSSION

        A. The Court Has Jurisdiction Over ADMIS's Motion to Confirm the Award

The appeal by NAM and NHC does not divest this Court of jurisdiction over the present motion to confirm the Award. "As a general matter, 'the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *U.S. v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The aspects of this case involved in the appeal relate only to NAM and NHC's motion to intervene. Plaintiffs' Objections arguably obfuscate the scope of the issues on appeal, *see* Objections at 6; however, even if the Court grants Plaintiffs' characterization of the issues before the Second Circuit, none of these issues affect the Court's jurisdiction over the present motion.

As stated above, the Court's role in reviewing the arbitration award is "narrowly limited" to whether there is a "colorable justification" for the award. The issues on appeal do not affect this determination. NAM and NHC were not parties to the arbitration, and Plaintiffs fail to show how their intervention in this action would affect the arbitration award between NRCM and ADMIS. Plaintiffs claim that the appeal concerns "an error of law in separating the action into two separate

districts"³ as well as a "jurisdictional[] defect[] . . . pursuant to Rule 19." Objections at 6–7. While these issues might affect certain aspects of this case, such as "NRCM's filings," Objections at 6, Plaintiffs fail to explain how these issues affect the validity of the Award. Judge Aaron found that certain claims brought by NRCM against ADMIS were arbitrable, Dkt. No. 63,⁴ the arbitration panel reached a decision on the merits, Dkt. No. 304-1, and none of Plaintiffs' descriptions of the procedural posture of this case and the related cases adequately explain how the pending appeal affects either Judge Aaron's or the panel's determination. Therefore, the present motion is not implicated by the pending appeal in this case, and the Court has jurisdiction to rule on the motion.

### B. Plaintiffs' Arguments About the Arbitration's Alleged Improprieties Are Untimely and Therefore Do Not Constitute a Defense to Confirming the Arbitration Award

As Judge Aaron found, Plaintiffs' arguments in support of vacating the arbitration award are untimely, and therefore the Court must confirm the arbitration award. The Federal Arbitration Act provides that a court "must grant" an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Section 10 provides that a court "may make an order vacating the award *upon the application of any party to the arbitration*" where, among other things, "the award was procured by corruption, fraud, or undue means," or "there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a) (emphasis added). "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. A party's "failure to move to vacate the award within the three month time provided precludes him from later seeking that relief when a motion is made to confirm the award." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984).

---

³ Plaintiffs consented to transferring certain claims to the District of Connecticut. *See Kumaran v. Vision Financial Markets, LLC*, 22-CV-1653 (D. Conn.), Dkt. No. 246.
⁴ The Court overruled Plaintiffs' objections to Judge Aaron's decision on February 18, 2022. Dkt. No. 90.

9

Plaintiffs had not moved to vacate the arbitration award with respect to ADMIS within three months after the award was filed,[5] and, therefore, the Court cannot consider Plaintiffs' arguments that the panel was impartial in support of vacating the award. It would be of no consequence if, as Plaintiffs contend, "vacatur of this award was foreseeable and contemplated from the outset." Objections at 3.[6] Plaintiffs had the opportunity to file a motion to vacate the award in this case and failed to do so;[7] the law is clear that they cannot now raise arguments of impartiality to defend against ADMIS's motion to confirm the award. *HRB Prof. Resources LLC v. Bello*, No. 17-CV-7443 (KMK), 2018 WL 4629124, at *4 (S.D.N.Y. Sept. 27, 2018) ("There is no dispute that [r]espondent failed to timely serve a motion to vacate, modify, or correct the [a]ward within the time provided under the FAA. . . .  Accordingly, [r]espondent cannot now raise objections to the [a]ward in opposition to the [m]otion, and the [c]ourt must grant [p]etitioner's [m]otion [to confirm the award].").

### C. Plaintiffs' Motions to Vacate Filed in the District of Connecticut Do Not Preclude Confirming the Arbitration Award as to ADMIS in This Action

#### 1. The R&R Correctly Analyzed the First-Filed Rule

The R&R correctly found that the first-filed rule does not warrant staying this action.

---

[5] Plaintiffs explicitly stated that the motion to vacate filed in this action was improperly filed and not intended to be heard in this action. Dkt. No. 279.

[6] The Court must clarify that it disagrees with Plaintiffs' assertion that the Court "acknowledged the conflict of interest in the proceedings, and acknowledged that NRCM should move to vacate the award." Objections at 3 (citing Dkt. No. 97 at 44–48); *see also* Objections at 5 ("The Court's own statements in the oral conference on February 20, 2021 and also in the Preliminary Injunction on October 20, 2023 both acknowledged NRCM's right to vacate as well as the 'evident partiality and bias' and also that there was no hearing on the merits . . . ."). The Court did not, as Plaintiffs appear to suggest, affirm any claim that the arbitration was impartial or in any other way improper. Judge Aaron and this Court merely stated that NRCM had the *right* to challenge the award after the arbitration concluded. It is a mischaracterization of these statements to suggest that the Court endorsed Plaintiffs' view of the arbitration or that the Court recommended that Plaintiff *should* move to vacate.

[7] Plaintiffs seemingly misunderstand Judge Aaron's recommendation. He does not state, as Plaintiffs seem to imply on page 14 of the Objections, that the three-month period has lapsed in the Vision Action. Rather, the R&R correctly finds that Plaintiffs failed to file an unwithdrawn motion to vacate in *this* action within three months of the award being filed or delivered. If, as Plaintiffs argue, Judge Shea's order staying the Vision Action tolls the deadline for Plaintiffs to refile their motions to vacate—which the Court does not take a position on here—that would apply only to the motions in the Vision Action, not this case.

10

Plaintiffs reassert that the first-filed action is the Vision Action because it has a lower docket number, but Plaintiffs fail address Judge Aaron's findings that (1) this action was the first filed because the complaint in this case was time-stamped earlier than the original complaint in the Vision Action, R&R at 8 n.8; (2) this Court would have priority over the District of Connecticut court anyway because the Vision Action started here and was transferred to that court two years after this action was filed, R&R 8–9; and (3) the first-filed rule does not apply here in the first place because "there is no overlap or connection between the defendants" and because the motions to vacate in the Vision Action do not relate to ADMIS, a non-party in that case, R&R at 10–12.[8]

Plaintiffs' objections to this analysis do not affect the R&R's conclusions. Plaintiffs are incorrect to assert that the District of Connecticut already applied the first-filed rule; Judge Shea's order staying the Vision Action did not purport to apply the first-filed rule. *Kumaran*, No. 3:22-CV-1653 (MPS) (D. Conn.), Dkt. No. 301. And in any event, that would only bolster the R&R's conclusion that this Court should address the motion to confirm the Award first. Plaintiffs then seem to claim that Judge Shea's order means that this Court should consider the motions to vacate, but Plaintiffs appear to misunderstand Judge Shea's order. Judge Shea was not ordering that the motions to vacate before the District of Connecticut "must be heard in S.D.N.Y.," Objections at 20; rather, Judge Shea stayed the case until this Court decides the motions pending before it, *see Kumaran*, No. 3:22-CV-1653 (MPS) (D. Conn.), Dkt. No. 301. Judge Shea's order was issued a couple of days after the motions to vacate were withdrawn from this action, which may have led to Plaintiffs' apparent confusion,[9] but, as Plaintiffs' counsel must know, this Court cannot decide

---

[8] Plaintiffs argue that this is a RICO case involving the defendants in both the Vision Action and this action and that therefore there are overlapping facts. Objections at 22–23. However, Judge Aaron acknowledged that the claims are similar but correctly noted that the defendants do not have identical interests, as they are separate entities defending their interests separately. R&R at 10–12.

[9] Plaintiffs should not be confused, however, because in their motions to reopen the Vision Action, they point out to Judge Shea that he was incorrect in stating that there are pending motions to vacate before this Court. *Kumaran*, No. 3:22-CV-1653 (MPS) (D. Conn.), Dkt. Nos. 302, 303.

11

motions filed in the District of Connecticut.

Plaintiffs also argue that Judge Aaron did not consider whether "one action would have any bearing on the outcome of this case." Objections at 23 n.27. Plaintiffs argue that because ADMIS is a party to the "same contracts" as the Vision Action defendants, vacatur in the Vision Action would "thus rescind all the contracts, [and] it would clearly have impact on [] ADMIS in this action and would have high likelihood of inconsistent results." *Id*. Plaintiffs provide no further explanation of these contracts, the impact of recission, or generally what impact vacatur in the Vision Action would have on the Award with respect to ADMIS. This assertion alone does not provide a basis for the Court to stay this case.

To the extent Plaintiffs' concern is with the possibility of inconsistent results, the Court shares that concern. It would be inconsistent for this Court to confirm an arbitration award as to one claimant while another court vacates that same award as to the other claimants because the arbitral panel was biased. However, this potential inconsistency would be the result of Plaintiffs' choices in this case—Plaintiffs' choice to request transfer of the Vision Action to the District of Connecticut, *Kumaran v. Vision Financial Markets, LLC*, No. 1:20-CV-3871 (GHW) (S.D.N.Y.), Dkt. No. 214; Plaintiffs' choice to withdraw their vacatur motions before this Court in the hope that they be heard only in the District of Connecticut. The Court cannot, as Plaintiffs propose, order ADMIS to appear in the Vision Action to defend against the vacatur motions filed there.[10] Nor can the Court order Judge Shea to decide the vacatur motions (especially after Judge Shea terminated the

---

[10] While Plaintiffs make significant hay of Judge Aaron's statement in the R&R that it "would make no sense" to enjoin the Vision Action—a statement with which this Court agrees—the "options" that Plaintiffs provide for the Court on pages 21 and 22 of the Objections cannot be considered at this time. All that is before the Court is a pending motion to confirm the Award, not a motion to transfer, a motion to consolidate, nor a motion to order ADMIS to "make a special appearance in Connecticut" to litigate this issue. Objections at 21. Contrary to Plaintiffs' assertion, this motion *can* proceed in parallel with the motions filed in Connecticut because only in this action is ADMIS a party and therefore only in this action is there a motion to confirm or vacate the Award with respect to NRCM and ADMIS. Because a court may "confirm and/or vacate [an] award, either in whole or in part," *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006), this Court is properly situated to confirm the Award with respect to NRCM and ADMIS while the other courts before which Plaintiffs have pending motions can hear other issues with respect to the Award.

12

motions and stayed the case pending this Court's decision). And even if Judge Shea did decide the vacatur motions, ADMIS is not a party to that action, so this Court would be left in the same place it is now: deciding whether to confirm the Award *as to ADMIS* when there are no timely motions to vacate before it.

The Court sees no reason why it should not rule on this motion and allow Judge Shea to address any subsequent motions to vacate with respect to the parties in the Vision Action. If a decision by Judge Shea on the vacatur motions warrants reconsideration of the propriety of the Award as to ADMIS, Fed. R. Civ. P. 60 offers Plaintiffs a potential path to seek to rectify this Court's judgment.

### 2. Plaintiffs' Motion to Vacate in the Vision Action Was Not Properly Served on ADMIS

Because Plaintiffs did not properly serve on ADMIS notice of the motions to vacate in the Vision Action, ADMIS is not a party to those motions, and therefore the Court need not stay this case until those motions are resolved. Judge Aaron correctly cited the rule that a motion "to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Plaintiffs correctly cite the rule that when a party is "already before the court by virtue" of other non-arbitrable claims, that party "waive[s] the provision regarding service by a marshal . . . [and] Fed. R. Civ. P. 5 is controlling." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707 (2d Cir. 1985).

However, Judge Aaron did not hold that service by a marshal was required; rather, Judge Aaron held that Plaintiffs' attempted service "is not sufficient under . . . Rule 5." R&R at 13. That is because Plaintiffs' only attempt at serving ADMIS was by filing a notice of the motion on the electronic docket in this case. Judge Aaron is correct that ADMIS did not consent to receive service of filings in a different action and in a different district through the electronic case filing system in this action. The Court is not disputing that Plaintiffs could have served notice of a motion to vacate

13

via the electronic docket if that motion was brought before this Court in this action. *See Smiga*, 766 F.2d at 707. That is decidedly not what Plaintiffs chose to do. *See* Dkt. No. 279 ("The sole intention was to file the document for the purpose of service and notice only and is not intended to be an active motion to be addressed in this case.").

Plaintiffs object that because this case is an "embedded proceeding," ADMIS therefore consented to service of documents in other actions "for all matters related to the Arbitration." Objections at 10. Plaintiffs cite no case law in support of this contention. Instead, Plaintiffs seem to presume that an embedded proceeding before the Southern District of New York and an embedded proceeding before the District of Connecticut are somehow embedded in each other and therefore that service on one docket is sufficient to bring a party into a motion filed on the other docket. Again, Plaintiffs provide no case law in support of this argument. To the contrary, the Federal Arbitration Act (the "FAA") requires that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. Therefore, a motion to vacate under the FAA, like other motions, should generally be brought in the context of an existing lawsuit against a party to that lawsuit. The motions to vacate filed in the Vision Action are not properly served on ADMIS, a non-party to the Vision Action, by filing a notice of the motions in this action.

The Court also declines to find that "fundamental fairness and equitable considerations of service," Objections at 15, favor Plaintiffs. Plaintiffs must do more than simply "put ADMIS on notice" in order to properly effect service. Objections at 15. While ADMIS "agreed to the jurisdiction of S.D.N.Y. to resolve disputes" in *this* action, Objections at 15–16, ADMIS is not a party to the Vision Action and did not consent to litigating a motion to vacate or motion to confirm in that jurisdiction. Further, because ADMIS is not a party to the Vision Action, Plaintiffs' conception of "fundamental fairness" would require ADMIS to move to intervene in that case in

14

order to defend its interests in the Award. The Court does not find that this would be an orderly or fair process of litigating this matter. Plaintiffs need only have filed their motions to vacate in this case (and not withdrawn them) to properly serve ADMIS.[11] Fairness does not require that ADMIS intervene in a different forum on account of Plaintiffs' failure to file their motions in the proper case.

### 3. ADMIS's Motion to Confirm Is Not a Compulsory Counterclaim in the Vision Action

ADMIS's motion to confirm is not a compulsory counterclaim in the Vision Action. Rule 13(a) requires that a pleading "state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). While Plaintiffs correctly cite *InterCarbon* for the proposition that courts generally consider petitions to confirm an arbitration award to be "compulsory under Rule 13(a)" "in response to a petition to vacate the award," *Matter of Arb. between InterCarbon Bermuda, Ltd. and Caltex Trading and Transport Corp.*, 146 F.R.D. 64, 70 (S.D.N.Y. 1993), Plaintiffs miss a crucial distinction. In *InterCarbon*, the party cross-moving to confirm the award was a party to the proceeding regarding vacatur of the award, *id.* at 66, whereas here, ADMIS is not a party to the Vision Action.[12] ADMIS is therefore not an "opposing party" in the context of Plaintiffs' motions to vacate in the Vision Action, and Rule 13(a) does not apply to ADMIS's motion to confirm the award in this action.

---

[11] Plaintiffs now seem to argue that (1) Judge Shea considered that the motion to vacate was filed in this Court, and (2) the R&R is "self-contradictory" for both acknowledging Plaintiffs' improperly filed motion and rejecting service. Objections at 18 n.17. The Court disagrees on both points. Plaintiffs filed motions to vacate in multiple courts, to which Judge Shea responded by staying the Vision Action. That does not mean that Judge Shea judged that this Court must hear the motions to vacate pending on his docket. Plaintiffs had already withdrawn their motions to vacate in this case as "incorrectly filed," Dkt. No. 280, apparently unbeknownst to Judge Shea. As a result, the R&R correctly noticed that Plaintiffs filed motions to vacate in this case and then withdrew those motions, which does not constitute proper service of motions in a different case in a different court.

[12] While Plaintiffs assert that "[t]he only reason ADMIS did not file their motion to confirm in Connecticut is because they did not want to waive their jurisdictional defense," Objections at 12, another likely reason is that ADMIS is not a party to the Connecticut action.

15

Plaintiffs also object that the R&R failed to consider fairness and efficiency as demanded in Fed. R. Civ. P. 1. However, Judge Aaron indeed noted that there would be "clear benefits to judicial economy" if the arbitration award was not adjudicated in multiple forums. R&R at 12 n.9. But, a court may "confirm and/or vacate the award, either in whole or in part," *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006), and Plaintiffs' choices to litigate this case in multiple courts have necessitated that the courts engage in a piecemeal approach to adjudicating the Award.

### D. The R&R Correctly Found that Ms. Kumaran Was Not a Party to the Award

Plaintiffs' final objection concerns the R&R's statement that Ms. Kumaran "was not a party to the Award." R&R at 3. It seems apparent that what Judge Aaron was referring to, as he stated in a footnote to that very sentence, was that "[t]he only claimant in the NFA arbitration was NRCM, and NRCM is the only claimant listed in the award." *Id.* at 3 n.5. The R&R does not state, as Plaintiffs suggest, that Ms. Kumaran was not "individually named" in the Award. Objections at 24.

The Court fails to fully understand Plaintiffs' objection here. ADMIS's motion to confirm requests that the Court confirm the Award "in all respects," which would include the denial of ADMIS's "request to hold Samantha Kumaran individually liable." Dkt. No. 304. Therefore, the portions of the Award that are favorable to her individually will also be confirmed.[13]

Plaintiffs also seek "relief that ADMIS is also enjoined from pursuing any res judicata against Kumaran individually." Objections at 25. Issues of *res judicata* and the scope of the Award are not before the Court at this time, so the Court does not reach any conclusions regarding those issues.

### V.   CONCLUSION

For the foregoing reasons, the Court adopts the R&R in full. ADMIS's motion to confirm

---

[13] To the extent that Ms. Kumaran is arguing that she should be allowed to respond to ADMIS's motion even though she is not a party to the arbitration—an argument made by ADMIS in its Response—she should know that the Court considered her briefing, even though it yet again failed to conform to the District's format requirements and this Court's page limits. *See* Local Civil Rule 11.1; Individual Rule 3(H).

16

the arbitration award is GRANTED; Plaintiffs' cross-motion to stay the case is DENIED. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 304, 311.

    SO ORDERED.

Dated: January 17, 2025
       New York, New York

                                              GREGORY H. WOODS
                                           United States District Judge