```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 4/1/2025
------------------------------------------------------------- X
                                                              :
SAMANTHA SIVA KUMARAN, et al.,                                :
                                                              :
                              Plaintiffs,                     :      1: 20-cv-3873-GHW
                                                              :
                    -v -                                      :    MEMORANDUM OPINION &
                                                              :            ORDER
ADM INVESTOR SERVICES, INC.,                                  :
                                                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On January 31, 2025, Plaintiff Samantha Siva Kumaran filed a motion for reconsideration (the "Motion") of the Court's January 17, 2025 order (the "Order"), which adopted Judge Aaron's report and recommendation (the "R&R") issued on October 24, 2024, and thereby confirmed an arbitration award as to Defendant ADM Investor Services, Inc. ("ADMIS"). Dkt. No. 330 (Order); Dkt. No. 322 (R&R); Dkt. No. 335 (Motion). Counsel for Plaintiff Nefertiti Risk Capital Management, LLC ("NRCM") filed a letter attempting to join Ms. Kumaran's motion for reconsideration the following day. Dkt. No. 336. Defendant filed a response in opposition to the motion on February 14, 2025. Dkt. No. 342. Ms. Kumaran filed a reply on February 21, 2025. Dkt. No. 344. Counsel for NRCM again attempted to join in part Ms. Kumaran's reply brief. Dkt. No. 343. The Court has reviewed the materials submitted and has determined that there is no basis for the Court to reconsider its previous decision.

I. **LEGAL STANDARD**

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "*concisely* the matters or controlling decisions which counsel believes the Court has overlooked." Local Rule 6.3 (emphasis added). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK),

2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II.     DISCUSSION

The Court assumes the parties' familiarity with the facts and procedural history of this case. *See* Order at 1–5.[1]  On June 20, 2024, ADMIS filed a motion to confirm an arbitration award against NRCM (the "Award").  Dkt. No. 304.  On July 5, 2024, Plaintiffs filed a cross-motion to stay this action pending a decision by the Second Circuit on an appeal in this action and by the District of Connecticut in two related actions.  Dkt. No. 311.  Judge Aaron issued the R&R on October 24, 2024.  Dkt. No. 322.  The R&R recommended that the Court confirm the arbitration award as to ADMIS and deny Plaintiffs' motion to stay the action.  The Court adopted the R&R in its entirety and confirmed the Award.  Dkt. No. 330.

Plaintiffs request that the Court reconsider adopting the R&R for a number of reasons outlined in the Motion.  Because Plaintiffs have offered no facts or law that the Court overlooked, the Court declines to reconsider the Opinion.

### A.  It Is Unclear Whether NRCM's Motion Was Properly Filed

The Court first briefly addresses counsel for NRCM's attempt to join Ms. Kumaran's Motion.  Counsel for NRCM filed a letter seeking to "join[] the motion for reconsideration . . . filed today by Co-Plaintiff Kumaran . . . incorporat[ing] all arguments therein as timely filed."  Dkt. No. 336.  It is unclear whether NRCM successfully "joined" Ms. Kumaran's motion.  To be clear, this is not to say that counsel for NRCM did not timely file the letter; the Court did indeed extend the deadline for NRCM to file a motion for reconsideration *nunc pro tunc* to the date counsel filed the letter.  Dkt. No. 340.  However, in order for the timely filed letter to be an acceptable motion, it must comply with the federal and local rules.

Local Civil Rule 7.1 requires that a motion for reconsideration—except "as otherwise directed by the court"—"must include . . . [a] notice of motion, . . . which must specify the

---

[1] Unless otherwise indicated, the Court in this order uses the defined terms from the Opinion.

applicable rules or statutes pursuant to which the motion is brought, . . . [and] [a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion." Further, Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

Even if the Court were to accept NRCM's letter as a notice of motion, it is unclear whether counsel for NRCM, in purporting to "join" NRCM to Ms. Kumaran's memorandum of law, was in effect affixing his signature to Ms. Kumaran's filing. Because counsel for NRCM has personally signed joint filings with Ms. Kumaran in the past, the Court understands that in this instance, he has chosen not to sign a document written by a *pro se* litigant without his own independent analysis. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."). The Court likewise understands that in choosing not to sign, he is not "certify[ying] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the submission is proper and nonfrivolous. Fed. R. Civ. P. 11. If the Court's understanding is incorrect, counsel for NRCM is welcome to file a letter certifying that his filing at Dkt. No. 336 constituted a signature to Ms. Kumaran's submissions, subject to Rule 11.

For the sake of clarity, the Court emphasizes that it still considered in full Ms. Kumaran's Motion as a *pro se* filing, filed only on her own behalf.

### B. Ms. Kumaran's Motion Does Not Comply with Local Rule 6.3

The Motion does not comply with Local Civil Rule 6.3 or Local Civil Rule 7.1. Local Civil Rule 6.3, entitled "Motions for Reconsideration," provides that if a motion for reconsideration is "prepared with a computer, briefs in support of and in response to a motion may not exceed 3,500 words, and reply briefs may not exceed 1,750 words." The purpose of these limitations it to "limit[]

4

the scope of a motion for reconsideration." Local Civil Rule 6.3, 2024 Committee Note. Ms. Kumaran's Motion—not including the caption, table of contents, table of authorities, or signature block—is well over 10,500 words, three times longer than the acceptable word limit. And Ms. Kumaran's reply brief, Dkt. No. 344, is nearly 5,000 words.[2]

To date, the Court has shown Ms. Kumaran a significant degree of solicitude as a *pro se* party. The Court has noted that her briefs—the Motion included—often do not comply with the spacing and margin requirements of Local Civil Rule 7.1, which has allowed her to submit briefs that are in effect longer than those which her adversary may submit. *See* Dkt. No. 330 at 16 n.13; *Kumaran v. National Futures Ass'n*, No. 1:20-cv-03668 (GHW) (SDA), Dkt. No. 226. The Court has nonetheless, in its discretion, considered her arguments in full in the past. While she is proceeding *pro se*, Ms. Kumaran is still bound to comply with the rules of the Court. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (stating that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law").

The Court has significant "discretion" to enforce the local rules by "strik[ing] the overlength pages of the brief," *P&G Auditors and Consultants, LLC v. Mega Intl. Com. Bank Co., Ltd.*, No. 18-cv-9232 (JPO), 2019 WL 4805862, at *4 (S.D.N.Y. Sept. 30, 2019), or by ordering Ms. Kumaran to "resubmit her [brief] in compliance with a reasonable page limitation," *Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 9 (2d Cir. 2019). The Court, in its discretion, is again considering Ms. Kumaran's submissions in full in this instance, but the Court does not expect to condone further violations of these rules.

---

[2] The Court notes that on this one issue of confirming the Award, which is supposed to be a "summary proceeding," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006), Ms. Kumaran has now submitted 109 pages of memoranda—not including exhibits attached thereto—to Judge Aaron and this Court, all of which the Court has reviewed and given due consideration. The Court also notes that Ms. Kumaran filed a reply to ADMIS's response to her objections without leave of Court, in violation of the Court's Individual Rules. Dkt. No. 328; *see* Individual Rule 3(H) ("Objections to Rulings by Magistrate Judges. . . . Reply briefs may not be filed without prior leave of Court."). Yet, in light of the solicitude to which Ms. Kumaran is entitled as a *pro se* party, the Court considered the arguments raised in Ms. Kumaran's reply brief in full in the Opinion.

5

### C. Ms. Kumaran Has Failed to Provide Facts or Law That the Court Overlooked

Ms. Kumaran raises a number of arguments that she believes the Court should reconsider. The Court takes up each of these in turn and finds that none satisfy the high standard for reconsideration under Local Rule 6.3.

First, the Court will not reconsider Ms. Kumaran's arguments that the "Commodities Exchange Act 7 U.S.C. § 25(b) and § 25(c) prohibits this Arbitration in its entirety since the NFA, its compliance officers and Kadlec (also on the Board of the NFA, and the president of ADMIS) are all parties to the same fraud and RICO scheme." Motion at 1. Neither will the Court consider Ms. Kumaran's arguments that she was deprived of an impartial arbitration. *Id.* at 1, 12, 21. These arguments were raised before Judge Aaron and before this Court, and these arguments were rejected. Opinion at 9–10. Ms. Kumaran has not provided case law or facts overlooked by the Court, and the Court will not "relitigate an already decided issue." *Padilla*, 636 F. Supp. 2d at 258–59.

Second, the decision by the Court not to wait until the motions to vacate in the Vision Action be heard is not "manifestly unjust." Motion at 1. As described at length in the Opinion, Judge Shea stayed the Vision Action, even after Plaintiffs alerted Judge Shea that the motions to vacate filed in this action were withdrawn, so those motions were not being heard. Opinion at 11 n.9. Further, the Court articulated that "even if Judge Shea did decide the vacatur motions, ADMIS is not a party to that action, so this Court would be left in the same place it is now: deciding whether to confirm the Award as to ADMIS when there are no timely motions to vacate before it." Opinion at 13. Thus, deciding the motion to confirm when this Court did was not manifestly unjust.

Third, Ms. Kumaran cites no law in support of her position that a pending motion to transfer or to consolidate stays a litigant's obligation to litigate her cases in both venues. Motion at

6

2–3, 8–10. Likewise, Ms. Kumaran cites no law in support of her position that she was "not allow[ed]" to file duplicative motions in the two actions because her motion to transfer was pending. Motion at 8–10.[3] Similarly, Ms. Kumaran also provides no case law in support of the proposition that she was not required to file motions to vacate in both actions. Motion at 13–14. While her motion in the Connecticut Action was a motion to vacate the award "in its entirety," Motion at 14, the issue, as explained in the Opinion, is that ADMIS was not a party to that action and therefore was not present to defend its rights and interests against the motion. Therefore, this Court will not preclude ADMIS from enforcing its rights in this action, where the Court does have jurisdiction over ADMIS, simply because of Ms. Kumaran's preference to litigate the issue in a different court, particularly given that the other court does not have jurisdiction over ADMIS.

Fourth, Ms. Kumaran provides no controlling law that supports the view that ADMIS was properly served with the motions to vacate in the Connecticut case. Ms. Kumaran is incorrect that the Opinion "in effect concedes that the vacatur motions [] were in fact timely filed and served." Motion at 3. The Opinion clearly explains that the motions were not properly served. Opinion at 13–14. While "notice of service via ECF . . . has long been accepted practice" in this District, Motion at 4, the issue is not that ADMIS was served via ECF. The issue is that ADMIS was served via ECF in a completely different case, in a different district than the case in which the motions to vacate were filed. Opinion at 13–14. And, contrary to Ms. Kumaran's assertions, this issue was not a "technical defect"; the Court is not concerned with the fact that Plaintiffs filed the "notices" as motions rather than as notices. Motion at 10. The issue is that the notices filed on this docket do not constitute proper service of a motion to vacate in a completely different action in a different

---

[3] She only cites cases setting out the standard for transfer and consolidation. To the extent Ms. Kumaran attempts to relitigate the propriety of the Court's May 13, 2024 decision to deny transfer of this case to the District of Connecticut, that is not a proper basis for reconsideration of the motion to confirm the arbitration award. *See Padilla*, 636 F. Supp. 2d at 258–59.

venue, one in which ADMIS is not a party. *See* Opinion at 13–14. Ms. Kumaran has not provided any facts or law that the Court overlooked which should counsel reconsideration of the Court's decision that this was not proper service.

Ms. Kumaran repeatedly cites "fundamental fairness," arguing that actual and constructive notice was given to ADMIS. *See, e.g.*, Motion at 11, 15–16. However, in asserting that the Court misquoted 9 U.S.C. § 12, *see* Motion at 13, Ms. Kumaran ignores that 9 U.S.C. § 12 requires more than just "notice." The very next sentence of 9 U.S.C. § 12 sets out the requirements for service. *See* 9 U.S.C. § 12 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also Matter of Lauritzen Kosan Tankers*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995) ("The phrase 'in like manner as other process of the court' included in the FAA refers to Rule 4 of the Federal Rules of Civil Procedure." (quoting 9 U.S.C. § 9)). As both the R&R and the Opinion set out, Plaintiffs did not meet these requirements of service. And the cases that Ms. Kumaran cites for the proposition that "fundamental fairness" warrants treating the ECF notices as proper service are inapplicable here. *See* Motion at 11, 16. These cases hold that "[i]mperfect service of process in an arbitration case may not be fatal where jurisdiction over the arbitration is clear and where notice is sufficient to apprise the opposing party of the action being taken." *Matter of Arb. between InterCarbon Bermuda, Ltd. and Caltex Trading and Transport Corp.*, 146 F.R.D. 64, 71 (S.D.N.Y. 1993). Here, ADMIS is not a party to the Vision Action; ADMIS has not consented to jurisdiction in the Connecticut case; and this Court already determined that the Connecticut court does not have personal jurisdiction over ADMIS, *see* Dkt. No. 302.[4] Therefore, regardless of whether the notice was sufficient to apprise ADMIS of the motions to vacate in the

---

[4] Ms. Kumaran repeatedly references a Stamford, CT state action to which ADMIS allegedly moved to confirm the Award, but ADMIS is not a party to that action either. Docket No. FST-CV24-6064775-S; *see also* Dkt. No. 3:24-cv-00641 (MPS) (D. Conn.).

8

Vision Action, *InterCarbon*, *Merrill Lynch*, and *Lauritzen* are inapposite because it is not clear that the Connecticut court has jurisdiction over ADMIS. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842, 845 (2d Cir. 1977).

Fifth, the Court did not overlook or misapply *InterCarbon*. Ms. Kumaran is incorrect that the respondent in *InterCarbon* was "required to make a special appearance" to file compulsory counterclaims. Motion at 8. The respondent in *InterCarbon* chose to make a special appearance to challenge jurisdiction; and the *InterCarbon* court had to address whether the respondent waived this jurisdictional defense because it *also* filed compulsory counterclaims. *InterCarbon*, 146 F.R.D. at 68–69. In any event, the Court was correct that the respondent in *InterCarbon* was already a named party to the action when it appeared to file its compulsory confirmation motion. *Id.* at 66. As the Court outlined in the Opinion, ADMIS is not a party to the Vision Action, so Rule 13(a) does not apply to ADMIS's motion to confirm. Opinion at 15. And Ms. Kumaran's request that this Court force ADMIS to make a special appearance in the Vision Action seems to reflect a misunderstanding of what a "special appearance" is. *See* Motion at 8. A special appearance allows a party to appear in an action to which the party has been named to contest jurisdiction without waiver, *InterCarbon*, 146 F.R.D. at 68; it is not a procedural vehicle to require a non-party to an action to appear and litigate an issue.

Sixth, Ms. Kumaran provides no justification for reconsidering the analysis of the first-filed rule. Ms. Kumaran admits that she already raised her arguments in her objections to the R&R. *See* Motion at 5 ("Here the [Opinion] makes two errors related to the First-Filed Rule (both of which Plaintiffs objected to)."). Ms. Kumaran first relitigates the conclusion that the first-filed rule does not apply to this case. Even if Ms. Kumaran were correct that the motions in the Vision Action and this action "embrac[e] the same issue"—which does not justify reconsideration because the Court analyzed this issue in the Opinion at 11 n.8—the Court *still* need not reconsider its decision because

9

the Court held that *this action* was the first filed and therefore that this Court would be the one to decide the pending motions first. Ms. Kumaran also raises again her argument that the Vision Action was the first filed, but she provides no law and no new facts in support of her contention that the Vision Action was first filed because the docket number is lower. Motion at 6.

Because this action is the first filed, the very case cited by Ms. Kumaran provides that the remedy therefore would be to enjoin the Vision Action. *See Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974) ("Where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, *the first court has jurisdiction to enjoin the prosecution of the second action*." (emphasis added)); *see* R&R at 14 n.12 ("[G]iven that this is the first-filed action, the only remedy available to this Court would be to enjoin the prosecution of the Vision Action."). But that is not what Plaintiffs asked this Court to do. Plaintiffs moved for this Court to stay this action, *see* Dkt. No. 311, which is not the proper remedy when this action is the first filed. And, as both the R&R and the Opinion noted, it would make no sense for this Court to enjoin the Vision Action when the only motions before this Court were to stay these proceedings and to confirm the Award. *See* Opinion at 12 n.10. Ms. Kumaran has not provided any law in support of her contention that the "options" that Plaintiffs provided this Court in their Objections at 21–22 and that Ms. Kumaran reiterates in the Motion at 7 are appropriate remedies in this circumstance.[5]

Seventh, Ms. Kumaran takes issue with the way this Court quoted Judge Shea's order, but the Court did not misquote or misinterpret Judge Shea's order. Ms. Kumaran argues that Judge Shea did in fact apply the first-filed rule, Motion at 17–18, but Ms. Kumaran does not take into account that the Court held that even if Judge Shea did apply the first-filed rule, then he determined

---

[5] This is why, contrary to Ms. Kumaran's objection, the Court stated that "[a]ll that is before the Court is a pending motion to confirm the Award, not a motion to transfer, a motion to consolidate, nor a motion to order ADMIS to make a special appearance in Connecticut to litigate this issue." Opinion at 12 n.10. The Court was aware that Ms. Kumaran requested a stay, but she has provided no case law in support of her view that the Court should have instead sent the action to Connecticut after the Court already denied Plaintiffs' motion to transfer. *See* Dkt. No. 302.

that this case was the first filed. And therefore, this Court was correct to address the confirmation motion first. *See* Opinion at 11 ("Judge Shea's order staying the Vision Action did not purport to apply the first-filed rule. . . . And in any event, that would only bolster the R&R's conclusion that this Court should address the motion to confirm the Award first."). And Ms. Kumaran is incorrect that if the first-filed rule applies, Judge Shea's order cannot be read to apply to the motion to confirm, which was filed after Judge Shea's order. Motion at 17–19. The first-filed rule applies to cases, not motions. *Congregation Shearith Israel v. Congregation Jeshuat Israel*, 983 F. Supp. 2d 420, 422 (S.D.N.Y. 2014) ("The court before which the first-filed action was brought determines which forum will hear the case."). Thus, whether or not Judge Shea's order mentioned ADMIS's motion to confirm is irrelevant because neither the order nor the first-filed rule would prevent this Court from addressing ADMIS's motion. The Court did not, as Ms. Kumaran claims, "circumvent the pecking-order." Motion at 19.[6]

Eighth, Ms. Kumaran invokes Fed. R. Civ. P. 1, arguing that it is not "*fair* administration of justice . . . to allow one-sided motions." Motion at 22 (emphasis in original). However, the judgment of whether it is fair for the Court to consider a motion to confirm without an opposing motion to vacate was not made by the Court. It was made by Congress when it passed the FAA and limited the time to serve a motion to vacate an award to "three months after the award is filed or delivered." 9 U.S.C. § 12. And the Second Circuit reiterated that "failure to move to vacate the award within the three month time provided precludes [one] from later seeking that relief when a motion is made to confirm the award." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984).

---

[6] The Court notes, as it did in the Opinion at 11 n.9, that Judge Shea may have been incorrect that there were pending motions to vacate in this action because those motions were withdrawn before Judge Shea issued his stay order. But Plaintiffs presented that fact to Judge Shea, and Judge Shea refused to lift the stay. *Kumaran*, No. 3:22-cv-1653 (MPS) (D. Conn.), Dkt. Nos. 302, 303. Therefore, it is not this Court that is not "allow[ing] [Judge Shea] to reopen the case." Motion at 19.

Rule 1 does not permit the Court to disregard the statute. Nor is it "inherently unfair," Motion at 22, to apply the statute simply because it does not favor the position of a single litigant.

Ms. Kumaran's remaining arguments again relitigate issues presented to this Court without any new facts or controlling law overlooked by the Court. These arguments include: that the Court did not properly apply Fed. R. Civ. P. 19, Motion at 20; that the pending appeal precludes confirming the Award, Motion at 21, 23; that the Court ignored fairness and judicial efficiency by not consolidating the case, Motion at 22–24; that the Court ignored the motions to vacate, Motion at 23. Ms. Kumaran simply disagrees with the Court's ruling on these issues, but the Court addressed these very same facts and legal arguments in the Opinion, so the extraordinary remedy of reconsideration is not appropriate. *Padilla*, 636 F. Supp. 2d at 258–59. The Court sees no justification for altering its judgments on these issues in the Opinion.

### III.   CONCLUSION

For the foregoing reasons, Ms. Kumaran's motion for reconsideration of the Court's January 17, 2025 order is DENIED. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 335, 336.

SO ORDERED.

Dated: April 1, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge