USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                :
SAMANTHA SIVA KUMARAN, *et al.*,      :
                                                :
                               Plaintiffs,     :          1:20-cv-3873-GHW
                                                :
                            -v-                       :           <u>ORDER</u>
                                                :
ADM INVESTOR SERVICES, INC.,         :
                                                :
                                Defendant.    :
                                                :
------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

      On May 21, 2025, Judge Aaron held a conference on the record in this matter, during which conference he ordered that Plaintiff Kumaran may file an amended pleading no later than June 20, 2025. *See* Dkt. No. 375 at 14. During the May 21, 2025 conference, Judge Aaron referenced his order dated May 1, 2025, Dkt. No. 365, in which he denied a stay of the action with respect to Ms. Kumaran's claims. *See* Dkt. No. 375 at 8. Ms. Kumaran did not file objections to the May 1, 2025 order. During the May 21, 2025 conference, Judge Aaron went on to deny Ms. Kumaran leave to file a motion to stay this action. *See* Dkt. No. 375 at 8. On June 4, 2025, Ms. Kumaran nonetheless filed a motion to stay, addressed to the Court. Dkt. No. 369. The Court denied this motion as improperly filed on June 5, 2025. Dkt. No. 370. Ms. Kumaran then filed another motion to stay on June 6, 2025. Dkt. No. 371. On June 4, 2025, Ms. Kumaran also filed objections to Judge Aaron's May 21, 2025 order denying her leave to file a motion to stay. Dkt. No. 368. This Court overruled those objections on June 19, 2025. Dkt. No. 379.

      On June 10, 2025, Ms. Kumaran filed a letter motion for an extension of time to file an amended complaint. Dkt. No. 372. On June 13, 2025, Judge Aaron issued an order granting the

motion in part; Judge Aaron granted Ms. Kumaran an extension of time to file an amended complaint with respect to her individual claims against Defendant.  Dkt. No. 377.  Judge Aaron ordered that Ms. Kumaran file her amended complaint no later than July 7, 2025.  *Id.*  On June 27, 2025, Ms. Kumaran filed objections to Judge Aaron's June 13, 2025 order, pursuant to Fed. R. Civ. P. 72(a).  Dkt. No. 382.  Ms. Kumaran filed a number of objections to Judge Aaron's recitation of the relevant procedural history, *id.* at 1–4, and ultimately objects to the decision to set a new deadline of July 7, 2025 for filing an amended pleading, *id.* at 6–10.

When a party files objections to a non-dispositive order of the magistrate judge, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  The Court reviews Judge Aaron's June 13, 2025 order for clear error or a decision contrary to law, and the Court finds none.

This case has proceeded for over five years.  Over five years into the action, Ms. Kumaran has been given over a month and a half to file an amended pleading.  The Court is unconvinced by Ms. Kumaran's objection that after five years of litigation, it is impossible for her to file an amended pleading stating her claim against the lone defendant in that amount of time.  It is Ms. Kumaran's choice to use that time to file multiple motions addressed to Judge Aaron, lengthy briefs in support, and multiple sets of objections addressed to this Court, including objections to individual sentences in the "Background" sections of Judge Aaron's orders.  Judge Aaron's decision to set a deadline of July 7, 2025—after granting a 17-day extension—for filing an amended complaint is not contrary to law.

Ms. Kumaran's objections at Dkt. No. 382 are overruled. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: June 28, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge