UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samantha Siva Kumaran and Nefertiti Risk Capital Management, LLC, <br><br>          **Plaintiffs,**<br><br>-against-<br><br>ADM Investor Services, Inc.,<br>          **Defendant.** | 1:20-cv-03873 (GHW) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

  Before the Court is an Amended Motion by *pro se* Plaintiff Kumaran to stay district court proceedings. (Pl.'s 6/6/25 Am. Mot. to Stay, ECF No. 371.) In its May 1, 2025 Order (5/1/25 Order, ECF No. 365, at 1-2), and during the telephone conference held on May 21, 2025 (5/21/25 Tr., ECF No. 375, at 8), the Court already articulated its reasons for declining to stay this action. In an Order, dated May 21, 2025, the Court set a deadline for Plaintiff Kumaran to file any amended pleading with respect to her individual claims, and incorporated "the reasons stated on the record" at the May 21 conference. (5/21/25 Order, ECF No. 368.) The Court later extended the deadline until July 7, 2025. (6/13/25 Order, ECF No. 377, at 3.) On June 19, 2025, District Judge Woods overruled Plaintiff Kumaran's objections to the Court's May 21, 2025 Order. (6/19/25 Order, ECF No. 379, at 2.) In an Order, dated June 28, 2025, District Judge Woods overruled Plaintiff Kumaran's objections to the Court's June 13, 2025 Order. (6/28/25 Order, ECF No. 385.)

  Plaintiff Kumaran's Amended Motion in substance seeks to have the Court reconsider its May 1, 2025 Order, to which she did not object, and rehashes arguments raised during the May 21, 2025 telephone conference. The Court adheres to its prior rulings. The only argument not covered by the May 1, 2025 Order relates to whether this action should be stayed in light of

Plaintiff Kumaran's motion to the Judicial Panel of Multidistrict Litigation ("JPML"), which she filed on or about May 19, 2025. (*See* 5/19/25 Notice, ECF No. 366). However, Plaintiff's subsequent filing of that motion does not affect the Court's refusal to enter a stay.

It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in this Circuit consider five factors in deciding whether a stay is appropriate: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.,* 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015).

The Court is aware that "[i]t is common for courts to stay an action pending a transfer decision by the JPML." *Ritchie Cap. Mgmt.*, 87 F. Supp. 3d at 471. Nonetheless, "[t]he mere pendency of a petition in the JPML does not . . . mandate a stay." *Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-CV-04100 (JSR), 2020 WL 3472448, at *2 n.2 (S.D.N.Y. June 24, 2020). The JPML's rules provide that the pendency of proceedings before the JPML "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Rules of Judicial Panel on Multidistrict Litigation Rule 2.1(d). Here, the Court finds that a stay is not warranted. The Court notes that it is often defendants that seek to stay cases pending a transfer decision by the JPML. *See, e.g., Quinn*, 2020 WL 3472448, at *1. Thus, the usual factors apply somewhat differently. The "basic goal" remains to "avoid

prejudice." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009). In the instant case, the Court finds that Defendant will be prejudiced if a stay is granted. As stated by the Court in its May 1, 2025 Order, "given the age of this case, [any individual] claims [of Plaintiff Kumaran against Defendant] should move forward as promptly as practicable." (5/1/25 Order at 1-2.) The fact that Plaintiff Kumaran now has filed a motion before the JPML does not change the Court's conclusion. There is no prejudice to Plaintiff Kumaran beyond that imposed by Plaintiff Kumaran herself over five years ago when she chose to file three separate lawsuits. Moreover, in the unlikely event that the JPML motion is granted, Plaintiff Kumaran still will need to file a pleading setting forth any individual claims she seeks to assert against Defendant. The interest of the courts also does not warrant a stay as no judicial resources will be saved by issuing a stay.

Accordingly, Plaintiff Kumaran's Amended Motion to stay (ECF No. 371) is DENIED.[1]

**SO ORDERED.**

Dated:   New York, New York
         June 30, 2025

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] At this time, the Court declines to recommend to Judge Woods that he enter a filing injunction against Plaintiff Kumaran, as sought by Defendant. (*See* Def.'s 6/20/25 Resp., ECF No. 380, at 7-13.) However, if Plaintiff Kumaran persists in her pattern of repetitive, dubious and prolix filings, such a recommendation may be warranted.