UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/08/2025

Samantha Siva Kumaran and Nefertiti Risk
Capital Management, LLC,

                                        Plaintiffs,

        -against-

ADM Investor Services, Inc.,

                                        Defendant.

1:20-cv-03873 (GHW) (SDA)

<u>REPORT AND RECOMMENDATION
AND ORDER</u>

STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.

TO THE HONORABLE GREGORY H. WOODS, UNITED STATES DISTRICT JUDGE:

On July 18, 2025, this Court ordered Plaintiff Kumaran to show cause why the Court should not recommend that her individual claims against ADM Investor Services, Inc. ("ADMIS") be dismissed with prejudice. (7/18/25 Order to Show Cause ("OTSC"), ECF No. ECF No. 389.) Having considered Plaintiff Kumaran's response to the OTSC, as well as ADMIS's response thereto, the Court respectfully recommends that, if Plaintiff Kumaran does not file her amended pleading against ADMIS by August 22, 2025, her individual claims against ADMIS be dismissed with prejudice. In addition, it is hereby ORDERED that Plaintiff Kumaran shall reimburse ADMIS for the reasonable attorneys' fees incurred in connection with Plaintiff Kumaran's failure to comply with the Court-imposed deadline to file her amended pleading.

<u>BACKGROUND</u>

On May 18, 2020, Plaintiffs Samantha Siva Kumaran ("Plaintiff Kumaran") and Nefertiti Risk Capital Management, LLC ("NRCM") (collectively, "Plaintiffs") brought this action against ADMIS asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

18 U.S.C. § 1961, *et seq*., the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*., and various state laws. (Am. Compl., ECF No. 15; *see also* 2/10/21 Order, ECF No. 36.)

## NRCM's Claims Against ADMIS

By Opinion and Order, dated June 7, 2021, NRCM's claims were stayed pending an arbitration proceeding that had been commenced by NRCM against ADMIS before the National Futures Association ("NFA"). (6/7/21 Op. & Order, ECF No. 63, at 2-4, 17.) On February 18, 2022, Plaintiffs' objections to the June 7, 2021 Opinion and Order were overruled.[1] (2/18/22 Order, ECF No. 90; *see also* 2/18/22 Tr., ECF No. 97.)

On November 15, 2023, a three-arbitrator panel of the NFA issued an arbitration award denying all of NRCM's arbitration claims against ADMIS. (Award, ECF No. 304-1.) On October 24, 2024, this Court recommended that ADMIS's motion to confirm the arbitration award be granted. (10/24/24 R&R, ECF No. 322, at 15.) On January 17, 2025, District Judge Woods adopted the recommendation. (1/17/25 Order, ECF No. 330.) On April 1, 2025, Judge Woods denied Plaintiffs' motion to reconsider his January 17, 2025 Order. (4/1/25 Order, ECF No. 352.) On April 3, 2025, NRCM filed notices of appeal to the Second Circuit of the January 17, 2025 and April 1, 2025 Orders. (4/3/25 Nots. of Appeal, ECF Nos. 358, 361.) As a result, NRCM's claims against ADMIS are stayed pending appeal. (*See* 5/1/25 Order, ECF No. 365.)

---

[1] On April 10, 2022, Plaintiff Kumaran's motion for reconsideration and clarification of the Court's February 18, 2022 Order was denied. (4/1/22 Order, ECF No. 109.) On May 4, 2022, Plaintiffs filed a motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). (Pls.' 5/4/22 Mot., ECF No. 119.) On June 9, 2022, Plaintiffs' motion was denied without prejudice to filing a renewed motion for certification of an interlocutory appeal by June 16, 2022. (6/9/22 Order, ECF No. 159, at 2.) On April 28, 2023, another motion for reconsideration regarding the June 7, 2021 Opinion and Order was denied, with the Court noting in a footnote that no renewed motion for certification had been filed. (4/28/23 Order, ECF No. 201, at 34 n.20, 42.)

**Plaintiff Kumaran's Individual Claims Against ADMIS**

With respect to any individual claims that Plaintiff Kumaran had against ADMIS, the Court's June 7, 2021 Order stated that "it [was] not clear that Kumaran, individually, ha[d] stated a claim against ADMIS" and that the Court "d[id] not consider at [that] time whether any plausible claims ha[d] been pled by Kumaran, individually." (6/7/21 Order at 10 n.9.) The Order further stated that, "given the significant factual overlap between any claims Kumaran may have as an individual and NRCM's claims against ADMIS, the Court, in its discretion [would] stay any such claims pending the outcome of the arbitration between NRCM and ADMIS." (*Id*. at 10.)

Following this Court's confirmation of the arbitration award in favor of ADMIS, the Court's May 1, 2025 Order (discussed above in which the Court acknowledged the stay of this action with respect to NRCM's claims) stated the following with respect to Plaintiff Kumaran's individual claims:

> [T]o the extent Ms. Kumaran seeks a stay with respect to her individual claims [against Defendant ADMIS], any such request is DENIED. Any claims by Ms. Kumaran in her individual capacity are not involved in the [pending Second Circuit] appeal. The Court agrees with Defendant that, given the age of this case, those claims should move forward as promptly as practicable. . . .

(5/1/25 Order, ECF No. 365, at 1-2.) The May 1, 2025 Order directed Plaintiff Kumaran and ADMIS to appear for a telephone conference on May 21, 2025 to discuss the status of this action with respect to Plaintiff Kumaran's claims individually. (*Id*. at 2.) Plaintiff Kumaran did not file objections to the May 1, 2025 Order.

Following the May 21, 2025 telephone conference, the Court entered an Order providing that "Plaintiff Kumaran shall file any amended pleading with respect to her individual claims no later than June 20, 2025." (5/21/25 Order, ECF No. 367; *see also* 5/21/25 Tr., ECF No. 375). On

3

June 4, 2025, Plaintiff Kumaran filed objections to the Court's May 21, 2025 Order. (6/4/25 Objs., ECF No. 368.) On June 6, 2025, Plaintiff Kumaran filed an amended motion to stay[2] arguing, among other things, that this action should be stayed pending a decision on her application to the Judicial Panel on Multidistrict Litigation ("JPML"). (Am. Mot. to Stay, ECF No. 371.) On June 10, 2025, Plaintiff Kumaran filed a Letter Motion seeking, *inter alia*, an extension of time to file her amended pleading. (Letter Mot., ECF No. 372.) On June 13, 2025, this Court entered an Order granting in part Plaintiff Kumaran's Letter Motion and extending the deadline for Plaintiff Kumaran to file her amended pleading until July 7, 2025. (6/13/25 Order, ECF No. 377.) On June 19, 2025, Judge Woods overruled Plaintiff Kumaran's objections to the May 21, 2025 Order. (6/19/25 Order, ECF No. 379.) On June 27, 2025, Plaintiff Kumaran filed objections to this Court's June 13, 2025 Order, which Judge Woods overruled on June 28, 2025. (6/27/25 Objs., ECF No. 382; 6/28/25 Order, ECF No. 385.) In doing so, Judge Woods stated, in part:

> This case has proceeded for over five years. Over five years into the action, Ms. Kumaran has been given over a month and a half to file an amended pleading. The Court is unconvinced by Ms. Kumaran's objection that after five years of litigation, it is impossible for her to file an amended pleading stating her claim against the lone defendant in that amount of time.

(6/28/25 Order at 2.)

On June 30, 2025, this Court denied Plaintiff Kumaran's amended motion to stay. (6/30/25 Order, ECF No. 386.) On July 7, 2025, Plaintiff Kumaran filed a notice of appeal from Judge Woods's June 28, 2025 Order, but did not seek a stay pending appeal. (7/7/25 Not. of Appeal,

---

[2] Plaintiff Kumaran earlier had filed a motion to stay addressed to District Judge Woods that was denied without prejudice. (*See* 6/5/25 Order, ECF No. 370.)

ECF No. 388.) The same day, Plaintiff Kumaran also filed a motion for recusal directed both to this Court and to Judge Woods. (Mot. for Recusal, ECF No. 387.)

On July 18, 2025, this Court entered its Order requiring Plaintiff Kumaran to show cause why her claims against ADMIS should not be dismissed with prejudice for failure to timely file her amended pleading. (*See* 7/18/25 OTSC.) On July 21, 2025, Plaintiff Kumaran filed a Letter Motion seeking a continuance and clarification of the Court's July 18, 2025 Order. (7/21/25 Letter Mot., ECF No. 390.) The Court denied Plaintiff Kumaran's Letter Motion the same day. (7/22/25 Order, ECF No. 392.) On July 23, 2025, the Court denied the motion for recusal directed to the undersigned and recommended that the motion for recusal directed to District Judge Woods be denied.[3] (7/23/25 R&R and Order, ECF No. 393.)

Plaintiff Kumaran timely filed her response to the OTSC on July 25, 2025 and ADMIS filed its response thereto on August 1, 2025. (Kumaran OTSC Resp., ECF No. 394; ADMIS OTSC Resp., ECF No. 395.) On August 5, 2025, Plaintiff Kumaran filed objections to the Court's July 22, 2025 Order denying her request for an extension of time. (8/5/25 Objs., ECF No. 396.) Judge Woods overruled those objections on August 7, 2025. (8/7/25 Order, ECF No. 398.)

## LEGAL STANDARDS

"It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives." *Murphy v. Washburn*, No. 17-CV-06339 (FPG), 2024 WL 1605955, at *1 (W.D.N.Y. Apr. 12, 2024) (quoting *Roach v. T.L. Cannon Corp.*, No. 10-CV-00591 (DEP), 2012 WL 2178924, at *3 (N.D.N.Y. May 15,

---

[3] On August 6, 2025, Plaintiff Kumaran filed objections with respect to her recusal motion (Pl.'s 8/6/25 Objections, ECF No. 397), which remain *sub judice*.

2012)). Although "*pro se* litigant[s], should be 'granted special leniency regarding procedural matters,' . . . [they] nevertheless '[have] an obligation to comply with court orders.'" *Id*. (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F. 3d 206, 209 (2d Cir. 2001); *Milhouse v. City of New York*, No. 22-CV-02934 (JPC) (BCM), 2023 WL 5487921, at *3 (S.D.N.Y. Aug. 1, 2023)).

Under Federal Rule of Civil Procedure 16(f), a court may, on its own motion, "issue any just orders" if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f)(1)(C) incorporates the sanctions available under Rule 37(b)(2)(A)(ii)-(vii), which include "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(iv). "The Second Circuit has identified several factors that 'may be useful in evaluating a district court's exercise of discretion' to dismiss an action under Rule 37: '(1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Norman v. Tod's S.p.A.*, No. 18-CV-00875 (GHW), 2018 WL 2744791, at *3 (S.D.N.Y. June 7, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009)).

In addition, "Rule 41(b) grants the court discretion to dismiss a case if a plaintiff fails to prosecute or fails to comply with a court order." *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), 2021 WL 3159759, at *4 (S.D.N.Y. July 23, 2021), *report and recommendation adopted*, 2021 WL 3721349 (S.D.N.Y. Aug. 20, 2021) (citing Fed. R. Civ. P. 41(b)). A court considering a Rule 41(b) dismissal must weigh five factors, none of which is dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the

> plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge
> has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). "However, 'a district court is not required to discuss each of the factors on the record.'" *Estevez v. Shamus & Peabody, LLC*, No. 21-CV-08999 (GHW), 2022 WL 1289347, at *1 (S.D.N.Y. Apr. 29, 2022) (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)). "The central purpose of Rule 41(b) is to impose a duty of due diligence on plaintiffs and to allow Courts to adjudicate cases in a prompt and orderly manner." *Shukla*, 2021 WL 3159759, at *4 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). "Although dismissal is 'a harsh remedy to be utilized only in extreme situations,' . . . 'the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Estevez*, 2022 WL 1289347, at *1 (citing *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972); *Lyell Theatre Corp.*, 682 F.2d at 42). "The sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal.'" *Walters v. City of New York*, No. 21-CV-02880 (GHW), 2022 WL 4031425, at *2 (S.D.N.Y. Sept. 2, 2022) (quoting *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49 (2d Cir. 1994)).

## DISCUSSION

I.    **Plaintiff Kumaran's Arguments In Response To The Order To Show Cause**

Plaintiff Kumaran's argues that her individual claims should not be dismissed for failure to comply with the Court-ordered deadline to file an amended pleading because: (1) she faced seven overlapping motions in multiple districts and had only three business days to amend her complaint; (2) it was impossible for her to file an amended pleading because amending a RICO

complaint takes 90 days and the time period allowed by the Court otherwise was unreasonable or inequitable; (3) she otherwise has complied with Court deadlines and is not the primary source of delays in this action; and (4) the Court was divested of jurisdiction based on the July 7, 2025 Notice of Appeal.[4] (Kumaran OTSC Resp. at 1-6, 11-25.)

Plaintiff Kumaran's assertion that she only had three days to amend her pleading is demonstrably false. Plaintiff Kumaran argues that, because she had another deadline before the JPML on June 30, 2025 and "Jul[y] 4-6 is a National Holiday[,]" the only time for her to amend was July 1 to 3, 2025. (Kumaran OTSC Resp. at 2 n.3.) Not so. Plaintiff Kumaran had 47 days between May 21, 2025, the date the Court first entered an Order requiring her to file an amended pleading, and the extended deadline of July 7, 2025. (*See* 6/28/25 Order at 2 ("Over five years into the action, Ms. Kumaran has been given over a month and a half to file an amended pleading.").)

Moreover, Plaintiff Kumaran was aware that deadlines in other cases did not excuse her from complying with the Court's Order to file her amended pleading by the July 7, 2025 deadline. Plaintiff Kumaran raised the issue of other deadlines during the May 21, 2025 telephone conference, in her motion for an extension of time and in her amended motion to stay. Having considered Plaintiff Kumaran's arguments, this Court denied Plaintiff Kumaran's amended motion to stay and Judge Woods overruled Plaintiff Kumaran's objections to the Court's June 13, 2025 Order granting in part and denying in part her request for an extension of time to file an

---

[4] The Court need not address Plaintiff Kumaran's arguments directed at the OTSC or in further support of her motion to recuse. (*See* Kumaran OTSC Resp. at 6-10.) As noted above, the Court denied the motion to recuse directed to the undersigned on July 23, 2025 and, on August 7, 2025, Judge Woods overruled Plaintiff Kumaran's objections to the Court's July 22, 2025 Order denying Plaintiff Kumaran's request for clarification and an extension of time to respond to the OTSC. (*See* 7/23/25 R&R and Order; 8/7/25 Order.)

amended pleading. Nonetheless, Plaintiff Kumaran failed to comply and continues to make the same arguments in response to the OTSC. Plaintiff Kumaran's related "hierarchy of courts" argument lacks any basis in law. None of the cases she cites stand for the proposition that Plaintiff Kumaran was permitted to ignore this Court's deadline, despite clear Orders rejecting her argument based on competing deadlines, in order to "prioritize the deadlines of the higher courts[.]" (Kumaran OTSC Resp. at 10-11.)

Plaintiff Kumaran also argues that compliance with the Court's Order to file her amended pleading by July 7, 2025 was impossible because it takes 90 days to amend a RICO pleading and that Court's Order was unreasonable and inhumane. (Kumaran OTSC Resp. at 1, 3, 19-21.) This argument again is evidence of Plaintiff Kumaran's unwillingness to accept Court Orders with which she disagrees. There is not a set number of days to which a plaintiff is entitled to amend a particular pleading. The Court granted Plaintiff Kumaran 47 days to amend her pleading and she is not entitled to ignore that deadline because she disagrees with it.

Plaintiff Kumaran's argument that it was impossible for her to file an amended pleading by the July 7, 2025 deadline rings hollow for other reasons. First, between May 21, 2025 and July 7, 2025, Plaintiff Kumaran made numerous other filings in this action, including objections to the Court's May 21, 2025 Order (ECF No. 368), motions to stay (ECF Nos. 369, 371), a Letter Motion for clarification and an extension of time (ECF No. 372), a Notice of Intent to file a reply in support of her Letter Motion (ECF No. 374), objections to the Court's June 13, 2025 Order granting in part and denying in part her motion for an extension of time (ECF No. 382), a reply memorandum in support of her amended motion to stay (ECF No. 383), a motion for recusal (ECF No. 387) and a Notice of Appeal (ECF No. 388).

Second, Plaintiff Kumaran's statements to this Court and to the JPML belie her assertion that filing an amended complaint would be onerous. During the May 21, 2025 telephone conference, in explaining her desire to file an amended complaint in this action, Plaintiff Kumaran stated that there had been a more substantive amended complaint filed in the related action against the Vision Defendants,[5] "which correctly reflects the claims that [she] would have against ADMIS, including several other new claims[.]" (5/21/25 Tr. at 6.) In her motion before the JPML, Plaintiff Kumaran states that she has a "fully itemized complaint in the Vision Action" that "should become the governing master complaint for all actions," and "includes the background of facts for all Defendants in each of the actions." (JPML Mem., ECF No. 366, at 2; *see also id.* at 2 n.1 (noting that Vision complaint covers the defendants in all three actions).) Thus, Plaintiff Kumaran's protestations that she requires more time to amend, and her related argument that the Court was unreasonable in denying her a further extension of the deadline, do not establish good cause for her failure to comply with the Court's Order.[6]

Plaintiff Kumaran also argues that the Court wrongfully found that she failed to provide an explanation for her failure to amend. (Kumaran OTSC Resp. at 6.) Plaintiff Kumaran points to her filings at ECF Nos. 368, 369, 371, 374, 380, 382 and 383 as explaining "the impracticability of amending a 100+ page complaint during a period of overlapping and simultaneous deadlines

---

[5] The related action that was filed against the Vision Defendants was filed in this Court at 20-CV-03871, and later was transferred to the District of Connecticut. (*See* 12/6/22 Order, 20-CV-03871 ECF No. 246.)

[6] As Defendant points out (*see* ADMIS OTSC Resp. at 2-3), Plaintiff Kumaran's response to the OTSC is riddled with incorrect citations and citations to cases that do not appear to exist. For example, Plaintiff cites *In re PaineWebber Ltd. Partnerships Litig.*, 147 F.R.D. 104, 108 (S.D.N.Y. 1993), for the proposition: "Absent a showing of prejudice, bad faith, or repeated failure to comply, courts in this District generally grant extensions when timely requested." (Kumaran OTSC Resp. at 4.) Although a case with this name exists, it has a different citation and does not include the language quoted by Plaintiff Kumaran. Nor does any other case that the Court can locate contain the quoted sentence.

across multiple courts and proceedings." (*Id.*) However, the Court rejected Kumaran's arguments set forth in those papers and Ordered her to file an amended pleading by July 7, 2025. In light of the Court's Orders, Plaintiff Kumaran was not at liberty to ignore the Court's deadline or make her own determination that she need not comply. Plaintiff Kumaran's continued reliance on the same arguments that the Court has rejected multiple times is yet more evidence of her refusal to accept Court Orders that she deems unfavorable.

Plaintiff Kumaran further argues that dismissal is not warranted because she missed only a single deadline, otherwise complied with Court Orders and is not the primary reason for the lengthy delays in this case. (Kumaran OTSC Rep. at 12-19.) The Court never has held that Plaintiff Kumaran is the primary source of delay in this action. The Court merely has reiterated that this case has been pending for five years and it is in Plaintiff Kumaran's interest to move forward with her individual claims as expeditiously as possible. Further, even if Plaintiff Kumaran is correct that there only is one deadline she has failed to comply with, and putting aside Plaintiff Kumaran's extensive requests for extensions of time and repeated motions for reconsideration,[7] the issue remains her willful noncompliance with Court Orders imposing the July 7, 2025 deadline to file an amended pleading and her unwillingness, after now more than 75 days since the Court first set such deadline, to accept the Court's ruling with respect to her arguments and to move forward with her individual claims in this action and before this Court.

---

[7] It is Plaintiff Kumaran's entire pattern of conduct during the course of the litigation that is significant. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 n.3 (2d Cir. 2020) (plaintiff's pattern of conduct during entire litigation, including eleven requests for extension of time, provided alternate ground for district court's decision dismissing action under Rule 41(b)) (citing *Lyell Theatre Corp.*, 682 F.2d at 42-43 (failure to prosecute under Rule 41(b) "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics" such as "repeated requests for continuances or persistent late filings of court ordered papers")).

Plaintiff Kumaran further argues that Judge Woods's certification, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from his June 28, 2025 Order would not be taken in good faith, and denying IFP status for purposes of the appeal (*see* 6/28/25 Order at 3), was a final Order that indicated that she could not continue with her case. (Kumaran OTSC Resp. at 22-23.) Plaintiff Kumaran also states that "since Judge Woods had already adopted the Magistrate Judge's threat of Rule 41(b) dismissal, if Plaintiff did not comply, this was a final appealable order." (*Id.* at 22.) As a result, Plaintiff argues that her July 7, 2025 appeal from the June 28, 2025 Order divested the Court of jurisdiction. (*Id.* at 24-25.) The Court does not find plausible Plaintiff Kumaran's suggestion that she understood Judge Woods's certification that any appeal would not be in good faith, coupled with this Court's warning that failure to comply with Court Orders may result in a recommendation to Judge Woods that her case be dismissed for failure to prosecute, to be tantamount to a final Order such that "no further action was permitted."[8] (Kumaran OTSC Resp. at 25.) In any event, even if that were the case, Plaintiff Kumaran was disabused of that notion by the OTSC itself, as well as the Court's July 22, 2025 Order denying her motion for an extension of time in which she had raised this exact argument. (*See* OTSC at 1-13; 7/21/25 Letter Mot. at 1; 7/22/25 Order at 3 (finding that good cause had not been shown for any further delay and denying Letter Motion).) Nonetheless, Plaintiff still has not filed an amended pleading and instead repeats the same arguments that the Court already has rejected, again evidencing her refusal to accept an Order that she deems unfavorable.

---

[8] The Court notes that Plaintiff Kumaran herself previously had filed a motion for certification of an interlocutory appeal (*see* footnote 1, *supra*), evincing her familiarity with the distinction between interlocutory orders and final orders.

## II.    **Analysis Of Factors Under Rule 37 and Rule 41(b)**

Having considered the responses of Plaintiff Kumaran and ADMIS to the OTSC, the Court

finds that some of the factors under Rule 37 and/or Rule 41(b) weigh in favor of dismissal. First,

nothing in Plaintiff Kumaran's response to the OTSC changes the Court's assessment that her

failure to comply with the Court-ordered deadline was willful. *See Barbera v. Grailed LLC*, No. 24-

CV-03535 (LJL), 2025 WL 2098635, at *13 (S.D.N.Y. July 25, 2025) ("A party's conduct will be

deemed willful where the contravened orders were clear, the party being sanctioned understood

the orders, and the non-compliance was within the party's control."); *cf. Rouse v. Farmers State

Bank of Jewell, Iowa*, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994) ("A magistrate judge's scheduling

order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded [ ]

without peril."). Plaintiff Kumaran's arguments show that she chose to make other filings and

prioritize other deadlines rather than comply with the Court's Order. (*See* ADMIS OTSC Resp. at

6-8.) Plaintiff Kumaran also has been warned of the consequences of noncompliance. (*See*

6/13/25 Order.)

However, other factors are less definitive. For example, although the Court finds that

ADMIS likely is to be prejudiced by further delay with respect to Plaintiff Kumaran's individual

claims, because this action will continue with respect to claims by Plaintiff NRCM, the Court finds

that this factor does not weigh as strongly in favor of dismissal. Moreover, although the Court

has a strong interest in managing its docket, the Court is cognizant of the strong preference for

resolution of claims on the merits. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[W]e

have expressed a strong "preference for resolving disputes on the merits.") (citation omitted). In

addition, the duration of noncompliance has been moderate. *Cf. Icon Int'l, Inc. v. Elevation Health*

13

*LLC*, 347 F.R.D. 274, 289 (S.D.N.Y. 2024) (noncompliance for approximately four months warranted harshest of sanctions, including dismissal) (citing cases).

The Court also has considered the efficacy of lesser sanctions. The Court is concerned that any sanction short of dismissal will signal to Plaintiff Kumaran that she can ignore Court deadlines with relative impunity. *See Seabrook v. City of New York*, 236 F.R.D. 123, 128 (E.D.N.Y. 2006) ("[T]here is a strong policy need for courts to enforce sanctions against parties who, having had proper notice and opportunity to comply with the rules and with the court's orders, nonetheless fail to do so."). In that regard, the Court acknowledges ADMIS's argument that, "[u]nless the Court dismisses her case with prejudice, Ms. Kumaran will have obtained a de facto extension despite the Court's repeated denials of motions to stay and for extensions." (ADMIS OTSC Resp. at 12.) Moreover, the Court finds that it should not be forced to wait around until such time that Plaintiff Kumaran determines it is reasonable or convenient for her to file her amended pleading. *See McLean v. City Of New York*, No. 04-CV-08353 (SAS), 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007) ("court should not have to beg the parties before it to litigate the cases they initiate"). Thus, it is questionable whether there is any "alternative sanction that has any likelihood of overcoming the plaintiff's obstinacy." *See Wang v. New York City Health & Hosps. Corp.*, No. 13-CV-03236 (LGS), 2016 WL 7428395, at *2 (S.D.N.Y. Dec. 23, 2016). Nonetheless, the Court is mindful of the Second Circuit's guidance that "dismissal remains 'a harsh remedy to be utilized only in extreme situations.'" *LeSane*, 239 F.3d at 209 (quoting *Theilmann*, 455 F.2d at 855).

Having considered the relevant factors, the Court, in its discretion, finds that a conditional dismissal, which gives Plaintiff Kumaran one final opportunity to comply with the Court's Order, is appropriate. Accordingly, the Court recommends that, if Plaintiff does not file her amended

pleading by August 22, 2025, her individual claims against ADMIS be dismissed with prejudice. *See City Cap. NY v. Chaldean Enter., LLC*, No. 22-CV-06302 (EAW), 2024 WL 3163414, at *4 (W.D.N.Y. June 24, 2024) (directing that if certain action not taken within 14 days, action would be dismissed without further warning and citing cases); *see also Demark v. Powell*, No. 13-CV-07843 (TPG), 2017 WL 4277170, at *2 (S.D.N.Y. Sept. 25, 2017) ("Although the factors weigh in favor of dismissal, because plaintiff is proceeding pro se and because dismissal is an exceedingly extreme sanction . . . the court finds that granting a conditional dismissal is most appropriate." (citation omitted)).

In addition, the Court finds that Rule 16(f) sanctions are appropriate regardless of whether Plaintiff Kumaran files an amended pleading. S*ee Kaufman v. Travelers Cas. Ins. Co. of Am.*, No. 23-CV-09906 (JHR), 2025 WL 1002739, at *5 (S.D.N.Y. Mar. 31, 2025) ("The fact that a pretrial order was violated is sufficient to allow some sanction.") (citing *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018)). In determining what sanctions are proper, "repayment of costs serves as a baseline." *Id.* at *6 (citing Fed. R. Civ. P. 16(f)(2)). Pursuant to Rule 16(f)(2), "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). For the reasons discussed above, the Court finds that Plaintiff Kumaran's noncompliance was not substantially justified. Nor does the Court find that an award of expenses would be unjust. Thus, Plaintiff Kumaran shall reimburse ADMIS for the reasonable attorneys' fees it incurred in connection with her failure to comply with the Court-imposed deadline to file her amended pleading. *See*

*Kaufman*, 2025 WL 1002739, at *6 (monetary sanction equal to reasonable attorney's fees incurred by Defendant was appropriate under Rule 16(f)).

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that, if Plaintiff Kumaran does not file her amended pleading against ADMIS by August 22, 2025, her individual claims against ADMIS be dismissed with prejudice. In addition, it is hereby ORDERED that Plaintiff Kumaran shall reimburse ADMIS for the reasonable attorneys' fees it incurred in connection with Plaintiff Kumaran's failure to comply with the Court-imposed deadline to file her amended pleading.

No later than August 29, 2025, ADMIS shall submit a declaration (supported by contemporaneous billing records and attorney biographical information) setting forth the hours billed in connection with Plaintiff Kumaran's failure to comply with the Court-imposed deadline to file her amended pleading. Plaintiff Kumaran may file any response no later than September 12, 2025.

Dated:      New York, New York
            August 8, 2025

_____
STEWART D. AARON
United States Magistrate Judge

*          *          *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d). A party may respond to another party's objections within fourteen days after being served with a copy.

16

Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Woods.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).